**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS,<br><br>    Plaintiff,<br><br>  v.<br><br>DONALD J. TRUMP,<br><br>    Defendant. | CIVIL ACTION NO. 18-cv-03842-JMF |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT DONALD J. TRUMP'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a) OR, IN THE ALTERNATIVE, TO DISMISS OR STAY PURSUANT TO THE "FIRST-FILED" RULE**

       **HARDER LLP**
       Charles J. Harder
       Anthony J. Harwood
       260 Madison Avenue, 16th Floor
       New York, New York 10016
       (212) 799-1400

       *Attorneys for Defendant Donald J. Trump*

Defendant Donald J. Trump ("Mr. Trump") respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence ("Rule 201"), that the Court take judicial notice of the contents of the following documents attached to the concurrently filed Declaration of Charles J. Harder in Support of Mr. Trump's Motion to Transfer or, in the Alternative, to Dismiss or Stay this Action, which were filed in *Stephanie Clifford v. Donald J. Trump et al.*, Central District of California Case No. 2:18-cv-02217-SJO-FFM (the "First California Action") or *Clifford v. Davidson et al.*, Central District of California Case No. Case No. 2:18-cv-05052-SJO-FFM (the "Second California Action"):

(1) **Exhibit A:** The Order Granting Defendants' *Ex Parte* Application to Stay Case, issued by the Honorable S. James Otero on April 27, 2018, in the First California Action;

(2) **Exhibit C:** The First Amended Complaint, filed by plaintiff Stephanie Clifford ("Plaintiff") on March 26, 2018, in the First California Action;

(3) **Exhibit D:** The Motion to Compel Arbitration (the "Arbitration Motion"), filed by defendant Essential Consultants, LLC on April 2, 2018, in the First California Action;

(4) **Exhibit E:** The Joinder in the Arbitration Motion, filed by Mr. Trump on April 2, 2018, in the First California Action;

(5) **Exhibit F:** The Motion to Strike Plaintiff's claim for defamation under California Code of Civil Procedure § 425.16 (the "Anti-SLAPP Motion"), filed by defendant Michael Cohen ("Mr. Cohen") on April 9, 2018, in the First California Action;

(6) **Exhibit H:** The Declaration of Michael Cohen in Support of the Anti-SLAPP Motion, filed by Mr. Cohen on April 9, 2018, in the First California Action;

(7) **Exhibit W:** The Order Denying Plaintiff's Motion for Reconsideration of the Stay Order, issued by the Honorable S. James Otero on June 19, 2018, in the First California Action;

(8)  **Exhibit X:** The Complaint, filed by Plaintiff on June 6, 2018, in the Second California Action;

(9)  **Exhibit Y:** The Notice of Related Case, filed by Mr. Cohen on June 7, 2018, in the Second California Action; and

(10) **Exhibit Z:** The Order Re Transfer Pursuant to General Order 16-05 (Related Cases), entered by the Honorable S. James Otero on June 15, 2018, in the Second California Action.

Under Rule 201, "[t]he court may judicially notice a fact that is not subject to a reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Fed. R. Evid.* 201(b). When facts 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned,' courts 'must take judicial notice if a party requests it and the court is supplied with the necessary information.'" *Vasquez v. City of New York*, 2012 WL 4377774, at *2 (S.D.N.Y. Sept. 24, 2012) (quoting Fed. R. Evid. 201(b)-(c)).

"New York law is clear that a court may take judicial notice of a document filed in another court 'not for the truth of the matter asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *City of Amsterdam v. Daniel Goldreyer, Ltd.*, 882 F. Supp. 1273, 1278–79 (E.D.N.Y. 1995) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992); *see also Guzman v. United States*, 2013 WL 543343, at *3 (S.D.N.Y. Feb. 14, 2013) ("It is common and entirely proper for courts to take judicial notice of other court proceedings."); *Missere v. Gross*, 826 F. Supp. 2d 542, 553 (S.D.N.Y. 2011) ("The Court may also take judicial notice of all documents in the public record[.]"); *Volpe v. Am. Language Commc'n Ctr., Inc., 200* F. Supp. 3d 428, 431 (S.D.N.Y. 2016), aff'd, 692 F. App'x 51 (2d Cir. 2017) ("Courts routinely take judicial notice of documents retrieved from official government websites."). Additionally, "docket sheets are public records of which the court could take judicial notice[.]" *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

Dated:  July 23, 2018                               **HARDER LLP**

                                                                         Respectfully submitted,

By: */s/ Charles Harder*
Charles J. Harder, Esq.
charder@harderllp.com
Anthony Harwood, Esq.
aharwood@harderllp.com
260 Madison Avenue, 16th Floor
New York, New York 10016
(212) 799-1400

*Counsel for Defendant Donald J. Trump*

4