HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:   (310) 546-7400
Facsimile:   (310) 546-7401
Email:       CHarder@HarderLLP.com
             RStonerock@HarderLLP.com

Attorneys for Defendant
DONALD J. TRUMP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | Case No. 2:18-cv-06893-SJO-FFM<br><br>**REPLY IN SUPPORT OF SPECIAL MOTION OF DEFENDANT DONALD J. TRUMP TO DISMISS/STRIKE COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE OR, ALTERNATIVELY, TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>**Date:        September 24, 2018**<br>**Time:        2:00 p.m.**<br>**Location: 350 West 1st Street**<br>**            Courtroom 10C, 10th Floor**<br>**            Los Angeles, CA 90012**<br><br>Action Filed:  April 30, 2018 |

{00094260;1}

## I.   __INTRODUCTION__

Plaintiff Stephanie Clifford ("Plaintiff") seeks to gain an advantage over Defendant Donald J. Trump ("Defendant") in another lawsuit by filing in this case what is obviously a SLAPP suit.  She contends that a tweet that her own lawyer called a "gift from the heavens," in which Defendant suggests that a claim she made about being threatened seven years earlier was not credible, is somehow actionable and has destroyed her reputation.  The motion should be granted for any and all of the following reasons:

1.      The timing provisions of anti-SLAPP statutes do not apply in federal court pursuant to controlling Ninth Circuit law.  Even if timing provisions did apply, judicial discretion is permitted and good cause exists here to excuse any time limit issues because Plaintiff originally filed this action in the wrong jurisdiction—New York—a state that had nothing to do with the facts of this case, and Defendant's anti-SLAPP motion was filed shortly after the case was transferred to this District.

2.      Texas law governs the instant motion.

3.      The motion alleges defects in the pleadings and legal deficiencies in Plaintiff's claims, and thus may be resolved prior to discovery.

4.      Read in context, the comment within the tweet at issue (the "Comment") states an opinion regarding the veracity of Plaintiff's claim that she was threatened. The controlling case law rejects Plaintiff's overly-literal reading of the Comment.

5.      Plaintiff is required to plead special damages; she has not done so in the Complaint and her declaration submitted with her Opposition shows that she has no factual basis to allege that her security costs were caused by the Comment.

This is exactly the sort of lawsuit that anti-SLAPP laws were intended to deter.

## II.   __THE MOTION WAS TIMELY FILED__

The Ninth Circuit has held that while the substantive provisions of anti-SLAPP statutes apply in U.S. District Courts, the time limitations do not.  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (holding that the 60-day time

1  limitation in Cal. Code Civ. Proc. § 425.16(f), which is identical to the Texas

2  provision, **does not apply** in federal court). This aspect of *Wornick* controls this case

3  and forecloses Plaintiff's argument.

4     Independently, the Texas statute states that the 60-day time period can be

5  excused upon a showing of good cause. *See Schimmel v. McGregor*, 438 S.W.3d 847,

6  856 (Tex. App. 2014) (upholding trial court's finding of good cause to excuse the time

7  limitation). Here, Plaintiff filed her action in New York, a jurisdiction with no

8  relationship to the case. On July 23, 2018, Defendant moved to transfer the case to

9  this District. On August 8, 2018, Plaintiff stipulated to the transfer, and once the case

10 was transferred here, Defendant timely filed an anti-SLAPP motion. Moreover, in an

11 e-mail, Plaintiff's counsel stated Plaintiff's position that Defendant has 21 days from

12 the date of the transfer to respond to the Complaint. The instant motion was filed

13 within that time period. Under these circumstances, good cause exists to excuse any

14 60-day time limitation (if it applied, which it does not), because Defendant did not

15 delay, acted promptly after transferring the case to an appropriate court, and filed the

16 motion within the time-frame stated by Plaintiff.[1]

17 **III. TEXAS SUBSTANTIVE LAW GOVERNS THIS ACTION**

18    As set forth in the moving papers, New York conflicts principles govern this

19 action. Plaintiff does not to dispute this point, which is controlled by Ninth Circuit

20 precedent. *Sarver v. Chartier*, 813 F.3d 891, 897 (9th Cir. 2016). Plaintiff fails to

21 cite any New York conflicts cases that hold that a statement by a Washington D.C.

22 resident that allegedly defames a Texas resident is governed by New York law.

23 Rather, New York conflicts principles are clear that the law of the state of the

24 _____

25 [1] Nor did Defendant violate Local Rule 7-3. Defendant conducted a meet-and-confer

26 discussion on August 20, 2018. [Harder Decl., ¶ 21.] The fact that the discussion
   continued beyond that date does not require a delay in filing a motion; otherwise, a

27 party wishing to avoid a motion could simply string out the meet-and-confer process

28 with additional calls and meetings, with no end.

1  plaintiff's residence applies to a defamation claim.  *Locke v. Aston*, 814 N.Y.S.2d 38,

2  42 (N.Y.A.D. 2006); *Sondik v. Kimmel*, 16 N.Y.S.3d 296, 298 (N.Y.A.D. 2015).

3        The cases cited by Plaintiff are not to the contrary.  *Condit v. Dunne*, 317

4  F.Supp.2d 344, 353 (S.D.N.Y. 2004), applies New York conflicts rules to hold that

5  the law of the state of the Plaintiff's residence applies to a defamation claim.  Each of

6  the other cases cited by Plaintiff applies California conflicts rules, which do not apply.

7  **IV.    <u>PLAINTIFF IS NOT ENTITLED TO DISCOVERY</u>**

8        While some anti-SLAPP motions are effectively summary judgment motions

9  and may not be heard until after discovery, this is not such a motion.  The issue of

10  whether the Comment is a non-actionable opinion is a **matter of law**.  *Musser v.*

11  *Smith Protective Services*, 723 S.W.2d 653, 655 (Tex. 1987) (holding that whether

12  statement would be given a defamatory meaning by a reasonable reader is a question

13  of law decided by the court).  Similarly, special damages are a pleading requirement

14  under Texas law.  *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 689 (Tex.

15  App. 2013) (holding that both "allegation and proof" of special damages are required

16  to recover).  Thus, neither the issue of defamatory meaning, nor the issue of special

17  damages, requires discovery before it can be resolved.

18  **V.    <u>THE COMMENT IS A PROTECTED OPINION</u>**

19        Contrary to Plaintiff's contentions, the Comment communicates opinions rather

20  than false statements of fact.  Plaintiff claims the Comment includes two false

21  statements of fact: (#1) that Plaintiff is lying when she says she was threatened, and

22  (#2) that Plaintiff is a "confidence man."  [Opposition, p. 13.]   Plaintiff is wrong.

23        In *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 157 (Tex. 2004), the Texas

24  Supreme Court held that the test is whether "a person who exercises care and

25  prudence, but not omniscience, when evaluating allegedly defamatory

26  communications" would read the statement as making a factual claim.

27        Statement #1 cannot be reasonably read as making a factual statement.  On its

28  face, the Comment contains no suggestion that Defendant was an eyewitness to the

alleged event in Las Vegas, nor does it otherwise imply any personal knowledge by Defendant.  The only reasonable construction of the Comment is that it contains a statement of opinion – namely, Defendant's calling into question the veracity of Plaintiff's assertion that the incident occurred.  *See Dallas Morning News, Inc. v. Tatum*, 2018 WL 2182625 (Tex. 2018).

Plaintiff argues that because she and Defendant are parties to a different lawsuit, any opinion Defendant expresses about her credibility on any subject should be viewed as relating to that other dispute, and is therefore actionable.  Under the standard advanced by Plaintiff, any litigant who says that his or her opponent is not credible could be sued for defamation, even with respect to a matter unrelated or tangentially related to the litigation.  That is not the law, nor can it be.  Every citizen involved in a public dispute has the right to comment on the credibility of the person on the other side.

For the same reasons, Statement #2 also is an opinion.  The Comment did not call Plaintiff a "confidence man," as the Opposition argues.  It states, "total con job"— a reference to Plaintiff's claim of being threatened.  It is simply a more colorful, hyperbolic recitation of the same opinion: that Plaintiff's claim of an alleged threat is not credible.

Plaintiff argues that the Comment is not an opinion because it does not use words like "I think" or "I feel."  However, numerous cases hold categorical, yet hyperbolic, statements to be protected opinions.  *Greenbelt Cooperative Publishing Ass'n v. Bresler*, 398 U.S. 6, 13 (1970) (accusation of "blackmail" to describe a negotiating position, without qualifiers, held not actionable); *National Ass'n of Letter Carriers v. Austin*, 418 U.S. 264, 283 (1974) (use of the word "scabs," without qualifiers, held not actionable); *Rehak Creative Services, Inc. v. Witt*, 404 S.W.3d 716, 729 (Tex. App. 2013) (use of the words "ripping off" and "bilking," without qualifiers, held not actionable).

## VI.   PLAINTIFF HAS FAILED TO PLEAD SPECIAL DAMAGES

1    Plaintiff argues that she need not plead special damages because Defendant

2  accused her of a crime.  Defendant did no such thing, and Plaintiff fails to identify

3  any criminal statute that bars a person from publicly falsely accusing another (other

4  than to the police) of threatening him or her.  The governing Nevada statute does not

5  apply so long as no report was made to law enforcement.  Nev. Rev. Stat. § 287.280.

6  Plaintiff admittedly did not report the alleged threat to law enforcement.

7    Plaintiff also does not and cannot plead special damages.  Plaintiff admits that

8  she was **already incurring** the security costs she claims as damages due to her earlier

9  disputes with Defendant.  [Clifford Decl., ¶ 5] ("I have had to **continue to retain** the

10  services of professional bodyguards and other protective services to ensure my

11  personal safety.") (emphasis added).  Plaintiff's declaration does not state that her

12  security bill increased shortly after the Comment—thus, it appears she has abandoned

13  her claim in the Complaint that her security increased as a result of the Comment.

14    The Complaint and Plaintiff's declaration do not plausibly allege special

15  damages.  *Cunningham v. Blue Cross Blue Shield*, 2008 WL 467399 at *5 (Tex. App.

16  2008) (plaintiff must allege and prove that defendant's conduct was a substantial

17  factor in causing damages); *Southern Electrical Services, Inc. v. City of Houston*, 355

18  S.W.3d 319, 324 (Tex. App. 2011) (damages are speculative and non-recoverable

19  where no evidence of connection between defendant's conduct and damages);

20  *Westech Engineering, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 205

21  (Tex. App. 1992) (damages not recoverable where no evidence tied damage to

22  defendant's conduct); *In re Eastman*, 419 B.R. 711, 734-35 (W.D. Tex. 2009) ("[T]o

23  recover special damages, a plaintiff must show that the damages were reasonably

24  foreseen by both parties."); *Pedreira v. Kentucky Baptist Homes for Children, Inc.*,

25  579 F.3d 722, 728 (6th Cir. 2009) (affirming dismissal where plaintiff failed to plead

26  facts supporting causal relationship between defendant's action and her religion).

27  **VII.  CONCLUSION**

28    For the foregoing reasons, the motion should be granted.

1  Dated: September 10, 2018            HARDER LLP

2
                                       By:  _/s/ Charles J. Harder_
3                                            CHARLES J. HARDER
4                                          Attorneys for Defendant
                                           DONALD J. TRUMP
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28