HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
Email:     CHarder@HarderLLP.com
           RStonerock@HarderLLP.com

Attorneys for Defendant
DONALD J. TRUMP

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | Case No. 2:18-cv-06893-SJO-FFM<br><br>**DEFENDANT DONALD J. TRUMP'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF STEPHANIE CLIFFORD AND MICHAEL J. AVENATTI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO DISMISS/STRIKE COMPLAINT**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>Action Filed: April 30, 2018 |

EVIDENTIARY OBJECTIONS

1  Defendant Donald J. Trump objects to the Declaration of Stephanie Clifford
2  [Dkt. No. 30-1] and the Declaration of Michael J. Avenatti [Dkt. No. 30-2] as follows:

**Declaration of Stephanie Clifford ("Plaintiff")**

| | Citation | Objection | Ruling |
|---|---|---|---|
| 1. | **Paragraph 4:**<br><br>"Since Defendant Donald J. Trump's April 18, 2018 tweet regarding the sketch I released and my account of the threatening encounter in 2011, I have received an increase in threats and abuse, including scorn and ridicule, directed at me by certain members of the public." | Relevance, conclusory. Fed. R. Evid. 401, 402, 403. | Sustained: ____<br>Overruled: ____ |
| 2. | **Paragraph 4:**<br><br>"The threats and abuse include death threats and threats of physical violence." | Relevance, conclusory. Fed. R. Evid. 401, 402, 403. | Sustained: ____<br>Overruled: ____ |
| 3. | **Paragraph 4:**<br><br>"As a result, and among other things, I have felt emotional distress and mental anguish that has impacted my life." | Relevance, conclusory. Fed. R. Evid. 401, 402, 403. | Sustained: ____<br>Overruled: ____ |
| 4. | **Paragraph 4:**<br><br>"It is apparent to me, based on the increase in these threats, that Mr. Trump's statement has injured and harmed my reputation among certain members of the public." | Relevance, conclusory, argumentative. Fed. R. Evid. 401, 402, 403, 701. | Sustained: ____<br>Overruled: ____ |

-1-
EVIDENTIARY OBJECTIONS

| | Citation | Objection | Ruling |
|---|---|---|---|
| 5. | **Paragraph 5:**<br><br>"Because of the threats and abuse I have received following Trump's April 18, 2018 tweet, I have had to continue to retain the services of professional bodyguards and other protective services to ensure my personal safety." | Conclusory, argumentative. Fed. R. Evid. 403, 701. | Sustained: ____<br>Overruled: ____ |
| 6. | **Paragraph 5:**<br><br>"My concern over my personal safety has increased since Mr. Trump's statement as has the necessity for personal security." | Relevance, conclusory. Fed. R. Evid. 401, 402, 403. | Sustained: ____<br>Overruled: ____ |

### Declaration of Michael J. Avenatti ("Mr. Avenatti")

| | Citation | Objection | Ruling |
|---|---|---|---|
| 1. | **Paragraph 5:**<br><br>"The e-mail refers to a 'response to the complaint,' which our firm understood to mean a response to the Complaint under Rule 12 of the Federal Rules of Civil Procedure, not a motion made pursuant to Texas law or a special motion to strike pursuant to any anti-SLAPP statute. We did not have any notice until well after the Texas anti-SLAPP motion deadline expired that Mr. Trump intended to file a motion under Texas law." | Lay opinion, legal conclusion. Fed. R. Evid. 701. | Sustained: ____<br>Overruled: ____ |

| | | | | |
|---|---|---|---|---|
| 1 | 2. | **Paragraph 6:** "Ms. Clifford requires discovery so that she may respond to Mr. Trump's Motion to Strike. In particular, Plaintiff requires discovery concerning the following topics: (a) Mr. Trump's state of mind when he posted his April 18, 2018 tweet that is the subject of this lawsuit, (b) Mr. Trump's admission of the affair with Plaintiff, (c) Mr. Trump's knowledge of the 2011 *In Touch* magazine interview with Plaintiff, (d) Mr. Trump's knowledge of and involvement in (if any) the threat to Plaintiff after becoming aware of the *In Touch* magazine interview, (e) who sent the man who threatened Plaintiff in Nevada in 2011, (f) Mr. Cohen's awareness, and the awareness of security personnel and staff members employed by Mr. Trump, of the foregoing and their communications with Mr. Trump to make them aware of the *In Touch* interview, and (g) any directives given by Mr. Trump to keep tabs on Plaintiff or to ensure that Plaintiff does not disclose matters relating to Plaintiff and Mr. Trump's affair. All of this information is | Argumentative, legal conclusion. Fed. R. Evid. 403, 701. | Sustained: \_\_\_\_ Overruled: \_\_\_\_ |

(Line numbers: 1–28)

-3-
EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | necessary to establish, among other things, that the statement at issue was untruthful and defamatory, that Mr. Trump had no reasonable basis to make the statement, and that he made the statement with malice. In order to obtain this information, it will be necessary for Ms. Clifford to take the deposition of Mr. Trump, the depositions of third-party witnesses, including without limitation, Michael Cohen, along with Mr. Trump's security personnel and staff members." | | |

Dated: September 10, 2018                 HARDER LLP

                                             By:  */s/ Charles J. Harder*
                                                 CHARLES J. HARDER
                                                 Attorneys for Defendant
                                                 DONALD J. TRUMP