UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>CV 18-02217 SJO (FFMx)</u>   **DATE:** <u>April 11, 2018</u>

**TITLE:**   <u>Stephanie Clifford v. Donald J. Trump et al.</u>

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                              Not Present
Courtroom Clerk                                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER RESPONDING TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR EXPEDITED JURY TRIAL** [Docket No. 32]

This matter is before the Court on Defendants Essential Consultants LLC ("EC") and Michael Cohen's ("Mr. Cohen") (collectively, "Defendants") Objection to Plaintiff's Motion for Expedited Jury Trial ("Objection"), filed  April 9, 2018.  Plaintiff Stephanie Clifford ("Ms. Clifford" or "Plaintiff") responded to the Objection ("Response") on April 10, 2018.

In their Objection, Defendants request that the Court deny Plaintiff's Motion to Expedite Jury Trial ("Motion"), filed April 8, 2018, on the basis that Plaintiff has not complied with the meet and confer requirement set forth in the Court's local rules and the Initial Standing Order in this action. (Objection 4, ECF No. 32; *see also* L.R. 7-3 [requiring the meet and confer to occur at least seven (7) days prior to the filing of a motion], Initial Standing Order ¶ 23(a), ECF No. 11.)  Plaintiff responds that the meet and confer requirement was, in fact, met.  (Response 2, ECF No. 33.) Without wading into the parties' conflicting claims, the Court notes that Defendants have been on notice of Plaintiff's position since she initially filed the Motion on March 27, 2018.  (ECF No. 16.)

Under  9 U.S.C.A. § 4, Plaintiff is entitled to demand a jury trial on the issue of the formation of an arbitration agreement on or before the due date for her opposition to a motion to compel arbitration.  (9 U.S.C.A. § 4; *see also* Order Denying Pl's Mot. for Expedited Jury Trial 2-3, ECF No. 17.)  While the Court agrees that a good faith effort to satisfy the meet and confer requirement is necessary, because the motion to compel was filed on April 2, 2018, and Plaintiff's opposition was due on April 9, 2018, strict compliance with the rule would have required the parties to meet and confer on the exact same date the motion to compel was filed.  Moreover, since the opposition date has passed, denying the motion outright would unduly prejudice Plaintiff as it would waive her right to make the demand entirely.

To cure any prejudice to Defendants, and to ensure strict application of the rules, the Court **ORDERS** the parties to meet and confer on all of the substantive issues and procedural objections relating to the parties' various filings on or before April 13, 2018.  As this is the second time in this one month old action a failure to meet and confer has been brought before the Court, every further

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority       ____
Send           ____
Enter          ____
Closed         ____
JS-5/JS-6      ____
Scan Only      ____

**CASE NO.:** CV 18-02217 SJO (FFMx)          **DATE:** April 11, 2018

motion presented to the Court must include either (1) a stipulation signed by both parties that confirms a meet and confer has occurred, or (2) a declaration from the moving party explaining the exhaustive efforts undertaken to conduct a meet and confer and the exact reasons why the parties have failed to do so.  In addition, the Court consolidates and **CONTINUES** the hearings on (1) the Motion to Compel Arbitration, filed April 2, 2018, (2) the Motion to Expedite Jury Trial, filed April 8, 2018, and (3) the Motion to Strike Plaintiff's First Amended Complaint, filed April 9, 2018, to May 14, 2018 at 2:00 p.m.  All deadlines related to the motions shall remain the same, except that the defendants in the action may have two additional days to respond to the Motion to Expedite Jury Trial.

IT IS SO ORDERED.