HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:  (310) 546-7400
Facsimile:  (310) 546-7401
Email:       CHarder@HarderLLP.com
             RStonerock@HarderLLP.com

Attorneys for Defendant
DONALD J. TRUMP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | Case No. 2:18-cv-06893-SJO-FFM<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANT DONALD J. TRUMP FOR ATTORNEYS' FEES AND MONETARY SANCTIONS**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>**Date:       November 26, 2018**<br>**Time:       10:00 a.m.**<br>**Location:  350 West 1st Street**<br>**                  Courtroom 10C, 10th Floor**<br>**                  Los Angeles, CA 90012**<br><br>Action Filed: April 30, 2018 |

REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND SANCTIONS

I. **Introduction**

The fees sought by Mr. Trump are directly attributable to Plaintiff's gamesmanship and the constant media attention drawn to this case by her and her attorney. Plaintiff's Opposition, as with virtually every position she has taken in this case, is entirely without merit. For Plaintiff to argue that Mr. Trump should only recover $25,000 in fees, and that she should only be sanctioned $1, is preposterous.

Plaintiff began this case by knowingly filing it in the wrong court (one business day after the Stay Order), despite her counsel's statement that she would file it in the already pending action in this Court involving the same parties and subject matter. Then, despite being notified **40 days** in advance, Plaintiff forced Mr. Trump to file the labor intensive Motion to Transfer (which, among other things, required Plaintiff to bring the SDNY court up to speed on the multiple actions Plaintiff filed in California), only to stipulate to the transfer one day after filing her Opposition.

Then, rather than voluntarily dismiss her frivolous defamation claim (which "troubled" this Court), Plaintiff forced Mr. Trump to file the Motion to Strike, which involved complex issues of law, including what appears to be the first application of the TCPA in a California federal court. Now, after losing her defamation claim against Mr. Trump, Plaintiff has sought to quietly dismiss her similar defamation claim against Michael Cohen, in an attempt to avoid the same fate she suffered here.

This case was far from the typical, run-of-the mill defamation case. Plaintiff's repeated gamesmanship, coupled with the intense media scrutiny from the onslaught of national television appearances by Plaintiff and her counsel, and Mr. Trump's position as President of the United States, required Mr. Trump's counsel to proceed with the utmost diligence. As a result, Mr. Trump's fees are more than reasonable. Contrary to Plaintiff's assertion, the *Real Rate Report* actually confirms that the hourly rates of Mr. Trump's attorneys are reasonable. Moreover, the case law relied upon by Plaintiff is highly distinguishable.

Plaintiff's attempt to limit the recovery of Mr. Trump's fees to those related to

his Motion to Strike contradicts the plain language of the TCPA, and the authorities cited in the moving papers. Likewise, her argument that the imposition of sanctions violates due process is absurd and not supported by any authority. Plaintiff's argument that ruling on this Motion should be delayed until her appeal is decided is contradicted by the very same authority she cites elsewhere in her Opposition.[1]

Accordingly, Plaintiff should be required to reimburse Mr. Trump's fees, in whole, and sanctioned in an amount equivalent to or in excess of those fees.

## II.   Mr. Trump's Fees are Reasonable

Plaintiff relies upon the *Real Rate Report*'s median rates for all cases in Los Angeles, and commercial litigation cases across the entire country, even though this is a defamation action in Los Angeles, filed against the President of the United States, with thousands of news stories generated by Plaintiff and her attorney's attacks in numerous television appearances.[2] [Opposition, pp. 4-5.] However, the *Real Rate Report*'s "third quartile" of hourly rates in Los Angeles is $**869.60** for partners and $**638.97** for associates, which are actually **lower** than the rates of Mr. Trump's attorneys. [ECF No. 40-1, Ex. 5, p. 3.] Courts routinely hold that where, as here, attorneys are highly experienced, work is of a high caliber and favorable results are obtained, rates equivalent to or in excess of the "third quartile" are reasonable.[3]

---

[1] *See Smith v. Payne*, 2013 WL 1615850 at *2 (N.D. Cal. 2013). It is well-settled that district courts retain authority to award attorneys' fees after an appeal is filed, and that ruling on such a request promotes judicial economy. *Id*; *see also Masalosalo by Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 957 (9th Cir. 1983).

[2] Plaintiff also misleadingly relies upon the rates for bankruptcy and collections firms with fewer than 50 attorneys. [ECF No. 40-1, Ex. 5, p. 5.]

[3] *See App. Med. Distrib. Corp. v. AH Sung Int'l, Inc.*, 2016 WL 7626488, at *4 (C.D. Cal. 2016); *Retta v. Mill. Prod., Inc.,* 2017 WL 5479637, at *12 (C.D. Cal. 2017)*; Ramirez v. Escondido Uni. Sch. Dist.,* 2014 WL 12675859, at *3 (S.D. Cal. 2014); *Luna v. Univ. City Studios*, *LLC,* 2016 WL 10646310, at *8 (C.D. Cal. 2016); *Instrumentation Lab. Co. v. Binder*, 2013 WL 12049072, at *3 (S.D. Cal. 2013).

The case law cited by Plaintiff is highly distinguishable, and did not involve similar "high stakes" litigation related to the reputation of the President or another politician, as discussed in *Fein v. Kesterson*, 2010 WL 4902281 (C.D. Cal. 2010).[4]

Plaintiff's criticism of the hours spent by Mr. Trump's counsel should also be rejected. The national spotlight on this case, and the complex procedural and substantive issues presented, required Mr. Trump's counsel to thoroughly research each issue, carefully prepare each sentence, and double and triple check each filing. Moreover, Plaintiff has repeatedly raised meritless arguments, requiring Mr. Trump's

---

[4] *See Salazar v. Midwest Servicing Grp., Inc.*, 2018 WL 4802139, at *6 (C.D. Cal. 2018) (rates for class action attorneys for Fair Debt Collection Practices Act claim); *Luna, supra,* 2016 WL 10646310, at *8 (rates for labor and employment attorneys in wage violation class action); *McGibney v. Rauhauser*, 549 S.W.3d 816, 821-826 (Tex. App. 2018) (defamation action by website operator against individual never served with complaint – excluded fees that were related to another case or incurred after nonsuit of defamation claim); *Ruder v. Jordan*, 2018 WL 672091, at *3-4 (Tex. App. 2018) (defamation claim for Zillow.com post - no segregation of fees between defamation and unrelated claims); *La'Tiejira v. Facebook, Inc.*, 2017 WL 6949295, at *2 (S.D. Tex. 2017) (defamation claim not "difficult or complex" and second motion to dismiss based on prior motion); *Klocke v. Univ. of Texas at Arlington*, 2017 WL 6767252, at *2 (N.D. Tex. 2017) (attorney previously handled similar claims - "counsel should have had a motion to dismiss essentially prepared and ready to go."); *Maughan v. Google Tech., Inc.,* 143 Cal.App.4th 1242, 1251-52 (2006) ("essentially a putative class action" - time sheets vague and did not state hours spent on anti-SLAPP motion); *Found. for Taxpayer & Consumer Rights v. Garamendi*, 132 Cal. App. 4th 1375, 1379 (2005) (fee award to plaintiff prevailing on frivolous motion in case to stop senate bill); *Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, 2014 WL 5698448, at *4 (E.D. Cal. 2014) ("non-complex" civil rights action, portion of fees not documented and outside scope of fees allowed under CA anti-SLAPP law); *AT&T Mobility LLC v. Yeager*, 2018 WL 1567819, at *4 (E.D. Cal. 2018) (CA anti-SLAPP motion of frivolous *pro se* complaint "not particularly complex"); *Crowe v. Gogineni*, 2014 WL 130488, at *1 (E.D. Cal. 2014) (CA anti-SLAPP motion on *pro se* complaint for misuse of corporate funds); *Moreau v. Daily Indep.*, 2013 WL 796621, at *2 (E.D. Cal. 2013) (unopposed CA anti-SLAPP Motion, issues "not novel."); *Smith v. Payne*, 2013 WL 1615850, at *1 (N.D. Cal. 2013) (CA anti-SLAPP motion of *pro se* complaint barred by res judicata); *Barron v. Ashland, Inc*, 2012 WL 13001044, at *4 (C.D. Cal. 2012) (ERISA action).

counsel to spend substantial time to research and address each of these issues.

For example, Plaintiff takes issue with the 69 hours spent on Mr. Trump's reply in support of his Motion to Strike. Plaintiff's argument ignores *Wynn v. Chanos*, No. 14-CV-04329 (N.D. Cal. 2015), which held that **90.9 hours** for an anti-SLAPP reply brief was reasonable. [ECF No. 39-1, Ex. D, pp. 7, 10.] A substantial portion of the time spent preparing Mr. Trump's Reply resulted from procedural arguments raised by Plaintiff for the first time two business days before the Motion to Strike was due, and in her Opposition, including the meritless arguments that New York law applies to this case, that the Motion was untimely, and that Plaintiff should be entitled to conduct a "fishing expedition" to oppose the Motion. [Supp. Harder Dec., ¶¶ 4, 8.] These meritless procedural issues required Mr. Trump's counsel to thoroughly research and brief each of them, while also addressing the key substantive issues and condensing the Reply into five pages. [*Id.* at ¶¶ 6-11.]

Then, at the hearing on the Motion to Strike, Plaintiff quickly conceded that Texas law applied, without argument. [ECF No. 34, pp. 10:22-11:8.] The Court also rejected Plaintiff's other frivolous procedural (and substantive) arguments. [*Id.*, pp. 16:20-17:1, 24:6-25:6; ECF No. 36, pp. 3-7.] If Plaintiff had spared Mr. Trump (and the Court) of her numerous meritless and sometimes absurd arguments, it would have saved Mr. Trump a substantial amount of fees. Plaintiff is now responsible for them.

### III.    An Award of All Fees Incurred to Defend This Action is Required

The TCPA broadly requires an award of the fees incurred "in defending against the legal action." As discussed in the moving papers, Texas law holds that fees incurred from the inception of the dispute through its conclusion are recoverable. [Motion, pp. 7-8.] The authorities cited by Plaintiff to the contrary are inapposite. *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008) addressed **California's** anti-SLAPP statute, which contains a different, narrower fee provision than the TCPA, stating in pertinent part: "the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion." C.C.P. § 425.16(c)(1).

*McGibney*, *supra*, 549 S.W.3d at 824 and *Ruder*, *supra*, 2018 WL 672091 at *3 do not support Plaintiff's position because those courts reduced fees incurred in connection with a separate action or a claim not subject to the TCPA.

Here, all of the fees incurred by Mr. Trump, including those for initial analysis, strategy and defense, and the Motion to Transfer, directly relate to his defense of Plaintiff's defamation claim. Despite Plaintiff's argument to the contrary, the Motion to Transfer was necessary because another action involving the same parties and subject matter was already pending in this Court. Mr. Avenatti obviously recognized this when he initially planned to bring Plaintiff's defamation claim in this Court.

### IV. Sanctions Equal to or in Excess of Mr. Trump's Fees are Warranted

Plaintiff does not even address the conduct outlined in the moving papers overwhelmingly indicating that she intends to bring further actions against Mr. Trump. [Motion, pp. 18-20.] Instead, Plaintiff argues, without merit, that the requested sanctions do not comport with due process. *Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.,* 834 F.2d 833 (9th Cir. 1987), the sole authority cited by Plaintiff, holds that a *sua sponte* imposition of sanctions, without notice and an opportunity to be heard, violates due process. There is no due process concern here, as the moving papers requested sanctions equal to or in excess of Mr. Trump's fees.

Multiple cases have held that a sanctions award equal to the amount of fees is appropriate. [Motion, pp. 19-20]; *see Landry's, Inc. v. Animal Legal Def. Fund*, 2018 WL 5075116, at *22 (Tex. App. 2018). Plaintiff's request for nominal sanctions relies upon authorities where the court found that the plaintiff did not intend to bring further actions. *See Tatum v. Hersh*, 2018 WL 1477597, at *6 (Tex. App. 2018); *Rich v. Range Res. Corp.*, 535 S.W.3d 610, 612 (Tex. App. 2017). The evidence here overwhelmingly suggests that Plaintiff has no remorse, and will continue to bring similar claims against Mr. Trump, and perhaps others, unless deterred by sanctions.

### V. Conclusion

Mr. Trump requests that the Court grant this Motion in its entirety.

| | |
|---|---|
| Dated: November 12, 2018 | HARDER LLP |
| | By: */s/ Charles J. Harder*<br>CHARLES J. HARDER<br>Attorneys for Defendant DONALD J. TRUMP |