HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:   (310) 546-7400
Facsimile:   (310) 546-7401
Email:       CHarder@HarderLLP.com
             RStonerock@HarderLLP.com

Attorneys for Defendant
DONALD J. TRUMP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS,<br><br>          Plaintiff,<br><br>     v.<br><br>DONALD J. TRUMP,<br><br>        Defendant. | Case No. 2:18-cv-06893-SJO-FFM<br><br>**SUPPLEMENTAL DECLARATION OF CHARLES J. HARDER IN SUPPORT MOTION OF DEFENDANT DONALD J. TRUMP FOR ATTORNEYS' FEES AND MONETARY SANCTIONS**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br><br>Action Filed:  April 30, 2018 |

<u>**SUPPLEMENTAL DECLARATION OF CHARLES J. HARDER**</u>

I, Charles J. Harder, declare:

1.      I am an attorney duly licensed to practice before all courts of the State of California and in the U.S. District Court for the Central District of California, among other courts.  I am a partner in the law firm Harder LLP, counsel of record for Defendant Donald J. Trump ("Mr. Trump").  I make this declaration based on my own personal knowledge and, if called and sworn as a witness, I could and would competently testify hereto.

2.      I make this supplemental declaration to provide the Court with further detail regarding the time my office spent preparing Mr. Trump's Reply in Support of his Motion to Strike/Dismiss Plaintiff's Complaint (the "Motion to Strike").

3.      On August 20, 2018, I discussed the grounds for the Motion to Strike with Mr. Ibrahim, counsel for Plaintiff.  During that call, Mr. Ibrahim did not state any of the grounds for Plaintiff's Opposition to the Motion to Strike.

4.      On August 23, 2018 at 3:00 p.m., two (2) business day before the filing deadline for the Motion to Strike, my partner, Ryan Stonerock had a further telephonic conference with Mr. Ibrahim.  During that second conference, Plaintiff's counsel stated for the first time Plaintiff's contentions that (1) New York law applied to the Motion to Strike; and (2) Plaintiff was entitled to discovery in connection with the Motion to Strike pursuant to FRCP 56.

5.      Because Plaintiff's counsel delayed raising these issues until just two (2) business days before the filing deadline, the Motion to Strike did not argue several of the issues addressed in Plaintiff's Opposition—those issues were covered in Mr. Trump's Reply brief.

6.      Mr. Trump's counsel filed the Motion to Strike on August 27, 2018, and then immediately began researching the issues belatedly raised by Plaintiff's counsel and preparing a written response for use in Mr. Trump's Reply.

7.    The statement of fees attached as **Exhibit A** to my Declaration in support of Mr. Trump's Motion for Fees [ECF 39-1, Ex. A] reflects that the attorneys in my office spent twenty-five (25) of the sixty-nine (69) hours spent preparing Mr. Trump's Reply in support of the Motion to Strike after the moving papers had been filed yet **before** Plaintiff had filed her Opposition.  A substantial portion of these twenty-five (25) hours were spent researching and briefing the issues raised by Plaintiff's counsel during the parties' second meet and confer conference on August 23, 2018—two (2) business days before the filing deadline.

8.    On September 3, 2018, Plaintiff filed her Opposition to the Motion to Strike.  Plaintiff's Opposition devoted nearly four (4) pages, and cited or discussed fifteen (15) cases, related to the issues raised by Plaintiff's counsel on August 23, as well as an additional procedural argument claiming that Mr. Trump's Motion to Strike was untimely, which Plaintiff's counsel did not previously raise with Mr. Trump's counsel.  These issues were in addition to the authority and briefing in the Opposition regarding the substantive issues related to the First Amendment, damages and malice.

9.    Once Plaintiff's Opposition was filed, Mr. Trump's counsel immediately began reviewing all of the authority cited therein and undertook additional research relating to, among other things, the issues of timeliness of the Motion to Strike, Mr. Trump's constitutionally-protected opinion, and special damages requirements.  Mr. Trump's counsel spent an additional forty-four (44) hours from the time the Opposition was filed, to conduct this further research and prepare, edit and finalize the Reply brief and evidentiary objections.  [*See* ECF 39-1, Ex. A]

10.    Because of the complexity and large number of issues raised by Plaintiff in her Opposition, the Reply required the work of multiple attorneys, working a substantial number of hours, to analyze the relevant authority and address all of Plaintiff's arguments, which were either outright rejected by the Court or quickly conceded by Plaintiff at the hearing on the Motion to Strike.  [*See* ECF No. 34, pp. 10:22-11:8, 16:20-17:1, 24:6-25:6; ECF No. 36, pp. 3-7.]  Mr. Trump's Reply cited

twelve (12) additional legal authorities that were not included in his moving papers to address the arguments raised by Plaintiff in her Opposition.

11.     Additional time also was necessary to condense the numerous issues and discussion of legal authorities in the Reply brief down to the five (5) page limit. Substantial revisions were necessary to ensure that all of the arguments raised by Plaintiff were fully addressed and presented in a clear way, while remaining within the limited space of only five (5) pages.

12.     On October 2, 2018, the Court held a hearing on the Motion to Strike.  At the hearing, Plaintiff's counsel conceded, without any argument, that Texas law, rather than New York law applied, which Plaintiff had previously argued in her Opposition.  [ECF No. 34, p. 10:22-11:8.]  The Court also rejected Plaintiff's arguments that the Motion to Strike was untimely and that Plaintiff was entitled to discovery to oppose the Motion.  [ECF No. 34, pp. 16:20-17:1, 24:6-25:6.]

13.     On October 15, 2018, the Court issued a fourteen (14) page Order granting the Motion to Strike.  The Court devoted more than four (4) pages of its Order to analyzing the procedural issues raised in Plaintiff's Opposition and addressed by Mr. Trump's counsel on Reply, relating to: choice of law, the timeliness of the Motion to Strike, and Plaintiff's claim of a right to discovery.  All of Plaintiff's arguments related to these issues were rejected by the Court.  [ECF No. 36, pp. 3-7.]

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

14.     As of the close of business on November 9, 2018, my office had spent a total of twenty-seven (27) hours reviewing Plaintiff's Opposition to Mr. Trump's Motion for Fees and preparing Mr. Trump's Reply brief in support of the same.  This work was performed by attorneys Ryan Stonerock (6.25 hours) and Steven Frackman (20.75 hours).  Documentation of these additional hours will be provided to the Court upon request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2018, at Los Angeles, California.

CHARLES J. HARDER