**CLARK O. BREWSTER, OBA # 1114, *Pro Hac Vice Application Pending***
**cbrewster@brewsterlaw.com**
**MBILIKE M. MWAFULIRWA, OBA # 31164, *Pro Hac Vice Application Pending***
**mmm@brewsterlaw.com**
**BREWSTER & DE ANGELIS**
**2617 E. 21st St.**
**Tulsa, OK 74114**
**Telephone: (918) 742-2021**
***Attorneys for Plaintiff Stephanie Clifford***

**DAVID OLAN**
**david@olanlaw.com**
**TROY SKINNER**
**Troy@olanlaw.com**
**OLAN LAW OFFICE**
**212 Marine Street, Suite 100,**
**Santa Monica, CA 90405**
**Telephone: (310) 566-0010**
***Attorneys for Plaintiff Stephanie Clifford***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **STEPHANIE CLIFFORD a.k.a. STORMY DANIELS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DONALD J. TRUMP,**<br><br>**Defendant.** | Case No. 2:18-cv-06893-SJO-FFM<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION TO ANNUL OR VACATE THE CLERK OF COURT'S CERTIFICATION OF JUDGMENT**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br>Action Filed: April 30, 2018<br><br>**Hearing Date: February 3, 2020**<br>**Hearing Time: 10:00 am**<br>**Location: 350 West 1st Street**<br>**Courtroom C, Los Angeles, CA 90012** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that February 3, 2020, at 9:00 a.m., or as soon thereafter as the Court may hear the matter in Courtroom C, located at United States District Court, 350 West 1st St., Los Angeles, CA 90012, before the Honorable S. James Otero. Plaintiff Stephanie Clifford, will move the Court: 1. To Strike the Court Clerk's erroneous Certification of this Court's Minute Order (Dkt. 46.); or in the alternative, 2. Plaintiff will move under Fed.R.Civ.P. 60(b) to vacate or modify that Order because it was entered in error and conflicts with the Fifth Circuit's recent decision.

This Motion shall be based on this Notice of Motion and Motion, the accompanying Memorandums of Points and Authorities and Declaration of Clark O. Brewster, the anticipates reply papers, all materials that may be properly considered in connection with this motion and oral argument at the hearing.

Dated: December 11, 2019

By: *_/s/ Clark O. Brewster_*
CLARK O. BREWSTER

*_/s/ Troy Skinner_*
DAVID OLAN

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff, Stephanie Clifford, moves the Court for two alternate requests. First, she moves the Court to annul or vacate the Clerk of Court's Certification of Judgment. (*See* Declaration of Clark O. Brewster ("COB Decl."), Exhibit A. Exhibit A is a document titled, "CIVIL MINUTES – GENERAL," this Court's order (Dkt. 46) that awarded Mr. Trump $293,052.33 in attorney fees, costs and sanctions. The Court never entered a judgment. That perhaps explains why Mr. Trump's local California counsel prepared a journal entry and filed a motion with this Court to enter a final judgment. (*See* COB Decl. Ex. "B"). That motion is still pending.

Meanwhile, Mr. Trump's Ohio Counsel has filed this Court Clerk's Certification of that minute order in two cases pending in U.S. District Court for the Southern District of Ohio. Both cases concern Plaintiff Clifford. Those cases are: Case No. 2:19-MC-47 and in *Clifford v. Keckley*, U.S.D.C., Case No. 2:19-cv-119. (*See* COB Decl. Ex. "C"). Mr. Trump claims in those cases that this Court's civil minute is eligible for registration as a foreign judgment under 28 U.S.C. §1961. But as detailed below, that is incorrect. The Ninth Circuit has long held that "Civil Minutes—General" or "minute order[s]" are not judgments. *Radio Tele. Espanola SA v. New World Ent'mt*, 183 F.3d 922, 930-932 (9th Cir. 1999). In fact, under this Court's local rules, "minute orders" are not judgments, nor can a court clerk, acting alone as she did here, without affirmative approval by this Court, enter final judgment. *See* Local Rules for the C.D. California, L.R. 58-6. Echoing those pronouncements, the combined effect of Fed. R. Civ. P. 54, 58 and 79 is also clear: civil minutes are not judgments. The Court should strike the Clerk of Court's Certification of Judgment.

Second, and as alternative relief, Plaintiff Clifford moves under Fed. R. Civ. P. 60 (b) for this Court to vacate or modify its order at issue (Dkt. 46). Applying Texas law, this Court assumed and applied the Texas Citizens Participation Act ("TCPA"), an anti-SLAPP law. The problem with that assumed analysis is that the Fifth Circuit—the appellate court that Congress designated to oversee diversity jurisdiction cases involving Texas law—has held that the TCPA does not apply in federal court diversity jurisdiction cases. *See Klocke v. Watson*, 936 F.3d 240, 244-249 (5th Cir. 2019). As a result, this Court's decision to apply the TCPA and award of monetary awards against Ms. Clifford conflicts with the governing law in the Fifth Circuit—the congressionally designated federal court to make controlling pronouncements of Texas law. Indeed, to allow this Court's award to stand in the wake of *Klocke*, upsets settled comity rules that federal courts uphold. *See, e.g.*, *United States v. AMC Entm't, Inc.*, 549 F.3d 760, 773 (9th Cir. 2008) ("Principles of comity require that, *once a sister circuit has spoken to an issue, that pronouncement is the law of that geographical area. Courts in the Ninth Circuit should not grant relief that would cause substantial interference with the established judicial pronouncements of such sister circuits*") (Emphasis added). Rule 60(b) is a perfect vehicle for this Court to correct itself and restore order. As more fully outlined below, this Court should set aside the TCPA attorney fee and sanctions award or reduce it to $0.

**I. BACKGROUND**

Ms. Clifford sued Mr. Trump for a defamatory tweet. Mr. Trump moved to dismiss the Complaint, coupled with a motion to strike, based on a Texas anti-SLAPP statute. In his motion, Mr. Trump asserted that Texas substantive law applied to the lawsuit. As a result, the Texas anti-SLAPP statute—The Texas Citizens' Participation Act—applied. Under that statute, a defendant

can attain relief by showing that the targeted speech is a matter of public concern. When a defendant shows that, the statute mandates dismissal. *See* Dkt. 36.

The Court agreed with Mr. Trump and dismissed Ms. Clifford's lawsuit holding that the Texas anti-SLAPP statute applied.[1] *See* Dkt. 36. Ms. Clifford's appeal is pending before the Ninth Circuit. *Clifford v. Trump*, Case No. 18-56351.[2]

While that appeal was pending, Mr. Trump moved for attorney fees and costs under the Texas anti-SLAPP statute. On December 11, 2018, the California federal court entered an order titled "CIVIL MINUTES - GENERAL" in which it awarded Mr. Trump $293,052.33 in attorney fees and costs. Then, Mr. Trump's local California counsel prepared a journal entry and filed a motion with the California federal court to enter a final judgment. (*See* COB Decl. Ex. "B"). *That motion is still pending and this Court has never entered a judgment.*

Recently, Ms. Clifford obtained a settlement in an unrelated matter pending in the Southern District of Ohio for a violation of her civil rights under 42 U.S.C. § 1983 by individual officers and the City of Columbus for false arrest. *Clifford v. Keckley, et al.*, U.S.D.C., Southern District of Ohio, Case No. 2:19-cv-119. The amount of settlement is a matter of public record, $450,000.00, and it seems that word of the monies caused the Defendant to take an interest. The U.S. District Court, S.D. Ohio has not yet adjudicated the interest of the parties who assert a lien on the amount of settlement including Mr. Trump. (*See generally* COB Decl. Ex. "D"). Ms.

---

[1] Throughout this litigation, whether the TCPA applies in federal court was an open question in the Fifth Circuit; the federal appellate court that oversees diversity jurisdiction appeals involving Texas law. But as noted, the Fifth Circuit recently held that the TCPA does not apply in federal court in diversity jurisdiction cases. *Klocke v. Watson*, 936 F.3d 240, 245-246 (5th Cir. 2019). Thus, a substantial reason for this Court's dismissal of Ms. Clifford's case and the sole basis for the attorney fees and costs award, was a law that should not have been applied in the first place. Ms. Clifford filed a Fed. R. App. P. 28 (j) letter brief in her pending Ninth Circuit Court of Appeals appeal on the TCPA's applicability. That appeal is pending. That said, this Court is not powerless to afford her relief.

[2] On November 24, 2019, the Ninth Circuit submitted "Notice of Oral Argument." Oral argument is set for February 4, 2020 at 9:30 am, Courtroom No. 1, Pasadena, California.

Clifford, has also challenged Mr. Trump's "Judgment Lien" based on the Clerk of Court's Certification in the Ohio matter as well. (*See* COB Decl. Ex. "E").

## II. ARGUMENT AND AUTHORITIES

### A. The Clerk erred in certifying a minute order as though it was a judgment

This Court's Clerk is without authority under the Federal Rules of Civil Procedure to certify the Court's Minute Order of December 11, 2018, as a "judgment." As noted, the Ninth Circuit has long held that "Civil Minutes—General" or "minute order[s]" are not judgments or appealable orders. *Radio Tele. Espanola SA v. New World Ent'mt*, 183 F.3d 922, 930-932 (9th Cir. 1999). Under this court's local rules, "minute orders" are not judgments, nor can a court clerk, acting alone, without affirmative approval by the Court, enter final judgment. Under Ninth Circuit precedent and California's federal court's local rules, there was never a judgment issued. *See* Local Rules for the Central District of California, L.R. 58-6.[3]

Federal law—specifically the Federal Rules of Civil Procedure[4]—has a specific meaning for what amounts to a judgment. A judgment "includes a decree and *any order from which an appeal lies*." Fed. R. Civ. P. 54(a) (emphasis added). But a judgment does not "include recitals of pleadings, a master's report, *or a record of prior proceedings*." *Id.* (emphasis added). Thus, minute orders—which are a record of prior court proceedings—are not judgments. *Id.*; *Carter v.*

---

[3] L.R. 58-6 Entry of Judgment - Memorandum of Decision, Opinion, Minute Order. Notation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to Fed.R.Civ.P. 58 and 79(a) unless specifically ordered by the judge.

[4] The Federal Civil Rules of Procedure have the same status as federal statutes. *See Gallivan v. United States*, 943 F.3d 291, 294-295 (6th Cir. Nov. 7, 2019); *see also Harris v. Nelson*, 394 U.S. 286 (1969) (federal courts must treat the federal rules of civil procedure as they would statutes, and may not modify them by judicial construction).

*Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1189 (9th Cir.1989) (A minute order is "a description of what transpired in the courtroom.").

A judgment is final and able to trigger appeal rights when it complies with both Fed. R. Civ. P. 58 and 79. "A judgment is effective only . . . when entered as provided in Rule 79(a)." Fed. R. Civ. P. 58; *see also Radio Tele. Espanola*, 183 F.3d at 930 (unless both Rule 58 and 79(a) are satisfied, there is no valid judgment). Indeed, the Central District of California's Local Rules "clarify what cannot constitute an 'entry of judgment' in the Central District under Rules 58 and 79(a)." *Radio Tele. Espanola*, 183 F.3d at 930. Under those Local Rules, neither "a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall . . . constitute entry of judgment under Fed .R. Civ. P. 58 and 79(a) unless specifically ordered by the judge." L.R. 58-6 (C.D. Cal. 2019). Nor can a court clerk, acting alone, without affirmative approval by this Court on the record, enter final judgment. *See* L.R. 58-5 (C.D. Cal. 2019).

### B. Even if the Order in Question is a Final Judgment, this Court Erred in Awarding Substantial Attorney Fees and Sanctions Under the Texas Anti-SLAPP Statute

#### 1. Standard of review for this argument

This analysis applies only if the Court holds that its "GENERAL-CIVIL MINUTE" is in fact a final judgment. Rule 60(b)(1) of the Federal Rules of Civil Procedure provides grounds for relief from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." Under that provision, a litigant "may seek relief . . . if the *district court has made a substantive error of law or fact* in its judgment or order." *Bretana v. Int'l Collection Corp.*, 2010 WL 1221925, at *1 (N.D. Cal. 2010) (emphasis added); *see also Utah ex rel. Div. of Forestry v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008) ("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when 'a party has made

an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) *whe[n] the judge has made a substantive mistake of law or fact in the final judgment or order.*'" (alteration in original) (emphasis added) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996))). The moving party under Rule 60(b) bears the burden of convincing the Court. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992).

**2. The Court should not have applied the Texas anti-SLAPP law in the first place**

This Court determined that Texas law applied, and in turn, that state's anti-SLAPP statute (the "TCPA") likewise applied. *See* Dkt. 36 pp. 3-4 ("The Court applies the Texas ant-SLAPP statute"). In applying the TCPA, the Court borrowed the "analysis of California's anti-SLAPP statute." *Id.* at p. 4 n. 2. Based on that borrowed analysis, this Court assumed that the TCPA, like California's anti-SLAPP law, applies in federal diversity lawsuits. The problem with that assumed analysis is that the Fifth Circuit—the appellate court that Congress designated to oversee diversity jurisdiction cases involving Texas law—has held that the TCPA does not apply in federal court diversity jurisdiction cases. *See Klocke v. Watson*, 936 F.3d 240, 244-249 (5th Cir. 2019). Federal courts have routinely adhered to comity concerns when adjudicating cases from other circuits, to ensure uniformity with the law in those circuits. *See generally e.g.*, *United States v. AMC Entm't, Inc.*, 549 F.3d 760, 773 (9th Cir. 2008) ("*Principles of comity require* that, once a sister circuit has spoken to an issue, *that pronouncement is the law of that geographical area. Courts in the Ninth Circuit should not grant relief that would cause substantial interference with the established judicial pronouncements of such sister circuits*") (Emphasis added). Alluding to similar concerns, the Federal Circuit has observed:

> *We, therefore, rule, as a matter of policy,* that the Federal Circuit shall review *procedural matters, that are not unique to patent issues, procedural matters, that are not unique to patent issues, under the law of the particular regional circuit*

> *court where appeals from the district court would normally lie. This policy is within the intent and spirit of not only our enabling statute but also the general desire of the federal judicial system to minimize confusion and conflicts*. Since our mandate is to eliminate conflicts and uncertainties in the area of patent law, we must not, in doing so, create unnecessary conflicts and confusion in procedural matters.

*Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 856 (Fed. Cir. 1991) (emphasis added). The Second Circuit, echoing similar concerns, though in a diversity case involving the Sixth Circuit's view of one of its state's laws, has also advocated a similar rule. Cf. *Factors, Etc., Inc. v. Pro Arts*, 652 F.2d 278, 283-284 (2d Cir. 1981) (deferring to "the views of the Sixth Circuit" in diversity jurisdiction case to avoid creating uncertainty in that circuit). Thus, to avoid the anomaly that the TCPA applies only in this federal court—while not in the Fifth Circuit or any other court that, for reasons of comity, respects the Fifth Circuit's views of the law within its own circuit—this Court should grant Rule 60 relief. As noted, the Court should set aside the TCPA attorney fee and sanctions award or reduce it as requested below. Indeed, under *Klocke*, this Court erred in applying the TCPA here.

**3. Even if the Court is still inclined to apply the TCPA, the Court need not award a substantial amount**

Under the TCPA version in place at the time, the Court had to award fees and sanctions to a prevailing defendant. *Clifford v. Trump*, 2018 WL 6519029, at *1 (C.D. Cal. Dec. 11, 2018) (citing Tex. Civ. Prac. & Rem. Code § 27.009(a)(1)). "[T]he TCPA requires an award of 'reasonable attorney's fees' to the successful movant [on an anti-SLAPP motion]." *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). The question of how much fees is committed to this Court's discretion. *Clifford*, 2018 WL 6519029, at *1 ("That determination rests within the court's sound discretion") (citations omitted). The sole basis for this Court's award of attorney fees, costs and sanctions was its erroneous assumption that the TCPA applies in federal court in diversity

jurisdiction cases. But as *Klocke*, 936 F.3d at 244-249 makes clear, that is incorrect for this Texas statute. *Id.* In the wake of that major clarification in Fifth Circuit diversity jurisprudence (based on the TCPA) and for the sake of federal court comity and respect for the Fifth Circuit's court's views on a law it applies and supervises, this Court should revisit its TCPA fee and sanctions award. Should the Court still be inclined to award a fee (despite Plaintiff's protests), it should award no more than $0. *Estate of Martin v. Greisman*, 754 F. App'x 708, 712 (10th Cir. 2018) (noting a dearth of "authority suggesting *a reasonable attorney fee can't be $0*") (emphasis added); *Crounse v. State Farm Mut. Auto. Ins. Co.*, 336 S.W.3d 717, 722 (Tex. App. 2010) (affirming award of "'$0.00' in attorney's fees [because] [it] [was] . . . not so against the great weight and preponderance of the evidence" despite prevailing party securing monetary recovery). There's nothing in principle why those same concerns that animated Plaintiff's concerns about the TCPA attorney fees and costs should not apply to its sanctions—almost similar money exactions. "After all," as the Supreme Court has stated, "in the law, what is sauce for the goose is normally sauce for the gander." *Heffernan v. City of Paterson*, 136 S.Ct. 1412, 1418 (2016).

**III. CONCLUSION**

The Court should strike the Clerk's erroneous certification of its minute order as a final judgment. If the Court holds still that the civil minute is in fact a judgment, it should set aside the TCPA attorney fee and sanctions award or reduce it to $0.

Respectfully Submitted,

*/s/ Clark O. Brewster*

Clark O. Brewster - OBA #1114 (Pro Hac Pending)
Mbilike Mwafulirwa OBA#31164 (Pro Hac Pending)
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114

*/s/ Troy Skinner*
DAVID OLAN, BAR #144634
david@olanlaw.com
TROY SKINNER, BAR #301563
Troy@olanlaw.com
OLAN LAW OFFICE
212 Marine Street, Suite 100,
Santa Monica, CA 90405
*Attorneys for the Plaintiff*