**CLARK O. BREWSTER, OBA # 1114,** *Admitted* **Pro Hac Vice**
cbrewster@brewsterlaw.com
**MBILIKE M. MWAFULIRWA, OBA # 31164,** *Admitted* **Pro Hac Vice**
mmm@brewsterlaw.com
**BREWSTER & DE ANGELIS**
**2617 E. 21st St.**
**Tulsa, OK 74114**
**Telephone:    (918) 742-2021**
*Attorneys for Plaintiff Stephanie Clifford*

**DAVID OLAN**
david@olanlaw.com
**TROY SKINNER**
Troy@olanlaw.com
**OLAN LAW OFFICE**
**212 Marine Street, Suite 100,**
**Santa Monica, CA 90405**
**Telephone:    (310) 566-0010**
*Attorneys for Plaintiff Stephanie Clifford*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHANIE CLIFFORD a.k.a. STORMY DANIELS,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**DONALD J. TRUMP,**<br><br>        **Defendant**. | Case No. 2:18-cv-06893-SJO-FFM<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION TO ANNUL OR VACATE THE CLERK OF COURT'S CERTIFICATION OF CIVIL MINUTE ORDER**<br>**[Declaration of Clark O. Brewster and exhibits filed concurrently herewith]**<br><br>Assigned for All Purposes to the<br>Hon. S. James Otero<br>Action Filed: April 30, 2018<br><br>**Hearing Date: May 18, 2020**<br>**Hearing Time: 10:00 am**<br>**Location: 350 West 1st Street**<br>**Courtroom C, Los Angeles, CA 90012** |

**PLAINTIFF'S MOTION TO ANNUL OR VACATE THE CLERK OF COURT'S CERTIFICATION OF CIVIL MINUTE ORDER**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 18, 2020, at 9:00 a.m., or as soon as the Court may hear the matter in Courtroom C, located at United States District Court, 350 West 1st St., Los Angeles, CA 90012, before the Honorable S. James Otero. Plaintiff Stephanie Clifford, will move the Court under the All Writs Act, the Federal Rules of Civil Procedure, or its inherent powers to Strike the Court Clerk's erroneous Certification of this Court's Minute Order (Dkt. 46.) as a final money judgment. In sum, Plaintiff contends that the Civil Minute Order is not a final money judgment and that the Court did not authorize the Court Clerk to enter final judgment or certify that its Civil Minute Order is a final money judgment. Thus, the Court Clerk erred.

This Motion will depend on this Notice of Motion, the accompanying Memorandum of Points and Authorities and Declaration of Clark O. Brewster, the anticipated reply papers, all materials that may be properly considered in connection with this motion and oral argument at the hearing (should the Court hold a hearing).

As Plaintiff's counsel's declaration outlines, the parties conferred on December 13, 2019 and March 12, 2020 about this motion. After discussions about the merits of this motion, the parties could not agree on a mutual resolution: Mr. Trump's counsel advised that they oppose this motion. Thus, this Court's intervention is warranted.

Dated: March 19, 2020

By:     */s/ Clark O. Brewster*
        CLARK O. BREWSTER

**PLAINTIFF'S MOTION TO ANNUL OR VACATE THE CLERK OF COURT'S CERTIFICATION OF CIVIL MINUTE ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff moves the Court to annul or vacate the Court Clerk's Certification of this Court's Civil Minute Order as a money judgment. (*See* Exhibit A to Declaration of Clark O. Brewster ("COB Decl.")). In Exhibit A, the Clerk of this Court certified this Court's Civil Minute Order (Dkt. 46)—that awarded Defendant $293,052.33 in attorney fees, costs and sanctions—as a final money judgment. And yet, this Court has never entered a money judgment. That perhaps explains why Defendant's local California counsel prepared a journal entry and filed a motion with this Court asking for a final money judgment. (*See* COB Decl. Ex. "B"). That motion is still pending.

Meanwhile, Mr. Trump's Ohio Counsel has filed this Court Clerk's Certification of that minute order in two cases pending in U.S. District Court for the Southern District of Ohio. Both cases concern Plaintiff Clifford. Those cases are: Case No. 2:19-MC-47 and in *Clifford v. Keckley*, U.S.D.C., Case No. 2:19-cv-119. (*See* COB Decl. Ex. "C"). Mr. Trump claims in those cases that this Court's civil minute is eligible for registration as a foreign money judgment under 28 U.S.C. §1963. But as detailed below, that is incorrect. To begin with, the Ninth Circuit has long held that "Civil Minutes—General" or "minute order[s]" are not judgments. *Radio Tele. Espanola SA v. New World Ent'mt*, 183 F.3d 922, 930-932 (9th Cir. 1999). In fact, Congress has declared that all money judgments "shall" have interest computed. *See* 28 U.S.C. §1961. The Civil Minute entry has no interest applied. In fact, under this Court's local rules, "minute orders" are not judgments, nor can a court clerk, acting alone as she did here, without affirmative approval by this Court, enter final judgment. *See* Local Rules for the C.D. California, L.R. 58-6. Echoing those pronouncements, the combined effect of Fed. R. Civ. P. 54, 58 and 79 is also clear: civil minutes are not money judgments. The Court should strike the Clerk of Court's Certification of Judgment.

**I. BACKGROUND**

Ms. Clifford sued Mr. Trump for a defamatory tweet. Mr. Trump moved to dismiss the Complaint, coupled with a motion to strike, based on a Texas anti-SLAPP statute. Mr. Trump asserted that Texas substantive law applied to the lawsuit. As a result, Mr. Trump claimed, the Texas anti-SLAPP statute—The Texas Citizens' Participation Act—applied. Under that statute,

**PLAINTIFF'S MOTION TO ANNUL OR VACATE THE CLERK OF COURT'S
CERTIFICATION OF CIVIL MINUTE ORDER**

a defendant can attain relief by showing that the targeted speech is a matter of public concern. When a defendant shows that, the statute mandates dismissal. *See* Dkt. 36.

The Court agreed with Mr. Trump and dismissed Ms. Clifford's lawsuit holding that the Texas anti-SLAPP statute applied.[1] *See* Dkt. 36. Ms. Clifford's appeal is pending before the Ninth Circuit. *Clifford v. Trump*, Case No. 18-56351.[2]

While that appeal was pending, Mr. Trump moved for attorney fees and costs under the Texas anti-SLAPP statute. On December 11, 2018, this Court entered an order titled "CIVIL MINUTES - GENERAL" in which it awarded Mr. Trump $293,052.33 in attorney fees and costs. Then, Mr. Trump's local California counsel prepared a journal entry and filed a motion with the California federal court to enter a final judgment. (*See* COB Decl. Ex. "B"). *That motion is still pending and this Court has never entered a final money judgment.*

Recently, Ms. Clifford obtained a settlement in an unrelated matter pending in the Southern District of Ohio for a violation of her civil rights under 42 U.S.C. § 1983 by individual officers and the City of Columbus for false arrest. *Clifford v. Keckley, et al.,* U.S.D.C., Southern District of Ohio, Case No. 2:19-cv-119. The amount of settlement is a matter of public record, $450,000.00, and it seems that word of the monies caused the Defendant to take an interest. The federal court in Ohio has not yet adjudicated the competing claims of the parties asserting liens. (COB Decl. Ex. "D"). Ms. Clifford has also challenged Mr. Trump's "Judgment Lien" based on this Court Clerk's Certification of the Minute Order in the Ohio matter. (*See* COB Decl. Ex. "E").

---

[1] Throughout this litigation, whether the TCPA applies in federal court was an open question in the Fifth Circuit; the federal appellate court that oversees diversity jurisdiction appeals involving Texas law. But as noted, the Fifth Circuit recently held that the TCPA does not apply in federal court in diversity jurisdiction cases. *Klocke v. Watson*, 936 F.3d 240, 245-246 (5th Cir. 2019). Thus, a substantial reason for this Court's dismissal of Ms. Clifford's case and the sole basis for the attorney fees and costs award, was a law that should not have been applied in the first place. Ms. Clifford filed an original and supplemental Fed. R. App. P. 28 (j) letter brief in her pending Ninth Circuit Court of Appeals appeal on the TCPA's applicability. That appeal is pending.

[2] On November 24, 2019, the Ninth Circuit submitted "Notice of Oral Argument." The Ninth Circuit held oral argument on February 4, 2020 at 9:30 a.m. The case is ripe for decision.

**PLAINTIFF'S MOTION TO ANNUL OR VACATE THE CLERK OF COURT'S CERTIFICATION OF CIVIL MINUTE ORDER**

## II.      ARGUMENT AND AUTHORITIES

### A. Standards of review

This Court possesses inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962). Indeed, a district court's exercise of its inherent powers is proper if it is a "reasonable response to the problems and needs" that arise during a court's fair attempt at administering justice. *Degen v. United States*, 517 U.S. 820, 823–824 (1996). A federal court can use its inherent powers "to correct that which," as the Court Clerk's unilateral certification of a minute order here, "has been wrongfully done by virtue of its process." *United States v. Morgan*, 307 U.S. 183, 197 (1939).

Alternatively, because this Court already has jurisdiction over this case, the All Writs Act (Act), 28 U.S.C. §1651, empowers this Court to issue any orders "in aid of . . . [its] jurisdiction" to parties and third parties. *Id.* "The All Writs Act invests this Court with a power to promote "the resolution of issues in a case properly before it." *ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). As the United States Supreme Court has made clear, a federal court's powers under the All Writs Act "*extends*, under appropriate circumstances, *to persons who, though not parties to the original action* or engaged in wrongdoing are in a position to frustrate the implementation of a court order *or the proper administration of justice*, *and encompasses even those who have not taken any affirmative action to hinder justice*." *United States v. New York Times Tel. Co.*, 434 U.S. 159, 174 (1977) (emphasis added).

### B. The Clerk erred in certifying a minute order as though it was a money judgment

This Court's Clerk is without authority under the Federal Rules of Civil Procedure to certify the Court's Minute Order of December 11, 2018, as a money "judgment." As noted, the Ninth Circuit has long held that "Civil Minutes—General" or "minute order[s]" are not judgments or appealable orders. *Radio Tele. Espanola SA v. New World Ent'mt*, 183 F.3d 922, 930-932 (9th Cir. 1999). Under this Court's local rules, "minute orders" are not judgments, nor can a court clerk, acting alone, without affirmative approval by this Court, enter final judgment. Under Ninth

**PLAINTIFF'S MOTION TO ANNUL OR VACATE THE CLERK OF COURT'S
CERTIFICATION OF CIVIL MINUTE ORDER**

Circuit precedent and California's federal court's local rules, there was never a money judgment issued. *See* Local Rules for the Central District of California, L.R. 58-6.[3]

Federal law—specifically the Federal Rules of Civil Procedure[4]—has a specific meaning for what amounts to a judgment. A judgment "includes a decree and *any order from which an appeal lies*." Fed. R. Civ. P. 54(a) (emphasis added). But a judgment does not "include recitals of pleadings, a master's report, *or a record of prior proceedings*." *Id.* (emphasis added). Thus, minute orders—which are a record of prior court proceedings—are not judgments. *Id.*; *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1189 (9th Cir.1989) (A minute order is "a description of what transpired in the courtroom.").

A judgment is final and able to trigger appeal rights when it complies with both Fed. R. Civ. P. 58 and 79. "A judgment is effective only . . . when entered as provided in Rule 79(a)." Fed. R. Civ. P. 58; *see also Radio Tele. Espanola*, 183 F.3d at 930 (unless both Rule 58 and 79(a) are satisfied, there is no valid judgment). Indeed, the Central District of California's Local Rules "clarify what cannot constitute an 'entry of judgment' in the Central District under Rules 58 and 79(a)." *Radio Tele. Espanola*, 183 F.3d at 930. Under those Local Rules, neither "a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall . . . constitute entry of judgment under Fed. R. Civ. P. 58 and 79(a) unless specifically ordered by the judge." L.R. 58-6 (C.D. Cal. 2019). Perhaps that explains why Mr. Trump's California counsel lodged a proposed final judgment for this Court to enter. (*See* COB Decl., Ex. B). Nor can a court clerk, acting alone, enter final judgment. *See* L.R. 58-5 (C.D. Cal. 2019).

---

[3] L.R. 58-6 Entry of Judgment - Memorandum of Decision, Opinion, Minute Order. Notation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to Fed.R.Civ.P. 58 and 79(a) unless specifically ordered by the judge.

[4] The Federal Civil Rules of Procedure have the same status as federal statutes. *See Gallivan v. United States*, 943 F.3d 291, 294-295 (6th Cir. Nov. 7, 2019); *see also Harris v. Nelson*, 394 U.S. 286 (1969) (federal courts must treat the federal rules of civil procedure as they would statutes, and may not modify them by judicial construction).

**PLAINTIFF'S MOTION TO ANNUL OR VACATE THE CLERK OF COURT'S
CERTIFICATION OF CIVIL MINUTE ORDER**

In fact, the federal interest rate statute (28 U.S.C. §1961) further underscores why this Court's civil minute order is not a money judgment. To be sure, §1961 states that interest "*shall* be allowed on *any money judgment* in a civil case recovered in a district court," to "be calculated from the date of the entry of the judgment." 28 U.S.C. §1961 (A) (emphasis added). The key word here is "shall," which federal courts usually regard as making a provision mandatory. *Firebaugh Canal Co.  v. United States*, 203 F.3d 568, 573-574 (9th Cir. 2000). "Trial judges are presumed to know the law and to apply it in making their decisions." *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds*, *Ring v. Arizona*, 536 U.S. 584, 609 (2002). Thus, given this Court's robust knowledge of federal law, had it intended its Civil Minute to become a money judgment, it would have applied statutory interest, as the law requires. *See* 28 U.S.C. §1961. But it did not because the order was not a money judgment. Again, perhaps that explains why Mr. Trump's local California counsel prepared a journal entry and filed a motion with this Court to enter a final money judgment. (*See* COB Decl. Ex. B). That motion is still pending. Thus, the Court Clerk erred in certifying the Civil Minute Order as a final money judgment.

## III. CONCLUSION

For all these reasons, the Court should strike the Court Clerk's erroneous certification of its civil minute order as a final money judgment.

Respectfully Submitted,

*/s/ Clark O. Brewster*
Clark O. Brewster - OBA #1114 (Admitted PHV)
Mbilike Mwafulirwa OBA#31164 (Admitted PHV)
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114

**PLAINTIFF'S MOTION TO ANNUL OR VACATE THE CLERK OF COURT'S CERTIFICATION OF CIVIL MINUTE ORDER**

**PROOF OF SERVICE**

**STATE OF OKLAHOMA, COUNTY OF TULSA**

      At the time of service, I was over 18 years old and not a party to this action. I am employed in the County of Tulsa, State of Oklahoma. My business address 2617 E. 21st St., Tulsa, OK 74114.

On March 19, 2020, I served true copies of the following document(s) described as:

**PLAINTIFF'S MOTION TO ANNUL OR VACATE THE CLERK OF COURT'S CERTIFICATION OF CIVIL MINUTE ORDER**
on the interested parties:

Charles J. Harder
charder@harderllp.com
Ryan Stonerock
RStonerock@harderllp.com
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
MMORENO@HARDERLLP.com
www.HARDERLLP.com

**BY Email OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from email address to the persons at the email addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission did not succeed.

**XX BY ELECTRONIC SERVICE:** I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) via the CM/ECF court filing system.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 19, 2020.

                  */s/ Clark O. Brewster*