HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:  (310) 546-7400
Facsimile:  (310) 546-7401
Email:      CHarder@HarderLLP.com
            RStonerock@HarderLLP.com

Attorneys for Defendant
DONALD J. TRUMP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS,<br><br>      Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>      Defendant. | Case No. 2:18-cv-06893-JLS-FFM<br><br>**NOTICE OF MOTION AND MOTION OF DONALD J. TRUMP TO CERTIFY JUDGMENT FOR REGISTRATION IN SOUTHERN DISTRICT OF OHIO OR, IN THE ALTERNATIVE, TO CORRECT AND/OR STRIKE CLERK'S APRIL 10, 2020 NOTICE**<br><br>[Declaration of Charles J. Harder and Proposed Order Filed Concurrently Herewith]<br><br>Assigned for All Purposes to the Hon. Josephine L. Staton<br><br>**Date:     July 17, 2020**<br>**Time:    10:30 a.m.**<br>**Location: 411 West 4th Street**<br>         **Courtroom 10A, 10th Floor**<br>         **Santa Ana, CA 92701**<br><br>Action Filed: April 30, 2018 |

1
MOTION TO CERTIFY JUDGMENT OR CORRECT CLERK'S NOTICE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 17, 2020, at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10A, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana 92701, the Honorable Josephine L. Staton presiding, Defendant Donald J. Trump ("Mr. Trump") will move and hereby does move for an Order certifying for registration in the Southern District of Ohio the December 11, 2018 Order in this action [ECF No. 46] awarding Mr. Trump a total of $293,052.33 in attorneys' fees and sanctions against Plaintiff Stephanie Clifford (the "Attorneys' Fees Order") on the grounds that: (1) the Attorneys' Fees Order constitutes a valid, final judgment under Federal Rule of Procedure 58; and (2) there is good cause to certify the Attorneys' Fees Order pursuant to 28 U.S.C. § 1963.  In the alternative, Mr. Trump requests that the Court correct and/or strike the Clerk's April 10, 2020 Notice regarding its prior certification of the Attorneys' Fees Order pursuant to Federal Rule of Civil Procedure 60(a).

This Motion shall be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Charles J. Harder, the anticipated reply papers, all materials that may be properly considered in connection with this motion, and oral argument at the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place, telephonically, on April 24, 2020.  The parties were unable to reach a resolution and Plaintiff's counsel advised that Plaintiff will oppose this Motion.  [Declaration of Charles J. Harder, ¶ 6.]

Dated: May 4, 2020         HARDER LLP

By: */s/ Charles J. Harder*
    CHARLES J. HARDER
    Attorneys for Defendant
    DONALD J. TRUMP

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..............................................................................................1

II. STATEMENT OF FACTS ................................................................................2

   A. The Court Dismisses This Action and Grants Mr. Trump Attorneys' Fees and Sanctions.............................................................................................2

   B. Mr. Trump Registers the Attorneys' Fees Order in the Southern District of Ohio After Ms. Clifford Settles Her Case Against the City of Columbus, Ohio...............................................................................3

   C. Ms. Clifford Challenges Mr. Trump's Registration of the Judgment Through Filings in the Central District of California ...........................5

III. ARGUMENT ....................................................................................................6

   A. Legal Standard .......................................................................................6

   B. The Attorneys' Fees Order is a Valid Judgment....................................6

      1. The Attorneys' Fees Order is a Judgment Under FRCP 58.............6

      2. Ms. Clifford's Position is Contrary to Settled Law and Not Supported By Any of Her Cited Authorities ...................................8

      3. The Attorneys' Fees Order is Still a Judgment Even if Ms. Clifford's Incorrect Interpretation of the Law is Accepted ...........10

   C. The Attorneys' Fees Order is Final Because the Time to Appeal Has Expired..................................................................................................10

   D. In the Alternative, There is Good Cause to Certify the Attorneys' Fees Order Pursuant to 28 U.S.C. § 1963 ............................................12

IV. CONCLUSION................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Best W. Int'l, Inc. v. AV Inn Assocs. 1, LLC*,
  2011 WL 13160912 (D. Ariz. Feb. 22, 2011) .............................................................. 13

*Browder v. Dir., Dep't of Corr. of Illinois*,
  434 U.S. 257 (1978) .................................................................................................... 11

*Budinich v. Becton Dickinson & Co.*,
  486 U.S. 196 (1988) .................................................................................................... 10

*Carter v. Beverly Hills Sav. & Loan Ass'n*,
  884 F.2d 1186 (9th Cir. 1989) ...................................................................................... 8

*Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*,
  259 F.3d 1186 (9th Cir. 2001) ............................................................................. 2, 6, 12

*Condon v. Condon*,
  2008 WL 11338132 (C.D. Cal. 2008) .......................................................................... 9

*E.E.O.C. v. U.S. Bakery*,
  2003 WL 23538023 (D. Or. Nov. 20, 2003) ................................................................ 9

*Feldman v. Olin Corp.*,
  673 F.3d 515 (7th Cir. 2012) .................................................................................... 7, 8

*Kowalski v. Mommy Gina Tuna Res.*,
  2009 WL 1322367 (D. Haw. May 8, 2009) ............................................................... 13

*Kreidler v. Pixler*,
  2011 WL 13193276 (W.D. Wash. May 13, 2011) ..................................................... 13

*S.L. ex rel. Loof v. Upland Unified Sch. Dist.*,
  747 F.3d 1155 (9th Cir. 2014) ......................................................................... 1, 7, 9, 11

*Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*,
  2018 WL 4682012 (S.D.N.Y. 2018) ............................................................................ 7

*Max Sound Corp. v. Google LLC*,
  2018 WL 1697107 (N.D. Cal. Apr. 6, 2018) ............................................................. 13

*Padgett v. Loventhal*,
  2015 WL 6449389 (N.D. Cal. 2015) ........................................................................... 8

*Perez v. AC Roosevelt Food Corp.*,
   744 F.3d 39 (2d Cir. 2013) .................................................................................. 1, 8, 11

*Radio Television Espanola S.A. v. New World Entm't, Ltd.*,
   183 F.3d 922 (9th Cir. 1999) ..................................................................................... 8, 9

*Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating*
   *Engineers & Participating Employers*,
   571 U.S. 177 (2014) ..................................................................................................... 10

*Sibia Neurosciences, Inc. v. Cadus Pharm. Corp*,
   1999 WL 33554683 (S.D. Cal. Mar. 10, 1999) .......................................................... 12

*Skydive Arizona, Inc. v. Quattrocchi*,
   2010 WL 2534200 (D. Ariz. June 18, 2010) ............................................................. 13

*UMG Recordings, Inc. v. BCD Music Grp., Inc.*,
   2012 WL 12882702 (C.D. Cal. Oct. 3, 2012) ....................................................... 12, 13

*Whitaker v. Garcetti*,
   486 F.3d 572 (9th Cir. 2007) ....................................................................................... 10

*Yue v. Storage Tech. Corp.*,
   2008 WL 4665846 (N.D. Cal. Oct. 21, 2008) .............................................................. 8

**Statutes**

28 U.S.C. § 1963 .................................................................................... 2, 3, 6, 12, 14

**Other Authorities**

Fed. R. App. P. 4(a)(1)(A) ............................................................................................ 1, 11

Fed. R. App. P. 4(a)(7)(A)(i) ............................................................................................ 11

Fed. R. App. P. 4(a)(7)(A)(ii) ........................................................................................... 11

Fed. R. Civ. Proc. 58 ................................................................................................ 1, 6, 9, 10

Fed. R. Civ. Proc. 58(a)(3) ................................................................................................. 7

Fed. R. Civ. Proc. 58(c)(2)(B) .......................................................................................... 10

Fed. R. Civ. Proc. 60(a) ................................................................................................. 2, 6

Local Rule 7-3 .................................................................................................................. 6

Local Rule 58-6 .......................................................................................... 8, 9, 10, 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion, Defendant Donald J. Trump ("Mr. Trump") requests that the Court issue an Order certifying the December 11, 2018 Order in this action [ECF No. 46] awarding Mr. Trump a total of $293,052.33 in attorneys' fees and sanctions against Plaintiff Stephanie Clifford ("Ms. Clifford") (the "Attorneys' Fees Order") for registration in the Southern District of Ohio, where that court is holding $450,000 in settlement funds to be paid to Ms. Clifford. The Clerk of this Court previously certified the Attorneys' Fees Order for registration, but recently issued a Notice stating its prior certification was made in error (the "Clerk's Notice"), thereby necessitating the instant Motion.

As set forth herein, the Clerk's initial certification of the Attorneys' Fees Order was appropriate and should not have been disturbed. Nonetheless, this Court's independent certification of the Attorneys' Fees Order is proper.

***First,*** the Attorneys' Fees Order is a final judgment under well-settled law. Federal Rule of Civil Procedure 58, as amended in 2002, unambiguously provides that an order on a motion for attorneys' fees is itself a judgment and does not need to be reduced into a separate document. Following this amendment, courts have universally held that an attorneys' fees order, like the one herein, is itself a judgment. *See e.g., S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161 (9th Cir. 2014); *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41-42 (2d Cir. 2013). Further, the judgment is final because Ms. Clifford never sought to appeal the Attorneys' Fees Order, and the time for her to appeal the Order has long since expired. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case… the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). These reasons alone are sufficient grounds for the Court to grant this Motion and certify the Attorneys' Fees Order or, in the alternative, correct and/or strike the Clerk's Notice because its prior certification of

the Attorneys' fees order was proper.

***Second,*** even if the Attorneys' Fees Order were considered to be part of Ms. Clifford's pending appeal of the Order granting Mr. Trump's Anti-SLAPP Motion (which it should not since they are independent and separately appealable Orders), there remains good cause to certify the Attorneys' Fees Order under 28 U.S.C. § 1963. Ms. Clifford has not obtained a supersedeas bond in connection with her appeal of the Anti-SLAPP Motion, and good cause merely requires "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum," both of which are present here. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.,* 259 F.3d 1186, 1197-98 (9th Cir. 2001). To Mr. Trump's knowledge, Ms. Clifford does not possess any assets in this jurisdiction. Ms. Clifford is a resident of Texas and owns no real property in California. In contrast, she possesses substantial assets in the Southern District of Ohio in the form of the $450,000 in settlement funds being held by that court.

Accordingly, Mr. Trump respectfully requests that the Court certify the Attorneys' Fees Order for registration in the Southern District of Ohio pursuant to 28 U.S.C. § 1963, or in the alternative correct and/or strike the Clerk's April 10, 2020 Notice pursuant to Federal Rule of Civil Procedure 60(a).

## II. STATEMENT OF FACTS

### A. The Court Dismisses This Action and Grants Mr. Trump Attorneys' Fees and Sanctions

On April 30, 2018, Ms. Clifford filed this case against Mr. Trump in the United States District Court, Southern District of New York, asserting a single claim for defamation. [*See* SDNY Case No. 18-CV-03842, ECF No. 1.] On August 13, 2018, this case was transferred to the United States District Court, Central District of California, the Honorable S. James Otero presiding. [ECF No. 20.]

On August 27, 2018, Mr. Trump filed a Motion to Dismiss/Strike Plaintiff's defamation claim pursuant to Texas Anti-SLAPP law (the "Anti-SLAPP Motion").

[ECF No. 28.]  After the Anti-SLAPP Motion was fully briefed and oral argument was heard, Judge Otero granted the Anti-SLAPP Motion on October 15, 2018 (the "Anti-SLAPP Order").  [ECF No. 36.]  On the same date, October 15, 2018, Ms. Clifford filed a Notice of Appeal of the Anti-SLAPP Order.  [ECF No. 37.]

On October 29, 2018, Mr. Trump filed a Motion for Attorneys' Fees and Monetary Sanctions ("Motion for Attorneys' Fees").  [ECF No. 39.]  After the Motion for Attorneys' Fees was fully briefed and oral argument was heard, on December 11, 2018 Judge Otero granted Mr. Trump's Motion for Attorneys' Fees and issued the Attorneys' Fees Order awarding Mr. Trump a total of **$293,052.33** in attorneys' fees and sanctions.  [ECF No. 46.]  Thereafter, Ms. Clifford did not file a notice of appeal of the Attorneys' Fees Order or obtain a supersedeas bond in connection with either the Attorneys' Fees Order or the Anti-SLAPP Order.  [Harder Dec., ¶ 2.]

### B. Mr. Trump Registers the Attorneys' Fees Order in the Southern District of Ohio After Ms. Clifford Settles Her Case Against the City of Columbus, Ohio

On January 14, 2019, Ms. Clifford filed a Complaint in the United States District Court, Southern District of Ohio against various police officers in the Columbus, Ohio Division of Police alleging false arrest, malicious prosecution, civil conspiracy and abuse of process, arising out of her arrest at an adult entertainment venue in Columbus, Ohio on July 11, 2018 (*Clifford v. Keckley, et al.*, Southern District of Ohio Case No. 19-cv-00119) (the "Ohio Action").  [Complaint in Ohio Action, Ex. A to Declaration of Charles J. Harder ("Harder Dec.").]

Following reports in the media that Ms. Clifford had reached a settlement with the defendants in the Ohio Action in the amount $450,000, on September 30, 2019, Mr. Trump obtained the Central District of California Clerk's Certification of the Attorneys' Fees Order for registration in another district pursuant to 28 U.S.C § 1963. [Certified Attorneys' Fees Order, Ex. B to Harder Dec.]  On October 8, 2019, Mr. Trump registered this certified copy of the Attorneys' Fees Order as a Foreign

Judgment with the United States District Court, Southern District of Ohio [ECF No. 43 in Ohio Action; ECF No. 1 in *Clifford v. Trump,* Southern District of Ohio Case No. 19-mc-00047.]

On November 13, 2019, in the Ohio Action, Ms. Clifford filed a Motion to Vacate Mr. Trump's registration of the Attorneys' Fees Order as a registered judgment on the grounds that the Order purportedly did not constitute a final judgment. [ECF No. 47 in Ohio Action.]

Following a status conference between all parties, including the interested parties of Mr. Trump and Ms. Clifford's prior attorney, Michael Avenatti, the Southern District of Ohio court entered an Order on November 18, 2019 ordering the settlement proceeds to be deposited with the Clerk. [ECF No. 50 in Ohio Action.] The court further ordered the parties to brief the narrow issue of whether Ms. Clifford's current attorneys "should be able to collect their attorney's fees before the Court adjudicates the interests of any other parties," and stayed briefing on Ms. Clifford's Motion to Vacate, among other issues, until resolution of the aforementioned issue. [*Id.*]

On December 3, 2019, the defendants in the Ohio Action deposited the settlement funds in the amount of $450,000 with the Clerk. [ECF No. 53 in Ohio Action.] Thereafter, the parties submitted their briefs with respect to the narrow issue of Ms. Clifford's Ohio attorneys' ability to collect their fees from the settlement funds ahead of the other interested parties [ECF Nos. 54-56 in Ohio Action.] Mr. Trump's brief on this issue included a detailed analysis explaining how, under well-settled law, the Attorneys' Fees Order constituted a valid and enforceable final judgment. [ECF No. 55 in Ohio Action.] As of the date of this instant Motion, the Southern District of Ohio Court has not ruled on the issue of fee priority with respect to Ms. Clifford's attorneys or any other matters with respect to the settlement funds, has not held any further status conferences with respect to the funds, and the $450,000 continues to be held by the clerk of that court. [*See* docket in Ohio Action.]

-4-
MOTION TO CERTIFY JUDGMENT OR CORRECT CLERK'S NOTICE

### C. Ms. Clifford Challenges Mr. Trump's Registration of the Judgment Through Filings in the Central District of California

On December 11, 2019, Ms. Clifford filed a Motion in this Court which, among other things, sought to vacate the Central District of California Clerk's certification of the Attorneys' Fees Order on grounds that it purportedly did not constitute a final judgment and mirrored her arguments in her filings in the Ohio Action. [ECF No. 55.] This Motion was stricken by Judge Otero for failure of Ms. Clifford's new counsel to comply with the necessary substitution of counsel procedures. [ECF No. 58.]

On March 19, 2020, Ms. Clifford re-filed her Motion to Vacate the Clerk's certification of the Attorneys' Fees Order. [ECF No. 64.]

On April 8, 2020, this action was transferred from Judge Otero to this Court. [ECF No. 65.]

On April 10, 2020, the Central District of California Clerk issued a Notice of Clerical Error, which stated that the Clerk's September 30, 2019 certification of the Attorneys' Fees Order was "issued in error" on the grounds that it "cannot be certified as a judgment" because it was a "Minute Order." [ECF No. 66.]

On April 15, 2020, this Court issued an Order denying as moot Ms. Clifford's Motion to Vacate in light of the Clerk's Notice. [ECF No. 67.]

Following issuance of the Clerk's April 10, 2020 Notice, Ms. Clifford filed the same Notice in the Ohio Action and requested that court to immediately release the settlement funds. [ECF Nos. 57, 59 in Ohio Action.] In response, counsel for Mr. Trump informed the Ohio court that he intended to file the instant Motion and requested that the court stay the release of the settlement funds pending the determination of this Motion [ECF No. 58, 60 in Ohio Action.] As of the date of this Motion, the Ohio court has not taken any action with respect to these funds. [*See* docket in Ohio Action.]

/ / /

On April 24, 2020, counsel for Mr. Trump and Ms. Clifford met and conferred telephonically pursuant to Local Rule 7-3, but were unable to reach a resolution, and Ms. Clifford has advised that she will oppose this Motion. [Harder Dec., ¶ 6.]

### III. ARGUMENT

#### A. Legal Standard

Title 28 U.S.C. § 1963 sets forth the requirements for certifying a judgment and registering it in a foreign district. A judgment may be certified "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id*. As detailed herein, these requirements have been satisfied because the Attorneys' Fees Order is a judgment that has become final due to expiration for the time for appeal, and there also is independent good cause to certify the judgment pursuant to the factors set forth by the Ninth Circuit in *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001).

Federal Rule of Civil Procedure 60(a) also gives the Court authority to correct clerical errors by providing, in pertinent part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Thus, the Court could also elect to simply correct and/or strike the Clerk's Notice, which would confirm the validity of the prior certification of the Attorneys' Fees Order.

#### B. The Attorneys' Fees Order is a Valid Judgment

##### 1. The Attorneys' Fees Order is a Judgment Under FRCP 58

The Clerk's April 10, 2020 Notice, which stated that the Attorneys' Fees Order cannot be certified as a judgment because it is a "Minute Order," directly contradicts Federal Rule of Civil Procedure 58. Rule 58, as amended in 2002, sets forth the

-6-
MOTION TO CERTIFY JUDGMENT OR CORRECT CLERK'S NOTICE

procedures for entry of judgment and provides that a judgment for attorneys' fees need not be set out in a separate document. Fed. R. Civ. Proc. 58(a)(3). "[S]ince 2002, Rule 58(a)(3) has provided that no separate document is required 'for an order disposing of a motion for attorney's fees under Rule 54.'" *Feldman v. Olin Corp.*, 673 F.3d 515, 516 (7th Cir. 2012). The *Feldman* Court further explained that the "no separate document" rule is not limited to attorneys' fees specifically awarded pursuant to Federal Rule of Civil Procedure 54:

> Rule 54 does not create a right to seek attorneys' fees. The right must come from somewhere else… All that the reference in Rule 58(a)(3) to "an order disposing of a motion for attorney's fees *under* Rule 54" can sensibly be understood to mean is that Rule 54, the rule on judgments, makes awards of attorneys' fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required. **Rule 58 should not be read to mean that some motions for awards of attorneys' fees are "under" Rule 54 and others are "under" something else and therefore require a separate judgment document to start the 30–day appeal time running.**

*Id.* at 517 (emphasis added).

"[A]s a general matter, parties may not move for entry of a separate judgment document on an award for attorney's fees pursuant to Rule 58(d) because that Rule only allows parties to move for the entry of a separate judgment document 'as required by Rule 58(a)' and because 58(a) exempts awards of attorney's fees from the separate judgment document requirement." *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 2018 WL 4682012, at *2 (S.D.N.Y. 2018).

Accordingly, courts routinely hold that an order on a motion for attorneys' fees, like the Attorneys' Fees Order, is a final judgment. *See S.L. ex rel. Loof v. Upland Unified Sch. Dist.,* 747 F.3d 1155, 1161-1162 (9th Cir. 2014) (holding that the lower court's order granting plaintiff's motion for attorneys' fees, rather than a subsequently

filed formal separate document, was the judgment from which time to appeal began to run); *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41-42 (2d Cir. 2013) (same); *Feldman v. Olin Corp.*, 673 F.3d 515, 516-517 (7th Cir. 2012) (same); *Yue v. Storage Tech. Corp.*, 2008 WL 4665846, at *1 (N.D. Cal. Oct. 21, 2008) (declining to enter separate formal judgment because the order adopting the Magistrate's Report and Recommendation granting defendants' motion for attorneys' fees *was the judgment from which they could collect their fees*); *see also Padgett v. Loventhal*, 2015 WL 6449389, at *1 (N.D. Cal. 2015) ("When disposing of a motion for attorney's fees under Federal Rule of Civil Procedure 54, a separate document setting out judgment is not required. Fed. R. Civ. P. 58(a). Therefore, the district court's order ruling on the issue of attorney's fees triggers the 30-day period for filing a notice of appeal.").

### 2. Ms. Clifford's Position is Contrary to Settled Law and Not Supported By Any of Her Cited Authorities

Ms. Clifford has cited no valid authority contrary to the foregoing settled law in any of her briefs on the issue in this Court, or the Ohio court. *Radio Television Espanola S.A. v. New World Entm't, Ltd.*, 183 F.3d 922 (9th Cir. 1999), which Ms. Clifford has repeatedly cited in support of her assertion that the Attorneys' Fees Order is not a valid judgment, involved an order on a motion for summary judgment, not an order awarding attorneys' fees. *Id.* at 926. Moreover, that ruling was based on the prior version of Rule 58, which required that **all** judgments be set forth on a separate document, before it was amended in 2002 to add the "no separate document" rule, which included orders on motions for attorneys' fees. *Id.* at 930. *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186 (9th Cir. 1989), which Ms. Clifford also has previously cited, involved a civil minute entry regarding the dismissal of a case prior to the 2002 amendment to Rule 58, and thus is also inapplicable. *Id.* at 1189.

Ms. Clifford's repeated attempts to support her position based on Central District of California Local Rule 58-6 is equally unavailing. Local Rule 58-6 provides: "Notation in the civil docket of entry of a memorandum of decision, an

1 opinion of the Court, or a minute order of the Clerk shall not constitute entry of
2 judgment pursuant to F.R.Civ.P. 58 and 79(a) unless specifically ordered by the
3 judge." To begin, the Attorneys' Fees Order was not a notation in the civil docket
4 entry. Rather, it was a detailed written order by Judge Otero. The fact that the
5 Attorneys' Fees Order is titled "Civil Minutes – General" is of no assistance to Ms.
6 Clifford.

7 Moreover, the Ninth Circuit in *Radio Television Espanola S.A. v. New World*
8 *Entm't, Ltd*. held that the procedure set forth in this Local Rule **is not applicable** to
9 actual written judgments in compliance with Rule 58. 183 F.3d at 931, n.9. Thus,
10 Judge Otero's Attorneys' Fees Order is in compliance with Local Rule 58-6 since the
11 Order itself is the judgment under Rule 58. Consistent with the Ninth Circuit's
12 decision in *Radio Television*, courts in the Central District of California have held
13 that, following the 2002 amendment to Rule 58 containing the "no separate
14 document" rule, orders on motions for attorneys' fees are valid, enforceable
15 judgments without running afoul of Local Rule 58-6. *See e.g., S.L. ex rel. Loof v.*
16 *Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161 (9th Cir. 2014) (holding Central
17 District's order on motion for attorneys' fees was judgment entered as of the date it
18 was entered on the docket); *Condon v. Condon*, 2008 WL 11338132, at *1, n.1, *7
19 (C.D. Cal. 2008) (issuing **minute order** granting motion for attorneys' fees but
20 declining moving party's request that the award be set out in a separate judgment
21 because Rule 58 provides that a separate document is not required).

22 Ms. Clifford's interpretation of the Local Rule 58-6 disregards the foregoing
23 legal authorities, directly conflicts with the explicit "no separate document"
24 provisions set out by Rule 58, and ignores the principle that local rules cannot conflict
25 with federal statutes and rules. *See* Fed. R. Civ. Proc. 83(a); *E.E.O.C. v. U.S. Bakery*,
26 2003 WL 23538023, at *2 (D. Or. Nov. 20, 2003), citing *Mutual Fund Investors, Inc.*
27 *v. Putnam Mgmt*. 553 F.2d 620, 625 (9th Cir.1977) ("A court's local rule is invalid if
28 it conflicts with the Federal Rules of Civil Procedure.").

### 3. The Attorneys' Fees Order is Still a Judgment Even if Ms. Clifford's Incorrect Interpretation of the Law is Accepted

Even if Ms. Clifford's incorrect reading of Local Rule 58-6 were adopted by this Court and judgment was not entered at the time Judge Otero entered the Attorneys' Fees Order because a separate document was required, Rule 58 provides that where a separate document is required but not entered, judgment is still entered **150 days** following the pertinent entry on the civil docket. Fed. R. Civ. Proc. 58(c)(2)(B). Thus, even if Ms. Clifford's assertion that Local Rule 58-6 prevented entry of judgment on the date the Attorneys' Fees Order was entered on the docket (December 11, 2018) were adopted (which it should not), judgment still would have been entered 150 days later— **May 10, 2019**.

As such, the Attorneys' Fees Order is a valid judgment despite being titled "Civil Minutes – General."

### C. The Attorneys' Fees Order is Final Because the Time to Appeal Has Expired

The Attorneys' Fees Order is an independent and separately appealable judgment, and "raises legal issues collateral to and separate from the decision on the merits." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) (internal quotations omitted) (holding that deadlines to appeal order on merits and order on attorneys' fees are independent and based on date each order is entered); *see also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 571 U.S. 177, 190 (2014) (same). Moreover, in *Whitaker v. Garcetti*, 486 F.3d 572, 586 (9th Cir. 2007), the Ninth Circuit, faced with a similar situation as here, held that there was appellate jurisdiction to review the lower court order on the underlying merits, but no appellate jurisdiction to review the lower court's subsequent order on a motion for attorneys' fees because no separate notice of appeal was filed for the fee order.

/ / /

"In a civil case…the notice of appeal…must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This time limit is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 264 (1978). "A judgment or order is entered for purposes of this Rule if Federal Rule of Civil Procedure 58(a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)." Fed. R. App. P. 4(a)(7)(A)(i).

Here, the Attorneys' Fees Order was entered on the docket on December 11, 2018, and if Ms. Clifford wished to appeal the Order, she was required to file a notice of appeal no later than January 10, 2019.[1] It is undisputed that Ms. Clifford did not file a notice of appeal of the Attorneys' Fees Order or obtain a bond by that date or any time thereafter, and thus the time for her to appeal the Order has expired, rendering the Order final. *See, Perez v. AC Roosevelt Food Corp.,* 744 F.3d 39, 41-42 (2d Cir. 2013) (dismissing appeal of order granting plaintiff's motion for attorneys' fees as untimely because notice of appeal was not filed within 30 days of the date the order granting motion was entered on the docket); *S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161-1162 (9th Cir. 2014) (same).

Accordingly, the Court may certify the Attorneys' Fees Order for registration in the Southern District of Ohio, or correct and/or strike the Clerk's April 10, 2020 Notice, because the Order is a judgment, and the time to appeal it has long since expired.[2]

---

[1] Even if Ms. Clifford's incorrect interpretation of Local Rule 58-6 were adopted, she would have been required to file a notice of appeal no later than June 9, 2019 (150 days after the December 11, 2018 entry of the Attorneys' Fees Order plus 30 days), which she did not do. Fed. R. App. P. 4(a)(7)(A)(ii).

[2] Mr. Trump's prior Notice of Lodging a formal separate judgment on the Attorneys' Fees Order [ECF No. 47], which Ms. Clifford has erroneously described as a "motion" in numerous filings, has no impact on the above analysis or change the fact that the Attorneys' Fees Order is a valid final judgment. *See S.L. ex rel. Loof.,*

(footnote continued)

## D. In the Alternative, There is Good Cause to Certify the Attorneys' Fees Order Pursuant to 28 U.S.C. § 1963

Even if the Attorneys' Fees Order were considered to be part of Ms. Clifford's pending appeal of the Anti-SLAPP Order (which it should not since they are independent and separately appealable Orders), certification of the Attorneys' Fees Order for registration in the Southern District of Ohio is still proper under 28 U.S.C. § 1963. Again, Ms. Clifford has not obtained a supersedeas bond in connection with her appeal of the Anti-SLAPP Order, or in connection with the Attorneys' Fees Order. [Harder Decl., ¶ 2.]

"Section 1963…permits a district court to issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of "good cause." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001). "The 'good cause' language was added to section 1963 in 1988 'to deal with the anomaly that a judgment for which no supersedeas bond had been posted was enforceable during appeal only in the rendering district.'" *Sibia Neurosciences, Inc. v. Cadus Pharm. Corp*, 1999 WL 33554683, at *6 (S.D. Cal. Mar. 10, 1999), citing *Pacific Reinsurance Management Corp. v. Fabe*, 929 F.2d 1215, 1218 (7th Cir.1991).

Good cause is typically found "where there is an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Columbia Pictures Television, Inc.*, 259 F.3d at 1197-98; *see also UMG Recordings, Inc. v. BCD Music Grp., Inc.,* 2012 WL 12882702, at *3 (C.D. Cal. Oct. 3, 2012). To satisfy these factors, "Plaintiff is not required to produce 'the details of Defendants' finances or evidence that would have been admissible at trial'… Rather,

---

*supra,* 747 F.3d at 1161 ("[I]f, after filing a final disposition, a court files a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period.").

plaintiff's burden is **'minimal.'**" *Kreidler v. Pixler*, 2011 WL 13193276, at *1 (W.D. Wash. May 13, 2011), *Kowalski v. Mommy Gina Tuna Res.*, 2009 WL 1322367, at *1 (D. Haw. May 8, 2009), as amended (May 20, 2009) (emphasis added).

These factors are easily satisfied in this case. First, Ms. Clifford lacks assets in this jurisdiction. As reflected in the attached asset search for Ms. Clifford, she does not currently reside in California or possess any real property in the state and has not maintained a residence in California since at least 2007, all of which is consistent with her allegations in her Complaint in this action and in the Ohio Action that she is a resident of Texas. [*See* Public Records Search, Ex. C to Harder Dec.; Complaint, ¶ 1; Complaint in Ohio Action, ¶ 9, Ex. A to Harder Dec.] As such, Ms. Clifford lacks sufficient assets in California, much less the Central District of California, to satisfy the Attorneys' Fees Order. *See Max Sound Corp. v. Google LLC,* 2018 WL 1697107, at *2 (N.D. Cal. Apr. 6, 2018) (holding first good cause factor satisfied by defendant's undisputed representation that plaintiff lacked "few, if any, assets" in rendering district); *Best W. Int'l, Inc. v. AV Inn Assocs. 1, LLC,* 2011 WL 13160912*,* at *2 (D. Ariz. Feb. 22, 2011) (holding first good cause factor satisfied where "no evidence in record [to] suggest[]" defendants had assets in rendering district); *Skydive Arizona, Inc. v. Quattrocchi,* 2010 WL 2534200, at *5 (D. Ariz. June 18, 2010) (granting motion to certify judgment on grounds that defendants "primarily" had assets in state other than rendering district).

Second, it is undisputed that Ms. Clifford possesses substantial assets in the Southern District of Ohio: the $450,000 in settlement funds that are currently being held by that Court. *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, 2012 WL 12882702, at *4 (C.D. Cal. Oct. 3, 2012) (holding evidence of one defendant receiving income of more than $150,000 and second defendant receiving income of more than $48,000 in Southern District of New York satisfies substantial asset factor for certification in that district).

/ / /

-13-
MOTION TO CERTIFY JUDGMENT OR CORRECT CLERK'S NOTICE

Accordingly, because Ms. Clifford lacks assets in this district and possesses substantial assets in the Southern District of Ohio, there is good cause to certify the Attorneys' Fees Order for registration there.

## IV. CONCLUSION

For the foregoing reasons, Mr. Trump respectfully requests that the Court certify the Attorneys' Fees Order for registration in the Southern District of Ohio pursuant to 28 U.S.C. § 1963 or, in the alternative, correct and/or strike the Clerk's April 10, 2020 Notice in this action.

Dated: May 4, 2020                     HARDER LLP

By: */s/ Charles J. Harder*
    CHARLES J. HARDER
    Attorneys for Defendant
    DONALD J. TRUMP