**CLARK O. BREWSTER, OBA # 1114,** *Admitted* **Pro Hac Vice**
cbrewster@brewsterlaw.com
**MBILIKE M. MWAFULIRWA, OBA # 31164,** *Admitted* **Pro Hac Vice**
mmm@brewsterlaw.com
**BREWSTER & DE ANGELIS**
**2617 E. 21st St.**
**Tulsa, OK 74114**
**Telephone:  (918) 742-2021**

**David Olan**
david@olanlaw.com
**Troy Skinner**
Troy@olanlaw.com
**Olan Law Office**
**212 Marine Street, Suite 100,**
**Santa Monica, CA 90405**
**Telephone:  (310) 566-0010**
*Attorneys for Plaintiff Stephanie Clifford*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHANIE CLIFFORD a.k.a. STORMY DANIELS,**<br><br>         **Plaintiff,**<br><br>   **v.**<br><br>**DONALD J. TRUMP,**<br><br>         **Defendant**. | Case No. 2:18-cv-06893-JLS-FFM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**<br>**[Declaration of Clark O. Brewster and exhibits filed concurrently]**<br><br>Assigned for All Purposes to the Hon. Josephine L. Staton<br><br>Action Filed: April 30, 2018<br><br>**Hearing Date: July 17, 2020**<br>**Hearing Time: 10:30 am**<br>**Location: 411 West 4st Street**<br>**Courtroom 10A, 10th Floor,**<br>**Santa Ana, CA 92701** |

**PLAINTIFF'S RESPONSE TO MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**

# **TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT ..................................... 1

I.     BACKGROUND ........................................................... 4

II.    MEMORANDUM OF POINTS AND LAW ................................. 5

    A.  Rule 58 required a separate document for the monetary awards in this case .................................................................................... 5

    B.  When read together, Fed. R. Civ. P. 58 and 79 make clear that a separate document is required ..................................................... 8

    C.  Mr. Trump's attempts to undermine the Ninth Circuit's holding in *Radio Television Espanola v. New World Entertainmnet, Ltd.* are without merit ... 9

    D.  Because Mr. Trump has never secured a judgment, his application under 28 U.S.C. §1963 fails ................................................................. 13

III.   CONCLUSION ............................................................ 14

## **Cases**

*Armstrong v. Ahitow*,
   36 F.3d 574 (7th Cir. 1994) ............................................................... 12

*ASARCO, LLC v. Celanese Chem. Co.*,
   792 F.3d 1203 (9th Cir. 2015) ....................................................... 3, 11

*Ash v. Cvetkov*,
   739 F.2d 493 (9th Cir. 1984) ............................................................ 12

*Bankers Trust Co. v. Mallis*,
   435 U.S. 381 (1978) .............................................................. 2, 7, 12

*Burton v. Stevedoring Servs. of Am.*,
   196 F.3d 1070 (9th Cir. 1999) ............................................................ 6

*Carter v. Beverly Hills Sav. & Loan Ass'n*,
   884 F.2d 1186 (9th Cir. 1989) ....................................................... 3, 14

*Casey v. Albertson, Inc.*,
   362 F.3d 1254 (9th Cir. 2004) ...................................................... 10, 12

*Champion Produce, Inc. v. Ruby Robinson Co.*,
   342 F.3d 1016 (9th Cir. 2003) ............................................................ 6

*Columbia Pic. Tele., Inc. v. Krypton Broad. of Birm., Inc.*,
   259 F.3d 1186 (9th Cir. 2001) ........................................................... 13

*Cooper Ind., Inc. v. Aviall Servs., Inc.*,
   543 U.S. 157 (2004) ...................................................................... 8

*Feldman v. Olin Corp.*,
   673 F.3d 515 (7th Cir. 2012) ............................................................. 8

*Gonzalez v. Arizona*,
   677 F.3d 383 ............................................................................. 9

*Hernandez v. Mesa*,
   140 S. Ct. 735 (2020) ................................................................... 11

**PLAINTIFF'S RESPONSE TO MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**

*Hillis v. Heineman*,
  626 F.3d 1014 (9th Cir. 2010) ................................................................. 6

*In re Maxitile, Inc.*,
  237 F. App'x 274 (9th Cir. 2007) ........................................................... 9

*Klocke v. Watson*,
  936 F.3d 240 (5th Cir. 2019) ................................................................. 4

*Maslenjak v. United States*,
  137 S. Ct. 1918 (2017) ........................................................................ 13

*Monge v. Rojas*,
  150 F. Supp. 3d 1244 (D.N.M. 2015) .............................................. 13, 14

*Padgett v. Loventhal*,
  2015 WL 6449389 (N.D. Cal. 2015) ....................................................... 8

*Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*,
  426 F.3d 1162 (9th Cir. 2005) ............................................................... 7

*Perez v. AC Roosevelt Food Corp.*,
  744 F.3d 39 (2d Cir. 2013) ................................................................... 7

*Radio Tele. Espanola SA v. New World Ent'mt*,
  183 F.3d 922 (9th Cir. 1999) .......................................................... Passim

*Royal Foods Co. v. RJR Hold., Inc.*,
  252 F.3d 1102 (9th Cir. 2001) ............................................................. 11

*S.L. ex rel. Loof v. Upland Unified Sch. Dist.*,
  747 F.3d 1155 (9th Cir. 2014) ............................................................... 7

*Sali v. Corona Reg'l Med. Ctr.*,
  884 F.3d 1218 (9th Cir. 2018) ............................................................... 6

*Schneider v. Chertoff*,
  450 F.3d 944 (9th Cir. 2006) ................................................................. 1

**PLAINTIFF'S RESPONSE TO MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**

*Souratgar v. Lee Jen Fair*,
   818 F.3d 72 (2d. Cir. 2016) .......................................................................... 6, 7

*United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*,
   501 F.3d 283 (3d Cir. 2007) ............................................................................. 9

*United States v. Saeteurn*,
   504 F.3d 1175 (9th Cir. 2007) ........................................................................ 2

*United States v. Vonn*,
   535 U.S. 55 .................................................................................................... 10

*United States v. Watkins*,
   278 F.3d 961 (9th Cir. 2002) ....................................................................... 6, 7

*Yue v. Storage Tech. Corp.*,
   2008 WL 4665846 (N.D. Cal. Oct. 21, 2008) ................................................ 8

## <u>Statutes</u>

28 U.S.C. §1963 ................................................................................... Passim
42 U.S.C. §1983 .............................................................................................. 5

## <u>Rules</u>

Fed. R. App. P. 3 ............................................................................................ 11
Fed. R. App. P. 4 ............................................................................................ 11
Fed. R. App. P. 28 (j) ...................................................................................... 4
Fed. R. Civ. P. 38 .......................................................................................... 11
Fed. R. Civ. P. 54 ............................................................................................ 8
Fed. R. Civ. P. 54(a) ..................................................................................... 13
Fed. R. Civ. P. 58 .................................................................................. Passim
Fed. R. Civ. P. 58(a) ................................................................................. 8, 11
Fed. R. Civ. P. 58(a)(3) ........................................................................ Passim
Fed. R. Civ. P. 58(b) ....................................................................................... 2
Fed. R. Civ. P. 58(c) ........................................................................... 2, 10, 11
Fed. R. Civ. P. 58(d) ....................................................................... 2, 3, 11, 12
Fed. R. Civ. P. 60(a) ....................................................................................... 5

Fed. R. Civ. P. 79(a)............................................................................... 2

Fed. R. Civ. P. 81(c)............................................................................. 11

Local Rule 58-5............................................................................. 3, 12

**PLAINTIFF'S RESPONSE TO MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**

## INTRODUCTION AND SUMMARY OF ARGUMENT

After Plaintiff Stephanie Clifford's interview with *In Touch* Magazine about her affair with Mr. Trump, a stranger threatened her and her child in 2011. Ms. Clifford released publicly a sketch of the man who threatened her. But the very next day, Mr. Trump accused Ms. Clifford of making up the whole thing. Tweeting to millions of his followers world wide, Mr. Trump claimed: "A sketch years later about a nonexistent man. A total con job, playing the Fake News Media for Fools (but they know it)!" She sued him for defamation. (*See* C. Brewster Decl. Ex. A).

Following that litigation, this Court dismissed Ms. Clifford's Complaint, relying on the Texas Citizens Participation Act (TCPA), an anti-slapp statute. The Court then awarded Mr. Trump attorney fees, costs, and sanctions against Ms. Clifford based on the TCPA. The Court issued a minute order on December 11, 2018, awarding Mr. Trump $293,052.33 in attorney fees, costs, and sanctions. But this Court has never entered a final money judgment. Mr. Trump requested that this Court enter a final money judgment. That request is still pending. (*See* Dkt. No. 47).

Taking a contradictory position, Mr. Trump now claims that this Court's previous minute order is a final judgment. To get his way here, Mr. Trump has asserted two main arguments: (1) he claims that this Court's minute order awarding him attorney fees, costs, and sanctions is a final order because of Fed. R. Civ. P. 58; and (2) there is good cause for this Court to permit him to register that minute order in a federal court in Ohio under 28 U.S.C. §1963. *See* Trump Br. 1-2.

Mr. Trump's legal arguments, while self-assured, are demonstrably wrong. Begin with the obvious reason: Fed. R. Civ. P. 58(a)(3) only excuses the "separate document" requirement for orders "disposing of" motions for "attorney fees under Rule 54." *Id.* (Emphasis added). Nothing else. *See generally Schneider v. Chertoff*, 450 F. 3d 944, 954 (9th Cir. 2006) ("[T]he expression of one thing is the exclusion of another."). That matters here because the order at issue encompasses attorney

fees, costs, and sanctions—*i.e.*, more than what Rule 58 allows. After all, Rule 58 should be "mechanically applied." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978). Mr. Trump's cited cases addressed orders that *only awarded attorney's fees*, not sanctions and costs as here. Thus, Mr. Trump's cited cases are distinguishable. Rule 58 requires a separate document for the awards here.

Mr. Trump's other error was to attempt to read Fed. R. Civ. P. 58 apart from Rule 79 (a). For one, the Ninth Circuit has held that courts in this circuit should read Rule 58 and 79(a) together. *Radio Tele. Espanola SA v. New World Ent'mt*, 183 F.3d 922, 930 (9th Cir. 1999). That case is still good law. Under Rule 79(a), a separate document is effective when it's entered on the docket. *Radio Tele.*, 183 F.3d at 930. The minute order at issue does not satisfy both Rule 58 and 79.

Even though both Rule 58 and 79's requirements remain unsatisfied here, Mr. Trump claims that the default rule in Rule 58(c) applies. That rule, Mr. Trump contends, supplies an *iron-clad* default rule that if a separate judgment is required, courts should consider it entered when 150-days have run from its entry on the civil docket. But the Advisory Committee Notes to that rule undermine Mr. Trump's claims. *See United States v. Saeteurn*, 504 F.3d 1175, 1180 (9th Cir. 2007) ("We look to Advisory Committee Notes when interpreting a federal rule for 'guidance and insight.'"). The Committee Notes to Rule 58 make clear that the 150-day default rule *is not absolute* and courts can disregard it when its unchecked application would interfere with another important rule. *See* Adv. Comm. Notes to 2002 Amend. to Rule 58 (addressing the 150-day rule, the Committee Notes state that if an unchecked application of that rule *"would defeat* the *purpose of another rule,* it should be *disregarded*.") (Emphasis added).

To that end, enter Rule 58(d), which Mr. Trump triggered by filing his request for a final judgment. Rule 58(d) deals with a party's *affirmative request for a court to enter judgment*—as opposed to Rule 58 (b)&(c) which outline a default rule when

**PLAINTIFF'S RESPONSE TO MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**

a court or court clerk *fail to sua sponte* enter judgment. Rule 58(d) has no similar cut-off time for when a court must act. The question presented: is a Rule 58(d) request to a court for entry of judgment also subject to the 150-day default rule? When, as here, multiple subparts of a law are at issue, this Court must read them together and give effect to each and its purpose. *See ASARCO, LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1210 (9th Cir. 2015) ("[W]e examine . . . [Rule 58] as a whole, including *its purpose and various provisions*.") (Emphasis added).

Rule 58(d)'s drafters intended it to remove the uncertainty of when appeal times begin. When a court issues the requested judgment under Rule 58(d), that is when the clock begins. *See* Adv. Comm. Notes to 2002 Amend. to Fed. R. Civ. P. 58 ("The new provision allowing any party to move for entry of judgment on a separate document *will protect all needs for prompt commencement of the periods for motions, appeals, and execution or other enforcement*.") (Emphasis added).

This Court's Local Rules—also sensitive to those concerns—inject certainty into the finality process. Under this Court's Local Rules interpreting Fed. R. Civ. P. 58, a "[n]otation in the civil docket of *entry of a memorandum of decision, an opinion of the Court*, or a minute order of the Clerk *shall not constitute entry of judgment pursuant to Fed. R. Civ. P. 58 and 79(a) unless specifically ordered by the judge*." L.R. 58-5 (Emphasis added). All agree that this Court has never made any such order. Although Mr. Trump tussles with the validity of that Local Rule, the Ninth Circuit has upheld it. *See Radio Tele.*, 183 F.3d at 930-932. The Ninth Circuit continues to apply *Radio Television* and has never overruled that case.

Measured against these standards, Mr. Trump cannot prevail on his Rule 58 arguments. He cannot, likewise, prevail on his 28 U.S.C. §1963 argument. That provision only allows a party to register a judgment. Minute orders are not judgments. *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1189 (9th Cir. 1989). Thus, Mr. Trump cannot register a minute order under 28 U.S.C. §1963.

## I. BACKGROUND

As noted, Ms. Clifford sued Mr. Trump for a defamatory tweet. Mr. Trump moved to dismiss the Complaint, coupled with a motion to strike, based on a Texas anti-SLAPP statute. Mr. Trump asserted that Texas substantive law applied to the lawsuit. As a result, Mr. Trump claimed, the Texas anti-SLAPP statute—The Texas Citizens' Participation Act—applied. Under that statute, a defendant can attain relief by showing that the targeted speech is a matter of public concern. When a defendant shows that, the statute mandates dismissal. (C. Brewster Decl. Ex. B).

The Court agreed with Mr. Trump and dismissed Ms. Clifford's lawsuit holding that the Texas anti-SLAPP statute applied.[1] *Id.* Ms. Clifford's appeal is pending before the Ninth Circuit. *Clifford v. Trump*, Case No. 18-56351.[2] *Id.*

While that appeal was pending, Mr. Trump moved for attorney fees and costs under the Texas anti-SLAPP statute. This Court entered an order titled "CIVIL MINUTES - GENERAL" in which it awarded Mr. Trump $293,052.33 in attorney fees and costs. (*See* C. Brewster Decl. Ex. C). Then, Mr. Trump requested that this Court enter a final judgment. (*See* C. Brewster Decl. Ex. D). That request is still pending, and this Court has yet to enter a final money judgment. *Id.*

---

[1] Throughout this litigation, whether the TCPA applied in federal court was an open question in the Fifth Circuit; the federal appellate court that oversees diversity jurisdiction appeals involving Texas law. But as noted, the Fifth Circuit recently held that the TCPA does not apply in federal court in diversity jurisdiction cases. *Klocke v. Watson*, 936 F.3d 240, 245-246 (5th Cir. 2019). Thus, a substantial reason for this Court's dismissal of Ms. Clifford's case and the sole basis for the attorney fees and costs award, was a law that should not have been applied in the first place. Ms. Clifford filed an original and supplemental Fed. R. App. P. 28 (j) letter brief in her pending Ninth Circuit Court of Appeals appeal on the TCPA's applicability. That appeal is pending. (*See* C. Brewster Decl. p. 2).

[2] The Ninth Circuit held oral argument on February 4, 2020. The case is ripe for decision. (*See* C. Brewster Decl. p. 2).

**PLAINTIFF'S RESPONSE TO MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**

Recently, Ms. Clifford obtained a settlement in an unrelated matter pending in the Southern District of Ohio for a violation of her civil rights under 42 U.S.C. §1983 by individual officers and the City of Columbus for false arrest. *Clifford v. Keckley, et al.,* U.S.D.C., Southern District of Ohio, Case No. 2:19-cv-119. The amount of settlement, $450,000.00, is a matter of public record, and it seems that word of the monies caused the Defendant to take an interest. The federal court in Ohio has not yet adjudicated the competing claims of the parties asserting liens. (C. Brewster Decl. Ex. E). Ms. Clifford filed a motion with this Court challenging the propriety of the Court of Clerk's certification of the civil minute fee award. (*See* C. Brewster Decl. Ex. F).

After Ms. Clifford filed a motion with this Court challenging the Clerk of Court's Certification of the minute order, the clerk rescinded her actions. She issued a clarification notice that made clear that the order she certified was not a judgment and that no party could register it in a foreign jurisdiction under 28 U.S.C. §1963. (*See* C. Brewster Decl. Ex. G). This Court, in turn, issued an order finding Ms. Clifford's motion moot. (*See* C. Brewster Decl. Ex. H).

Displeased with the Court Clerk's actions, Mr. Trump has moved under Fed. R. Civ. P. 60(a) and 28 U.S.C. §1963 seeking relief two-fold. Mr. Trump has moved for an order: (1) vacating the Clerk of Court's rescission of her certification of the minute order; and (2) certifying the minute order for registration under 28 U.S.C. §1963's good cause provision. Ms. Clifford opposes that relief.

## II.   ARGUMENT AND AUTHORITIES

### A.   <u>Rule 58 required a separate document for the monetary awards in this case</u>

Fed. R. Civ. P. 58 provides that a court should generally issue a "separate document" reflecting its judgment unless for an order "disposing of a motion" for "attorney fees under Rule 54." Fed. R. Civ. P. 58(a)(3). The question presented:

does this Court's December 11, 2018-minute order fit within Rule 58(a)(3)'s no-separate-document exception? Based on the clear text of the rule and ordinary rules of construction, it does not.

We begin with the text of the rule and apply ordinary rules of construction. Principles of statutory construction apply to the Federal Rules of Civil Procedure. *See Hillis v. Heineman*, 626 F.3d 1014, 1017 (9th Cir. 2010). Based on that established rule construction framework, "[w]hen interpreting the scope of a Federal Rule of Civil Procedure, we begin with the text." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221 (9th Cir. 2018). As noted above, Fed. R. Civ. P. 58 provides that a district court should generally issue a "separate document" reflecting its judgment unless for an order "disposing of a motion" for "attorney fees under Rule 54." Fed. R. Civ. P. 58(a)(3). Nothing else. If, as here, "the [rule] is clear and unambiguous, that is the end of the matter." *Burton v. Stevedoring Servs. of Am.*, 196 F.3d 1070, 1072 (9th Cir. 1999). A federal court cannot add words to a clear rule. *United States v. Watkins*, 278 F.3d 961, 965 (9th Cir. 2002) ("[A] court should not read words into a [rule] that are not there.").

As applied here, the minute order at issue does not fit within Rule 58(a)(3)'s no–separate–document exception. That order awarded Mr. Trump three classes of monetary exactions: (1) attorney fees, (2) <u>costs,</u> and (3) <u>sanctions</u>. (Ex. C). It has been long settled that under the Federal Civil Procedure Rules, costs and attorney fees are two separate exactions; they are not interchangeable. *See Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1030 (9th Cir. 2003). That matters here because other federal courts have held that when, as here, an order disposes and awards more than attorney fees, it is broader than what Rule 58(a)(3) allows. *Souratgar v. Lee Jen Fair*, 818 F.3d 72, 78 (2d. Cir. 2016). That is because, by its clear terms, Rule 58(a)(3) only applies to orders for "<u>attorney fees</u> under Rule 54." *Id.* (emphasis added). This strict reading of the rule reflects the Supreme

Court's ruling that Rule 58 should be "mechanically applied." *Bankers Trust*, 435 U.S. at 386. And it also tracks a longstanding judicial review principle: that "a court should not read words into a [rule] that are not there." *Watkins*, 278 F.3d at 965.

*Souratgar* reflects a faithful application of these principles. In that case, the district court had ordered the losing party to pay not only attorney's fees but also expenses of transcription, lodging, travel, a fact witness, and reimbursable expenses under a federal statute. In sum, since the monetary award in that case was more than just an "attorney fees" order, the Second Circuit reasoned, it was broader than what Rule 58(a)(3) allows. *Souratgar*, 818 F.3d at 78. Similarly, here, because Judge Otero's order awarded Mr. Trump more than what Rule 58(a)(3) permits, that order is outside the no-separate-document exception. If this Court were to judicially rewrite and broaden Rule 58(a)(3) to permit the order at issue (with all its add-ons), it would evoke "the thud of square pegs being pounded into round holes." *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 426 F.3d 1162, 1193 (9th Cir. 2005) (Kozinski, J., concurring), *rev'd and remanded*, 551 U.S. 701 (2007), *and vacated*, 498 F.3d 1059 (9th Cir. 2007). That would be a straightforward error.

In his motion, Mr. Trump relied mainly on two cases: *S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161-1162 (9th Cir. 2014) and *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41-42 (2d Cir. 2013). Those cases are, however, not controlling here. As the Second Circuit noted in distinguishing both those cases in *Souratgar*: those two cases addressed orders *that strictly only awarded attorney's fees*. There were no sanctions or costs in those orders, like we have here. Those sanctions and costs add-ons (present here and in *Souratgar*) but not in *S.L. ex rel. Loof* and *Perez*, make those latter cases inapplicable here. In other words, those two cases (*S.L. ex rel. Loof* and *Perez*) did not address or speak to an order like we have here, which is broader than what Rule 58(a)(3) allows. That matters because a case is not precedent for questions or scenarios it did not consider.

**PLAINTIFF'S RESPONSE TO MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**

*Cooper Ind., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) ("*Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon*, are not to be considered as having been so decided as to constitute precedents.") (Emphasis added). In short, Rule 58(a) required a separate judgment.

Mr. Trump's other case—*Feldman v. Olin Corp.*, 673 F.3d 515 (7th Cir. 2012)—is not to the contrary. In that case, the district court awarded attorney fees as sanctions against plaintiff for abusive litigation. *Id.* at 516 (district court "ordered the plaintiff to pay [defendant's] the attorneys' fees that it had incurred in defending the suit"). Thus, the order in *Feldman* was simply an attorney's fees order with no other monetary add-ons, unlike the order at issue here. Put differently, the order in *Feldman was not* broader than what Rule 58(a)(3) allows. *See* Fed. R. Civ. P. 58(a)(3) (provision only applies to orders for "attorney fees under Rule 54" without other monetary add-ons). Thus, *Feldman* is not controlling.

For those same reasons, Mr. Trump's cited lower court cases are inapplicable. *See, e.g.*, *Yue v. Storage Tech. Corp.*, 2008 WL 4665846, at *1 (N.D. Cal. Oct. 21, 2008) (court "adopted the Magistrate Judge's Report and Recommendation *granting attorneys fees* to Defendants") (emphasis added). Mr. Trump cited *Padgett v. Loventhal*, 2015 WL 6449389, at *1 (N.D. Cal. 2015) for the proposition that "[w]hen *disposing of a motion for attorney's fees* under Federal Rule of Civil Procedure 54, a separate document setting judgment is not required. Fed. R. Civ. P. 58(a)." Trump Br. 8 (emphasis added). That rule, is not contrary to our position.

## B. When read together, Fed. R. Civ. P. 58 and 79 make clear that a separate document is required

Throughout his moving papers, Mr. Trump has mostly focused on Fed. R. Civ. P. 58, ignoring the import of Rule 79 altogether. That was an error. For one, as noted, the Ninth Circuit has held that courts in this circuit should read Rule 58 and 79(a) together. *Radio Tele. Espanola SA v. New World Ent'mt*, 183 F.3d 922, 930

**PLAINTIFF'S RESPONSE TO MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**

(9th Cir. 1999). That case is still good law. What's more, under longstanding precedents, an order satisfies the separate document requirement when: (1) it is self-contained and separate from the opinion; (2) the order notes the relief granted; and (3) the order omits (or at least substantially omits) the district court's reasons for disposing of the parties' claims. *See In re Maxitile, Inc.*, 237 F. App'x 274, 275 (9th Cir. 2007) ("[a] sheet containing the judgment, usually prepared by the clerk, must be 'distinct from any opinion or memorandum.'") (citations omitted); *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 287 (3d Cir. 2007). By Mr. Trump's own telling, Judge Otero's minute order "was a detailed written order . . . ." Trump Br. 9. That order had citation to authority and reasons for disposing of the applications. Thus, it was not a separate document that reflects a judgment. *See* Advis. Comm. Notes to Fed. R. Civ. P. 58 (the separate document rule requires "a separate document that recites the terms of the judgment *without offering additional explanation or citation of authority*.") (emphasis added).

All that leads to this point: The Ninth Circuit has held that "Civil Minutes General" or "minute order[s]" are not judgments. *Radio Tele.*, 183 F.3d at 930-932. Until the district court enters an order that satisfies both Rule 58 and 79, the appeal time does not begin. *Id.*

## C.  Mr. Trump's attempts to undermine the Ninth Circuit's holding in *Radio Television Espanola v. New World Entertainment, Ltd* are without merit

The Ninth Circuit has never overruled *Radio Tele. Espanola SA v. New World Ent'mt*, 183 F.3d 922 (9th Cir. 1999). Generally, a panel decision of the Ninth Circuit is binding on lower courts as soon as it is published and remains controlling authority until the Supreme Court or an en banc court withdraws or reverses it. *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n. 4 (9th Cir. 2012) (en banc). On this reasoning, *Radio Television* still controls.

Mr. Trump claims, however, that the 2002 Amendments to Fed. R. Civ. P. 58 have repudiated *Radio Television*. Those amendments, Mr. Trump contends, supplied an iron-clad default rule that if a separate judgment is required, and a district court fails to enter one, courts should consider it entered when 150-days have run from its entry on the civil docket. *See* Fed. R. Civ. P. 58(c). But the 2002 Amendments have not repudiated *Radio Television* for three reasons. First, in post-2002 cases, the Ninth Circuit has continued to apply *Radio Television* and explained its continued application today. In *Casey v. Albertson, Inc.*, 362 F.3d 1254 (9th Cir. 2004), for example, the Ninth Circuit explained that *Radio Television's* requirement that—"[o]nly when both" rules Rule 58 and Rule 79(a) are satisfied is there a judgment—is still good law. *Casey*, 362 F.3d at 1258. That is because the court applies *Radio Television* (and cases of similar import) "to salvage" cases like this one, where "the appealability of a case where it may have been unclear in the district court which document was the final judgment." *Casey*, 362 F.3d at 1259.

Second, Mr. Trump exaggerates the import of Fed. R. Civ. P. 58(c). Reading that rule in isolation (which we contend is error), Mr. Trump suggests that it supplies an iron-clad rule that if a separate judgment is required, courts should consider it entered when 150-days have run from its entry on the civil docket. We, in turn, measure that argument against the Advisory Committee Notes. *See United States v. Vonn*, 535 U.S. 55, 64 n. 6 (2002) ("[T]he Advisory Committee Notes provide a reliable source of insight into the meaning of a Rule, especially when, as here, the rule was enacted precisely as the Advisory Committee proposed."). The Advisory Committee Notes to Rule 58 undermine Mr. Trump's argument: as those Notes make clear, the 150-day rule *is not absolute* and courts can disregard it in appropriate cases in which its unchecked application *would interfere with another important rule*. *See* Comm. Notes to 2002 Amend. to Rule 58 (addressing the 150-day rule, the Committee Notes state that if an unchecked application of that rule

**PLAINTIFF'S RESPONSE TO MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**

"*would defeat* the purpose of *another rule*, *it should be disregarded*.") (Emphasis added). After all, "[n]o law 'pursues its purposes at all costs.'" *Hernandez v. Mesa*, 140 S. Ct. 735, 741–742 (2020). So Rule 58(c) is not absolute.

Third, Mr. Trump failed to consider Rule 58(d) in his analysis. Rule 58(d) provides that a "party may *request* that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d) (emphasis added). The word "request is undefined; thus, this Court should give that term its plain meaning. *Royal Foods Co. v. RJR Hold., Inc.*, 252 F.3d 1102, 1106 (9th Cir. 2001). Ordinarily, request means "the act or an instance of asking for something." *See* https://www.merriam-webster.com/dictionary/request (May 20, 2020).

Lodging documents with federal courts is not an empty ritual. A notice of appeal lodged with the district court clerk, for example, is *a formal request* to an appellate court to exercise its review jurisdiction over a designated order and for the district court clerk to prepare a record for appeal. *See, e.g.*, Fed. R. App. P. 3 & 4. No formal motion is necessary. Likewise, affixing "Jury Trial Demanded" on a Complaint (without a formal motion) is sufficient under the Federal Rules of Civil Procedure *to formally request* a jury trial. *See, e.g.* Fed. R. Civ. P. 38 & 81(c). Viewed in light of these examples, similarly, Mr. Trump's lodging of his proposed final judgment was *a request* to this Court to enter a judgment that did not yet exist. In doing so, Mr. Trump triggered Rule 58(d). (*See* Dkt. 47). Because subparts of a law are at issue (*i.e.*, Rule 58(c) & Rule 58(d)), this Court must read them together to give effect to each and its purpose. *See, e.g.*, *ASARCO,* 792 F.3d at 1210 ("[W]e examine . . . [Rule 58] as a whole, including its purpose and various provisions.").

The drafters of Rule 58(d) intended it to remove the uncertainty of when appeal times begin. When a court issues the requested judgment, that is when the clock begins. *See* Adv. Comm. Notes to 2002 Amend. to Fed. R. Civ. P. 58 ("The new provision allowing any party to move for entry of judgment on a separate

document *will protect all needs for prompt commencement of the periods for motions, appeals, and execution or other enforcement*.") (Emphasis added). That understanding of Rule 58(d) aligns with *Bankers Trust*: courts should apply Rule 58 "to simplify and make certain the matter of appealability. . . *The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss*." *Bankers Tr.*, 435 U.S. at 386 (emphasis added). Likewise, it is reasonable to presume that the drafters of Rule 58 were also not oblivious to the fact that district courts have hundreds of cases to tend to on their dockets. *See Armstrong v. Ahitow*, 36 F.3d 574, 575 (7th Cir. 1994) ("[A] district court has only limited time to devote to each of its hundreds of cases") (citations omitted); *see also generally Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (District judges are best situated to decide when delay in a particular case interferes with docket management). All that explains why any concerns about delays occasioned by parties using the Rule 58(d) procedure—rather than being addressed by the default 150-day rule—are instead addressed by Rule 58(a)(2). *See* Adv. Comm. Notes to 2002 Amend. to Fed. R. Civ. P. 58(d) ("The *express direction in Rule 58(a)(2) for prompt action* by the clerk, and by the court if court action is required, *addresses this concern*" about delays) (emphasis added).

That reading squares with the Ninth Circuit's current understanding of *Radio Television*. It is a case designed to "salvage" cases like this one, where "the appealability of a case where it may have been unclear in the district court which document was the final judgment." *Casey*, 362 F.3d at 1259 (citations omitted).

Altogether, because the order at issue is a minute order, then under this Court's Local Rules it is not a judgment. The Court's Local Rules interpreting Rule 58 state that a "*[n]otation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to Fed. R. Civ. P. 58 and 79(a) unless specifically ordered by the judge*." L.R. 58-5 (Emphasis added); *Radio Tele.*, 183 F.3d at 930 (the Local Rules

"clarify what cannot constitute an 'entry of judgment' in the Central District under Rules 58 and 79(a)."). Mr. Trump requested a judgment, but that request is still pending. (COB Decl. Ex. D).

### D. __Because Mr. Trump has never secured a judgment, his application under 28 U.S.C. §1963 fails__

A judgment creditor can move an issuing court to order a judgment registered in a foreign federal district. *See, e.g.*, *Columbia Pic. Tele., Inc. v. Krypton Broad. of Birm., Inc.*, 259 F.3d 1186 (9th Cir. 2001). But the precondition to relief is that the movant must have a *judgment*. *See* 28 U.S.C. §1963. That, Trump does not have.

"We begin, as usual, with the [relevant] text." *Maslenjak v. United States*, 137 S. Ct. 1918, 1924 (2017). As relevant, §1963 provides:

> A <u>judgment</u> in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the <u>judgment</u> in any other district or, with respect to the Court of International Trade, in any judicial district, when the <u>judgment</u> has become final by appeal or expiration of the time for appeal or when ordered by the court that <u>entered the judgment</u> for <u>good cause shown</u>.

28 U.S.C. §1963 (emphasis added).

Construing that provision, courts have held that §1963 only allows a party to register a judgment. *Monge v. Rojas*, 150 F. Supp. 3d 1244, 1250 (D.N.M. 2015) ("Section 1963 allows a party to register only '*the judgment*' not parts of the *judgement, or more precisely*, interlocutory orders entered before judgment.") (Emphasis in original). The Federal Rules of Civil Procedure have a specific meaning for what amounts to a judgment. Under those rules, a judgment "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a) (emphasis added). But a judgment does not "include recitals of pleadings, a master's report, *or a record of prior proceedings*." *Id.* (emphasis added). Thus, even under

longstanding under Ninth Circuit precedent, minute orders—which are a record of prior court proceedings—are not judgments. *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1189 (9th Cir.1989) (A minute order is "a description of what transpired in the courtroom."). Thus, Mr. Trump cannot register a minute order.

That conclusion is also fatal to Mr. Trump's good cause argument under §1963. The "good cause shown" exception in §1963 is inseparable from the requirement for a "judgment." *See* 28 U.S.C. §1963. As shown, without a judgment, Mr. Trump cannot trigger the registration statute. *See Monge*, 150 F. Supp. 3d at 1250 ("Section 1963 allows a party to register only '*the judgment*' not parts of the judgement . . . .") (emphasis added).

## III. CONCLUSION

For all these reasons, the Court should deny Mr. Trump's entire motion.

Respectfully Submitted,

*/s/ Clark O. Brewster*
Clark O. Brewster - OBA #1114 (Admitted PHV)
Mbilike Mwafulirwa OBA #31164 (Admitted PHV)
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114

**PLAINTIFF'S RESPONSE TO MOTION TO CERTIFY OR CORRECT CLERK'S NOTICE**

## PROOF OF SERVICE

**STATE OF OKLAHOMA, COUNTY OF TULSA**

  At the time of service, I was over 18 years old and not a party to this action. I am employed in the County of Tulsa, State of Oklahoma. My business address 2617 E. 21st St., Tulsa, OK 74114.

On May 22, 2020, I served copies of the following document(s) described as:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION CERTIFY OR CANCEL CLERK'S NOTICE**

Charles J. Harder
charder@harderllp.com
Ryan Stonerock
RStonerock@harderllp.com
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
MMORENO@HARDERLLP.com
www.HARDERLLP.com

**BY Email OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from email address to the persons at the email addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message, or other indication that the transmission did not succeed.

**XX BY ELECTRONIC SERVICE:** I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) through the CM/ECF court filing system.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 22, 2020.

       */s/ Clark O. Brewster*