HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
Email: CHarder@HarderLLP.com
RStonerock@HarderLLP.com

Attorneys for Defendant
DONALD J. TRUMP

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

STEPHANIE CLIFFORD a.k.a. STORMY DANIELS,

Plaintiff,

v.

DONALD J. TRUMP,

Defendant.

Case No. 2:18-cv-06893-JLS-FFM

**REPLY IN SUPPORT OF MOTION OF DONALD J. TRUMP TO CERTIFY JUDGMENT FOR REGISTRATION IN SOUTHERN DISTRICT OF OHIO OR, IN THE ALTERNATIVE, TO CORRECT AND/OR STRIKE CLERK'S APRIL 10, 2020 NOTICE**

Assigned for All Purposes to the Hon. Josephine L. Staton

**Date:** **July 17, 2020**
**Time:** **10:30 a.m.**
**Location:** **411 West 4th Street**
**Courtroom 10A, 10th Floor**
**Santa Ana, CA 92701**

Action Filed: April 30, 2018

## I. Introduction

Ms. Clifford's contention that the Attorneys' Fees Order is not a final judgment is unsupported by any valid legal authority and is contrary to well-settled law.

Ms. Clifford's argument that the no separate document rule of FRCP 58(a)(3) does not apply to the Attorneys' Fees Order because it includes $1,000 in sanctions is based on a single out of circuit case, and contrary to binding Ninth Circuit authority.[1] The Ninth Circuit and numerous lower courts in this district hold that an order granting a motion for attorneys' fees does not require a separate document when it also awards other ancillary amounts. The Attorneys' Fees Order is itself a judgment.

Even if a separate judgment were required, which it is not, Ms. Clifford's assertion that the 150 day rule of FRCP 58(c)(2)(B) (providing that where a separate judgment is required but not entered, judgment is entered as a matter of law 150 days following entry of the order) should not be applied is equally unavailing. The Ninth Circuit has repeatedly held that application of this rule is "automatic" rather than discretionary, as Ms. Clifford contends. Therefore, judgment on the Attorneys' Fees Order was, at the latest, entered 150 days after the date of the Order, and Ms. Clifford did not seek to appeal it within 30 days thereafter, rendering the judgment final.

Accordingly, Mr. Trump respectfully requests that the Court grant Mr. Trump's Motion and certify the Attorneys' Fees Order, or in the alternative, correct/strike the Clerk's erroneous April 10, 2020 Notice.[2]

---

[1] In her Opposition, Ms. Clifford repeatedly claims that the Attorneys' Fees Order also included an award of costs and sanctions, which is incorrect. Mr. Trump did not request any costs and Judge Otero did not award any costs; only sanctions of $1,000 were awarded in addition to attorneys' fees.

[2] Due to the Clerk's Notice, which erroneously de-certified the Attorneys' Fees Order, the Ohio court released the settlement funds to Ms. Clifford on June 2, 2020. [ECF No. 65 in Ohio Action.] However, this does not change the fact that the Attorneys' Fees Order is a valid final judgment, and Mr. Trump still may seek to register the judgment in Ohio or another district, which requires a certified judgment.

## II. The Attorneys' Fees Order Is Subject To FRCP 58's No Separate Document Rule Even Though It Includes An Award Of Sanctions

Ms. Clifford cites just one out of circuit case, *Souratgar v. Lee Jen Fair*, 818 F.3d 72 (2d Cir. 2016), in support of her argument that the Attorneys' Fees Order falls outside of FRCP 58's no separate document rule because it is not strictly limited to an award of attorneys' fees. This is contrary to the controlling law of this circuit.

In *S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161 (9th Cir. 2014), the Ninth Circuit held that an order granting a motion for attorneys' fees is subject to the no separate document rule where the order also awards additional ancillary amounts. There, the Ninth Circuit held that no separate judgment was required for the lower court's order granting plaintiff's motion for attorneys' fees **and costs**, and that the order itself, which included an award of costs, was the judgment from which the time to appeal began to run. *Id.* at 1159, 1161-62; *see also S.L. v. Upland Unified Sch. Dist.*, 2012 WL 13008753, at *3, 5 (C.D. Cal. 2012) ("Plaintiff moves for an award of attorney fees **and costs**…the Court will order a recovery of fees **and costs** in the sum of $34,989.77.") (emphasis added).[3]

Numerous other cases in this circuit, including several cited by Mr. Trump in his moving papers, also have held that no separate judgment is required for orders granting attorneys' fees that include additional awards. *See Yue v. Storage Tech. Corp.*, 2008 WL 4665846, at *1 (N.D. Cal. 2008) (holding no separate document needed for order granting motion for attorneys' fees **and costs**); *Padgett v. Loventhal*, 2015 WL 6449389, at *1 (N.D. Cal. 2015) (same); *Los Angeles Gay & Lesbian Community Services Center v. I.R.S.*, 2008 WL 5413107 (C.D. Cal. 2008) (same); *Condon v. Condon*, 2008 WL 11338132, at *1, n.1 (C.D. Cal. 2008) (same).

[3] Both Ms. Clifford and *Souratgar* erroneously state that the award in *S.L. ex rel. Loof* was limited to just attorneys' fees, but careful reading of the Ninth Circuit and lower court holdings establish that costs were in-fact also awarded.

*Souratgar* is also distinguishable. One of the grounds for the *Souratgar* court's holding that the order awarding attorneys' fees and expenses was not a judgment was because that order directed the clerk to enter judgment with a separate document, rather than to simply close the case. 818 F.3d at 78. In contrast, Judge Otero expressly ordered "[t]his case shall close" in the Attorneys' Fees Order, further confirming that the Order is the judgment. [ECF No. 46, p. 9.]

Accordingly, the Attorneys' Fees Order is a judgment that was entered on December 11, 2018 (the date of the Order).

## III. At The Latest, Judgment Was Entered 150 Days After The Attorneys' Fees Order Was Entered On The Docket

Ms. Clifford cites to the Advisory Committee Notes for FRCP 58 for the proposition that the 150 day rule is "not absolute and courts can disregard it in appropriate cases in which its unchecked application would interfere with another important rule," without explaining how this is an "appropriate" case, what other rule it would "interfere" with, or citing to a single court case that has not enforced the rule.

There is no merit to Ms. Clifford's proposition because the Ninth Circuit has repeatedly held that the application of the 150 day rule is "automatic" rather discretionary. *See, Stephanie-Cardona LLC v. Smith's Food & Drug Centers, Inc.*, 476 F.3d 701, 703–04 (9th Cir. 2007) (describing rule as "[t]he 150–day rule for **automatic entry** of judgment" and holding plaintiff's appeal "doomed to fail" because "judgment was entered **as a matter of law**…150 days after the docketing of the stipulation and order," without mention of any ability to apply rule on discretionary basis) (emphasis added); *Orr v. Plumb*, 884 F.3d 923, 931-32 (9th Cir. 2018) (holding appeal untimely because judgment was automatically entered 150 days after special verdict entered on docket, without mention any ability to apply rule on discretionary basis, and further noting "If the judge does nothing further in the case for 150 days, then it should occur to even the most inattentive of appellate counsel that it is time either to seek clarification from the judge or to file an appeal.")

(quotations omitted); *Pauley v. CF Entm't*, 773 F. App'x 357, 359 (9th Cir. 2019) (automatically applying 150 day rule without discretion); *Mid-Continent Cas. Co. v. Titan Const. Corp.*, 440 F. App'x 547, 548, n. 1 (9th Cir. 2011) (same); *see also, Kunz v. DeFelice*, 538 F.3d 667, 674 (7th Cir. 2008) (same).

Ms. Clifford's urging that this Court disregard the 150 day rule could delay the finality of the Attorneys' Fees Order indefinitely, which conflicts with the Advisory Note and would defeat the purpose of Rule 58(c). *See Orr*, 884 F.3d at 929 ("Rule 58(c) clarifies that entry of a separate judgment, even if required under Rule 58(a), is not necessary to start the time to appeal, **which occurs automatically after 150 days**. In adopting the 2002 amendments, Congress decided that **ensuring finality eventually becomes more important than strictly enforcing Rule 58's separate document requirement."**) (emphasis added and quotations omitted).

Ms. Clifford's contention that Mr. Trump's notice of lodging a formal separate judgment in some way triggered a different deadline for entry of judgment, or exempted the Attorneys' Fees Order from the 150 day rule, is without basis, and contrary to well-settled law. As explained in Mr. Trump's moving papers, the Ninth Circuit has expressly held that a request for a more formal judgment or entry of the same after a final disposition (here the Attorneys' Fees Order) "does not constitute a second final disposition or extend the appeal period." *See S.L. ex rel. Loof*, 747 F.3d at 1161 (holding judgment entered on date of court's order granting motion for attorneys' fees and time for appeal not extended by plaintiffs' subsequent lodging of formal judgment or court's signing of same); *Orr,* 884 F.3d at 930 (holding appeal of special verdict untimely because judgment automatically entered 150 days after entry of verdict even though clerk entered formal judgment after more than 150 days).

Accordingly, judgment on the Attorneys' Fees Order was entered no later than May 10, 2019 (150 days after entry on the docket), and because Ms. Clifford did not

appeal it within 30 days thereafter, the judgment is final.[4]

**IV. Ms. Clifford's Other Arguments Also Are Without Merit**

Ms. Clifford's repeated reliance on FRCP 79(a) is of no assistance to her position. Rule 79(a) simply "details the civil docketing procedure to be followed by the district court clerk when entering the judgment," and has no bearing on whether or not the Attorneys' Fees Order constitutes a final judgment. *In re Taco Bell Wage & Hour Actions*, 2016 WL 8468180, at *7 (E.D. Cal. 2016). Regardless of whether the Attorneys' Fees Order is itself the judgment or judgment was entered 150 days thereafter, the Order is in full compliance with FRCP 79(a) since it was promptly entered on the docket on December 11, 2018.

There also is no merit to Ms. Clifford's argument that Mr. Trump's alternative request to certify the judgment pursuant 28. U.S.C. § 1963 fails. The Attorneys' Fees Order is a judgment that was either entered on December 11, 2018 or 150 days thereafter (at the latest), and Mr. Trump has established the requisite good cause for certification, which Ms. Clifford does not dispute.[5]

**V. CONCLUSION**

For the foregoing reasons and the reasons set forth in Mr. Trump's moving papers, Mr. Trump respectfully requests that the Court grant the instant motion.

---

[4] Ms. Clifford's argument that application of the 150 day rule in some way "undermines" or "repudiates" *Radio Television Espanola S.A. v. New World Entm't, Ltd.*, 183 F.3d 922, 925 (9th Cir. 1999) is incorrect. That case did not address the 150 rule at all and application of the rule does not conflict with its holding.

[5] Ms. Clifford does not dispute that she lacks assets in this jurisdiction or possesses substantial property in Ohio. This further supports a finding of good cause for certification. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1198 (9th Cir. 2001) ("[Defendant] does not dispute that he lacks assets in California. He also does not dispute that he owns substantial property in Florida. This evidence is sufficient to support a finding of good cause."); *see also UMG Recordings, Inc. v. BCD Music Grp., Inc.*, 2012 WL 12878367, at *3 (C.D. Cal. 2012); *King v. McGee*, 2017 WL 3882512, at *2 (E.D. Wash. 2017).

Dated: July 2, 2020

HARDER LLP

By: */s/ Ryan J. Stonerock*
RYAN J. STONEROCK
Attorneys for Defendant
DONALD J. TRUMP