UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos. 2:18-cv-06893-JLS-FFM                     Date: August 24, 2020
Titles: Stephanie Clifford v. Donald J. Trump

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                       Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER (1) GRANTING DEFENDANT'S MOTION TO CORRECT AND/OR STRIKE CLERK'S APRIL 10, 2020 NOTICE (Doc. 68) AND (2) STRIKING APRIL 10, 2020 NOTICE OF CLERICAL ERROR (Doc. 66)**

Before the Court is Defendant's Motion to Certify Judgment for Registration in Southern District of Ohio or, in the Alternative, to Correct and/or Strike Clerk's April 10, 2020 Notice. (Mot., Doc. 68.) Plaintiff opposed, and Defendant replied. (Opp'n, Doc. 69; Reply, Doc. 70.) Having considered the parties' papers and taken the matter under submission, the Court GRANTS Defendant's Motion by striking the Clerk's April 10, 2020 Notice of Clerical Error (Doc. 66).

**I.    Background**

Plaintiff Stephanie Clifford filed this action on April 30, 2018. On October 15, 2018, the Court[1] granted Defendant Donald J. Trump's anti-SLAPP motion to dismiss Plaintiff's single claim for defamation. (Doc. 36.) Plaintiff appealed that decision. (Doc. 37.) On October 29, 2018, Defendant filed a motion for attorneys' fees and monetary sanctions. (Doc. 39.) In a December 11, 2018 order, the Court granted in part the motion, awarding Defendant $292,052.33 in attorneys' fees and $1,000 in sanctions. (Doc. 46.) About a month later, on January 14, 2019, Plaintiff filed an unrelated action in the Southern District of Ohio. (*See* Harder Decl. ISO Mot., Doc. 68-1 ¶ 3.)

"Following reports in the media that [Plaintiff] had reached a settlement with the defendants in the Ohio Action in the amount $450,000" (Mot. at 3; *see also* Opp'n at 5),

---

[1] The Honorable S. James Otero, presiding. The case was reassigned to this Court on April 8, 2020.

EXHIBIT

1

Case 2:18-cv-06893-JLS-FFM Document 75 Filed 08/24/20 Page 2 of 3 Page ID #:1770
Case 2:18-cv-06893-JLS-FFM Document 74 Filed 08/24/20 Page 2 of 3 Page ID #:1764

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos. 2:18-cv-06893-JLS-FFM  Date: August 24, 2020
Titles: Stephanie Clifford v. Donald J. Trump

Defendant obtained the Clerk of Court's certification of the order on the motion for fees and sanctions as a judgment to be registered in the Southern District of Ohio. (Harder Decl. ¶ 4; Ex. B to Harder Decl., Doc. 68-2.) Defendant then registered the order as a foreign judgment in that District. (*See* Ex. E to Brewster Decl. ISO Opp'n at 1, Doc. 69-2.) While the parties litigated the propriety of the registration and related issues in the Southern District of Ohio (*see, e.g.*, Ex. E to Brewster Decl.), on December 11, 2019, Plaintiff moved this Court to "annul or vacate" the Clerk of Court's certification of the order on Defendant's motion for fees and sanctions as a judgment. (Doc. 55.) The Court struck Plaintiff's motion for procedural deficiencies related to substitution of counsel (Doc. 58), and Plaintiff renewed the motion on March 19, 2020 (Doc. 64).

Upon reassignment to this Court, the Clerk issued a Notice of Clerical Error regarding the certification of judgment, stating that it was "issued in error" because "[t]he document referenced in the Certification was a Minute Order (dkt. #46), entered on 12/11/2018, not a judgment." (Doc. 66 at 1.) In light of the notice, the Court denied Plaintiff's motion to annul or vacate the certification as moot. (Doc. 67.) The instant motion ensued. Then, on July 31, 2020, the Ninth Circuit affirmed the dismissal of Plaintiff's suit. (Ex. 1 to Def.'s Req. for Jud. Notice, Doc. 72.[2]) On August 14, 2020, Plaintiff petitioned the Ninth Circuit for review en banc of the panel's July 31, 2020 decision. (Pl.'s Req. for Jud. Notice, Doc. 73.)

**II. Discussion**

"There are three ways in which a judgment is deemed to be entered." *In re Empresas Martinez Valentin Corp.*, 948 F.3d 448, 453 (1st Cir. 2020).

> First, and normally, a judgment is entered by preparing and docketing a "separate document" setting out the judgment. Fed. R. Civ. P. 58(a), (c)(2)(A). This requires a document separate from an opinion or memorandum of the court that does not contain a substantial discussion of the law and the facts. Second, if the court delays for more than 150 days in preparing and docketing the separate document entering judgment, then the

---

[2] The Ninth Circuit's memorandum disposition is properly noticeable. Plaintiff's petition for rehearing en banc is, too.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos. 2:18-cv-06893-JLS-FFM     Date: August 24, 2020
Titles: Stephanie Clifford v. Donald J. Trump

> rules deem judgment to have been entered when "150 days ha[d] run from the entry in the civil docket" of the ruling that should have been entered via a separate document. Fed. R. Civ. P. 58(c)(2)(B). Third, certain rulings on motions need not be set out in a separate document to be deemed entered. *Id.* 58(a)(1)–(5).

*Martinez Valentin*, 948 F.3d at 453 (internal citations and quotation marks omitted in part). Under Rule 58(a)(3) of the Federal Rules of Civil Procedure, "a separate document is not required for an order disposing of a motion . . . for attorney's fees under Rule 54[.]" Fed. R. Civ. P. 58(a)(3).

Pursuant to Rule 58(a)(3), the Clerk of Court's original certification of the order on the motion for fees and sanctions as a judgment to be registered in the Southern District of Ohio was appropriate.[3] Accordingly, the Court GRANTS Defendant's Motion and STRIKES the Clerk's April 10, 2020 Notice of Clerical Error (Doc. 66).

Initials of Preparer: mk

---

[3] The Court concludes that despite the award of sanctions, the order was nonetheless an order on a motion for attorneys' fees under Rule 54.