UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 30 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIE CLIFFORD, AKA Stormy Daniels, | No.  18-56351 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-06893-SJO-FFM Central District of California, Los Angeles |
| v. | |
| DONALD J. TRUMP, | |
| Defendant-Appellee. | ORDER |

Before: Lisa B. Fitzgerald, Appellate Commissioner.

I
Background

The court granted appellee Donald J. Trump's motion for reasonable

attorneys' fees for defending against appellant Stephanie Clifford's appeal,

pursuant to the Texas Citizens Participation Act (TCPA), Tex. Civ. Prac. &

Rem. Code § 27.009(a)(1). *See Clifford v. Trump*, 818 F. App'x 746, 747 (9th

Cir. 2020).[1] The court referred to the appellate commissioner the determination

of an appropriate amount of fees. *See* 9th Cir. R. 39-1.9. Trump has

---

[1] Texas law governs the fee award, unless it runs counter to a federal statute
or rule of court. *See Indep. Living Ctr. of S. Cal. v. Kent*, 909 F.3d 272, 281-84
(9th Cir. 2018); *Northon v. Rule*, 637 F.3d 937, 938-39 (9th Cir. 2011).

filed a letter requesting additional fees for opposing Clifford's petition for a writ of certiorari in the United States Supreme Court.

## II
### Attorneys' Fees For Defending Against Appeal

Trump requests $272,727.75 in fees for 387.5 hours of work in the court of appeals by the law firm of Harder LLP in Los Angeles, California.

### A.  Reasonable Hourly Rates

Trump requests discounted effective hourly rates, as follows:

| Attorney | Title | Bar | Rate | Hours | Fees |
|---|---|---|---|---|---|
| Charles J. Harder | Partner | 1996 | $841.76 | 45.50 | $ 38,300.08 |
| Niloo Savis | Sr. Attorney | 1996 | $775.00 | 20.50 | $ 15,887.50 |
| Henry L. Self III | Sr. Attorney | 2002 | $775.00 | 17.50 | $ 13,562.50 |
| Dilan A. Esper | Sr. Attorney | 1995 | $691.48 | 103.25 | $ 71,395.31 |
| Lan P. Vu | Sr. Attorney | 2004 | $682.66 | 155.25 | $105,982.97 |
| Steven H. Frackman | Associate | 2009 | $606.58 | 45.50 | $ 27,599.39 |
| Total | | | | 387.50 | $272,727.75 |

Clifford argues that the court should award hourly rates of $450 to $500 for the partner and senior attorneys, and $350 for the associate. Clifford cites California and federal court decisions awarding lower hourly rates.

But the district court awarded comparable requested hourly rates for Trump's attorneys' 2018 work in this case, as follows:

18-56351

| Attorney | Title | Bar | Rate |
|----------|-------|-----|------|
| Charles J. Harder | Partner | 1996 | $841.64 |
| Ryan J. Stonerock | Partner | 2006 | $756.49 |
| Dilan A. Esper | Sr. Attorney | 1995 | $611.99 |
| Steven H. Frackman | Associate | 2009 | $586.50 |
| Ted S. Nguyen | Associate | 2016 | $307.60 |

The district court determined that the requested hourly rates were reasonable based on the unique nature of this litigation, the court's familiarity with the fees charged in the jurisdiction, and the awards in similar First Amendment anti-SLAPP federal litigation involving highly qualified attorneys. *See Clifford v. Trump*, No. 2:18-cv-06893-SJO-FFM, 2018 WL 6519029, at *4 (C.D. Cal. Dec. 11, 2018).

Trump's requested hourly rates for the 2018-20 court of appeals work also are reasonable and in line with prevailing market rates for similar services by comparable attorneys. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The respective $0.12, $79.49, and $20.08 increases in Harder's, Esper's, and Frackman's hourly rates are reasonable because the appellate work was performed later. Savis's and Self's hourly rate is reasonably $18.51 higher than the district court hourly rate for Stonerock because they have more experience. Vu's hourly rate is $73.83 lower than the district court hourly rate for Stonerock, even though she has more experience. Trump's requested hourly rates are awarded.

18-56351

B.  Reasonably Expended Hours

On Ninth Circuit Form 9, Trump claims that the attorneys spent the requested 387.5 hours as follows:

| Services | CH | NS | HS | DE | LV | SF | Hours | Amount |
|---|---|---|---|---|---|---|---|---|
| Conferences | 0 | 0 | 0 | 0.75 | 0.75 | 0.75 | 2.25 | $   1,485.540 |
| Rev. Record | 0 | 0 | 0 | 5.75 | 9.50 | 0 | 15.25 | $ 10,461.280 |
| Leg. Research | 0.50 | 0 | 0 | 17.00 | 28.25 | 10.00 | 55.75 | $ 37,526.985 |
| Prep. Briefs | 2.00 | 0 | 0 | 20.50 | 66.00 | 24.50 | 113.00 | $ 75,775.630 |
| Prep. Arg. | 38.00 | 0 | 0 | 54.00 | 37.00 | 10.25 | 139.25 | $100,802.665 |
| Attend Arg. | 5.00 | 0 | 0 | 5.00 | 5.00 | 0 | 15.00 | $ 11,079.500 |
| Fee Motion | 0 | 20.50 | 17.50 | 0.25 | 8.75 | 0 | 47.00 | $ 35,596.145 |
| Total: | 45.50 | 20.50 | 17.50 | 103.25 | 155.25 | 45.50 | 387.50 | $272,727.745 |

1.  Federal Rule Of Civil Procedure 12(b)(6) Motion To Dismiss

Clifford argues that Trump's fee request does not specify the time spent on Trump's alternative motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and that this time may not be awarded under the TCPA. This argument lacks merit. The district court dismissed Clifford's defamation action pursuant to Trump's anti-SLAPP motion to strike under the TCPA, and denied as moot Trump's alternative motion to dismiss under Rule 12(b)(6). Clifford appealed from the dismissal pursuant to the anti-SLAPP motion, and all of Trump's

4

attorneys' time on appeal was related to that issue. Trump does not seek reimbursement of any time related to the alternative Rule 12(b)(6) motion to dismiss. Although Clifford challenged on appeal the district court's use of the Rule 12(b)(6) standard to consider whether the defamation claim was properly stated, *see Clifford*, 818 F. App'x at 747, this issue was related to the dismissal pursuant to the anti-SLAPP motion, and therefore the time spent on it may be awarded under the TCPA.

2.  Preparing Answering Brief

Clifford argues that it was unreasonable to employ six attorneys and spend nearly 200 hours on preparing the answering brief, and that no more than 50 hours should be awarded for this work. Clifford argues that the appeal involved the straightforward application of established law and was resolved by memorandum disposition, and that Trump briefed the same issues in the district court and had the benefit of the district court's published decision.

Yet four attorneys – Vu, Esper, Frackman, and, to a small extent, Harder – billed 180 hours in the conferences, record review, legal research, and brief preparation categories for all work on the appeal other than oral argument and the fee motion. (Two other attorneys – Savis and Self – worked only on the fee motion.) During this time, in addition to preparing the 12,716-word answering

brief, the four attorneys prepared a request for an extension of time, one volume of supplemental excerpts of record, a motion for judicial notice, and a citation of supplemental authorities.

The reasonable fee determination is based on whether the requested hours for this particular legal team are justified for the work performed and the results achieved, not speculation as to how the case might have been staffed differently. *See*, *e.g.*, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114-15 (9th Cir. 2008). Also, preparing a district court motion to strike and an appellate answering brief are not commensurate tasks, and the research would have needed updating after the district court motion and decision. *Id*. at 1112, 1113. Clifford cites no identical portions of the motion and brief, and the brief shows significant revision.

Clifford's challenge to applying the Texas anti-SLAPP law in federal court and the determination that Trump's comment was protected opinion warranted more than the 50 hours that Clifford proposes for the appellate work other than oral argument and the fee motion. *See Clifford*, 818 F. App'x at 747-51. Nevertheless, Trump's attorneys should have been able to complete this work in fewer hours. Vu principally drafted the answering brief and revised it, Frackman drafted a portion of the brief and revised it, and Esper and Harder revised the brief. To reflect a reasonable time expenditure for the appellate work other than oral argument and

18-56351

the fee motion, particularly answering brief preparation, Trump is awarded 50

hours rather than the requested 66 hours for Vu in the brief preparation category.

    3.  Preparing For Oral Argument

    Trump requests 139.25 hours for preparing for oral argument, and 15 hours

(five hours apiece) for Harder's, Esper's, and Vu's attendance at oral argument.

Harder presented the oral argument in Pasadena. Clifford objects to Trump's

request for nearly 160 hours for this work, arguing that the appeal was

straightforward and therefore the court should award no more than 24 hours for

preparing for the oral argument and 2 hours for attending the oral argument.

    Oral argument preparation and attendance warranted a greater time

expenditure than Clifford proposes, but Trump's requested hours for preparing for

the oral argument nevertheless are excessive. Trump states that Harder prepared

for oral argument by participating in mock court sessions, with the assistance of

Esper and Vu. Trump states that Esper and Vu prepared materials and summaries

to familiarize Harder with the legal and factual issues on appeal, because Harder

spent less than three hours on the briefing. The time records show that Frackman

also billed some time for preparing oral argument materials.

    Esper billed far more time than the other attorneys – 54 hours – in the oral

argument preparation category. Most of Esper's time was spent preparing and

18-56351

revising memoranda and an outline, although Trump's attorneys had already prepared an answering brief. A reasonable time expenditure for Esper for oral argument preparation is 30 hours, and these hours are awarded. With that adjustment, the oral argument preparation and attendance time is reasonable.

4.  Preparing Fee Motion

Clifford objects to Trump's requested 47 hours for preparing the fee motion, arguing that the court should award 10 hours for the fee motion. The requested time was reasonably expended, in part because Trump does not request fees for preparing a reply to Clifford's response to the fee motion. Fees for preparing the fee motion may be recovered under the TCPA. *See Cruz v. Van Sickle*, 452 S.W.3d 503, 526-27 (Tex. App. 2014).

5.  Duplication Of Effort

Clifford objects to some of Harder's, Esper's, and Frackman's time entries that are similar to Vu's time entries, and to two 1.5-hour time entries by Vu in the same day, alleging that the work was duplicative. But the time entries do not show unnecessary duplication of effort, and Trump's attorneys have sufficiently explained their overlapping roles on appeal. *Cf. Toledo v. KBMT Operating Co.*, 581 S.W.3d 324, 331 (Tex. App. 2019). Any unnecessary duplication has been addressed by the reductions in the brief and oral argument preparation categories.

18-56351

6.  Quarter-Hour And Block Billing

Clifford requests a 20-percent across-the-board reduction in the requested hours for the use of quarter-hour billing increments, and a discretionary reduction for the practice of block billing. But Trump's attorneys' time entries are adequate to determine the reasonableness of the requested hours, and no reduction is justified on these grounds. The block-billed time entries often include the smaller units of time spent on particular activities. Clifford suggests but does not show that the billing practices inflated the hours. If inflation occurred, it is adequately accounted for by the adjustments above in the briefing and oral argument hours.

C.  Summary

Trump's attorneys reasonably expended the remaining 347.5 hours, and the hours are awarded. Trump is awarded $245,209.67 in attorneys' fees, as follows:

| Services | CH | NS | HS | DE | LV | SF | Hours | Amount |
|----------|----|----|----|----|----|----|-------|--------|
| Conferences | 0 | 0 | 0 | 0.75 | 0.75 | 0.75 | 2.25 | $   1,485.540 |
| Rev. Record | 0 | 0 | 0 | 5.75 | 9.50 | 0 | 15.25 | $  10,461.280 |
| Leg. Research | 0.50 | 0 | 0 | 17.00 | 28.25 | 10.00 | 55.75 | $  37,526.985 |
| Prep.  Briefs | 2.00 | 0 | 0 | 20.50 | 50.00 | 24.50 | 97.00 | $  64,853.070 |
| Prep. Arg. | 38.00 | 0 | 0 | 30.00 | 37.00 | 10.25 | 115.25 | $  84,207.145 |
| Attend Arg. | 5.00 | 0 | 0 | 5.00 | 5.00 | 0 | 15.00 | $  11,079.500 |
| Fee Motion | 0 | 20.50 | 17.50 | 0.25 | 8.75 | 0 | 47.00 | $  35,596.145 |
| Total: | 45.50 | 20.50 | 17.50 | 79.25 | 139.25 | 45.50 | 347.50 | $245,209.665 |

18-56351

III

Attorneys' Fees For Opposing Petition For A Writ Of Certiorari

Trump's letter request for $6,268.95 in attorneys' fees for opposing

Clifford's petition for a writ of certiorari is denied. Ninth Circuit Rule 39-1.6(b)

requires that a request for fees must be supported by a memorandum showing legal

entitlement to fees and accompanied by Ninth Circuit Form 9, a detailed

itemization of the tasks performed each date and the amount of time spent on each

task, a showing that the hourly rates claimed are legally justified, a declaration

attesting to the accuracy of the information submitted, and a statement regarding

timeliness. Trump complied with Rule 39-1.6(b) in filing his motion for fees on

appeal, showing that he was aware of the requirements of the rule, and nevertheless

failed to supply the required information with this additional request for fees.

IV

Conclusion

Pursuant to the Texas Citizens Participation Act, Tex. Civ. Prac. & Rem.

Code § 27.009(a)(1), attorneys' fees in the amount of $245,209.67 are awarded in

favor of Donald J. Trump and against Stephanie Clifford. This order amends the

court's mandate.

18-56351