1  AVENATTI & ASSOCIATES, APC
   Michael J. Avenatti, State Bar No. 206929
2  Ahmed Ibrahim, State Bar No. 238739
   520 Newport Center Drive, Suite 1400
3  Newport Beach, CA 92660
   Telephone:  949.706.7000
4  Facsimile:   949.706.7050

5  Attorneys for Plaintiff Stephanie Clifford
   a.k.a. Stormy Daniels a.k.a. Peggy Peterson

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  STEPHANIE CLIFFORD a.k.a.            CASE NO.:  2:18-cv-02217-SJO-FFM
    STORMY DANIELS a.k.a. PEGGY
12  PETERSON, an individual,
                                         PLAINTIFF'S RESPONSE TO
13              Plaintiff,               DEFENDANT MICHAEL COHEN'S
                                         SPECIAL MOTION TO STRIKE
14        vs.

15

16  DONALD J. TRUMP a.k.a. DAVID
    DENNISON, and individual,
17  ESSENTIAL CONSULTANTS, LLC, a
    Delaware Limited Liability Company,
18  MICHAEL COHEN and DOES 1
    through 10, inclusive,

19

20              Defendants.

21

22

23

24

25

26

27

28

# I.    INTRODUCTION

Defendant Michael Cohen ("Mr. Cohen") has filed a California Code of Civil Procedure section 425.16 Special Motion to Strike Plaintiff Stephanie Clifford's Defamation claim against him.  Alternatively, Mr. Cohen seeks to dismiss the claim under Federal Rules of Civil Procedure 12(b)(6).  Mr. Cohen's Motion should be denied outright or otherwise deemed moot.

*First*, the California anti-SLAPP statute is treated as substantive law in federal court.  As substantive law, it is subject to a choice of law analysis.  Francis v. Wynn Las Vegas, 557 F. App'x 662, 664 (9th Cir. 2014).  Under California's governmental interest analysis, the Court must apply New York, not California law because California has no interest in the litigation.  By contrast, New York has a strong interest because Mr. Cohen resides there.  Because New York's anti-SLAPP statute would not be applicable here, Mr. Cohen's anti-SLAPP motion must be denied without further analysis.  Indeed, even if the law of Texas, Plaintiff's domicile, were to govern, Mr. Cohen has not invoked Texas law and his Motion should thus be denied.

*Second*, Mr. Cohen's Motion should be denied as moot.  Pursuant to Federal Rule of Civil Procedure 15, Plaintiff intends to seek leave to file a Second Amended Complaint that does not include the defamation claim.  Because denial of leave to amend would directly conflict with the Federal Rules of Civil Procedure, application of California's anti-SLAPP statute is improper.  Verizon Delaware, Inc. v. Covad Communications, 377 F.3d 1081, 1091 (9th Cir. 2004).  Accordingly, there is no reason to address the Motion on the merits and it should be denied regardless of what law applies.

## II.    ARGUMENT

### A.    California's Anti-SLAPP Statute Does Not Govern.

#### 1.    Because Anti-SLAPP Statutes are Treated as Substantive Law in Federal Court, the Court Must Perform a Choice of Law Analysis to Determine Whether California's Anti-SLAPP Law Applies.

Mr. Cohen's claim that California's anti-SLAPP statute applies because the procedural laws of California apply is false and at odds with extensive controlling Ninth Circuit precedent. It is a fundamental rule of federal litigation that "[w]hen a federal court sits in diversity, it must look to the forum state's choice of law rules to determine the controlling substantive law." Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002). Therefore, if the law to be applied is substantive, it is subject to a choice of law analysis. To the extent the statute applies at all, the Ninth Circuit has repeatedly stated that California's anti-SLAPP statute is treated as substantive, not procedural, law in federal courts. See Francis v. Wynn Las Vegas, 557 F. App'x 662, 664 (9th Cir. 2014) (performing choice of law analysis do determine which state's anti-SLAPP law to apply); Makaeff v. Trump Univ., LLC, 736 F.3d 1180, 1184 (9th Cir. 2013) ("Every circuit that has considered the issue has agreed with our conclusion in Newsham that anti-SLAPP statutes like California's confer substantive rights under Erie").

If federal courts sitting in diversity automatically applied the anti-SLAPP statute of the state where they sat, a choice of law analysis on which state's anti-SLAPP law should apply would not be necessary. However, the Ninth Circuit has performed such an analysis in multiple cases. In 2014, the Ninth Circuit performed a choice of law analysis to determine whether a federal court sitting in California should apply California or Nevada anti-SLAPP law. See Francis, 557 F. App'x at 664. The Ninth Circuit in 2016 engaged in an extensive choice of law analysis regarding whether to apply California's anti-SLAPP statute in a case that had been transferred from New Jersey. See Sarver v. Chartier, 813 F.3d 891, 897-900 (9th Cir. 2016). If the Ninth Circuit followed Mr. Cohen's line of reasoning, no choice of law analysis would have

1  been necessary because New Jersey was the original forum and New Jersey has no anti-
2  SLAPP law.  See id. at 899.

3      The primary authority Mr. Cohen cites in support of his argument, Liberty
4  Synergistics Inc. v. Microflo Ltd., 718 F.3d 138 (2d Cir. 2013), actually decided a very
5  narrow point that is irrelevant here.  It explicitly stated that

6          if state conflict-of-law principles call for a rule of decision *(1) that would
7          apply to the suit if it were brought in state court*, (2) that is "substantive"
8          within the meaning if Erie, and (3) that is not displaced by a valid federal
           law or rule governing the same issue, then the Rules of Decision Act . .
9          . requires the federal court sitting in diversity to apply the state rule,
           irrespective of whether that rule is understood to be "procedural" or
10         "substantive" as a matter of state law. ***We address below the first of these
11         issues, which is the only one contested by the parties.***

12  Liberty Synergistics Inc., 718 F.3d at 153 (emphasis added).  In other words, Liberty
13  Synergistics *only* considered whether California *state* courts treat the state's anti-SLAPP
14  law as procedural, not whether *federal* courts should do so as well, or whether the anti-
15  SLAPP law was subject to a choice of law analysis.  This fact has been recognized by
16  the Second Circuit in a subsequent appeal *in the same case*.  See Liberty Synergistics
17  Inc. v. Microflo Ltd., 637 F. App'x 33, 34 (2d Cir. 2016) ("We further note that, despite
18  the district court's and the parties' apparent assumption that our decision in the prior
19  appeal of this case answered [whether the California's anti-SLAPP law applied in
20  federal courts] in the affirmative, our prior decision expressly declined to reach it."); see
21  also In re Gawker Media LLC, 571 B.R. 612, 626–27 (Bankr. S.D.N.Y. 2017) ("The
22  Second Circuit did not decide in Liberty Synergistics whether the California anti-SLAPP
23  statute is substantive under Erie).  By his own admission, the two district court cases
24  Cohen cites rely on Liberty Synergistics and should be disregarded as well.

25      In sum, a choice of law analysis is necessary to determine whether California's
26  anti-SLAPP statute applies.

27

28

### 2.     New York, Not California, Law Governs the Anti-SLAPP Motion.

Mr. Cohen's anti-SLAPP Motion applies California law.  However, the law of New York, the state where Mr. Cohen resides [Dkt. 1 at 6], should govern the anti-SLAPP motion.  Therefore a choice of law analysis is necessary.  California courts use the governmental interest choice of law analysis:

> To determine the correct choice of law, we apply a three-step analysis. First, we determine whether the two concerned states have different laws. Second, we consider whether each state has an interest in having its law applied to this case. Finally, if the laws are different and each state has an interest in having its own law applied, we apply the law of the state whose interests would be more impaired if its policy were subordinated to the policy of the other state.

Paulsen v. CNF Inc., 559 F.3d 1061, 1080 (9th Cir. 2009) (quotation omitted).

The first question, whether New York and California anti-SLAPP law differs, is simple.  California's anti-SLAPP statute is very broad.  See Cal. Civ. Proc. Code § 425.16.  New York's statute is significantly narrower and only applies to actions related to applying for permits, zoning changes, licenses, or similar entitlements from the government.  See N.Y. Civ. Rights Law § 76-a.  It is therefore apparent that Ms. Clifford's defamation claims are outside of the scope of New York's anti-SLAPP statute.  Accordingly, a conflict is present between the anti-SLAPP laws of the two states.

The Court must next consider the interests of New York and California.  See Paulsen, 559 F.3d at 1080.  Where no party resides in California, California's interest is very weak and the party seeking the application of another state's law "need only show some legitimate . . . interest."  McGhee v. Arabian Am. Oil Co., 871 F.2d 1412, 1424–25 (9th Cir. 1989); see also Payoda, Inc. v. Photon Infotech, Inc., No. 14-CV-04103-BLF, 2016 WL 1059515, at *7 (N.D. Cal. Mar. 17, 2016) (performing governmental interest analysis in a defamation case and determining that Indian law would apply because "California has no interest in applying its laws to a case between a New York

-4-

corporation and an Indian company"); <u>Mero v. U.S. Figure Skating Ass'n</u>, No. 05-CV-73069, 2006 WL 163529, at *6–7 (E.D. Mich. Jan. 20, 2006) (performing California governmental interest analysis and concluding the California anti-SLAPP law would not apply because no party was a resident of California).  Accordingly, California has no interest in a dispute between a New York resident [Dkt. No. 1 at 6] and a Texas resident. New York, on the other hand, has an interest in its law being applied because Mr. Cohen resides there.

Further, anti-SLAPP laws serve to protect the defendant, so the state of the defendant's residence is the only one that has an interest.   See <u>Competitive Techs. v. Fujitsu Ltd.</u>, 286 F. Supp. 2d 1118, 1158–59 (N.D. Cal. 2003) ("California appears to have no governmental interest in having its [anti-SLAPP] law applied" where none of the counterclaim defendants resided in California); <u>Hurtado v. Superior Court</u>, 11 Cal. 3d 574, 581, 522 (1974) ("Mexico has no interest in applying its limitation of damages—Mexico has no defendant residents to protect and has no interest in denying full recovery to its residents injured by nonMexican defendants.").  On the other hand, New York "has an interest in regulating the conduct of its citizens, the state has an interest in having its defamation rules apply when an allegedly defamatory statement is uttered within that state." <u>Condit v. Dunne</u>, 317 F. Supp. 2d 344, 353 (S.D.N.Y. 2004); <u>see also</u> <u>Block v. First Blood Assocs.</u>, 691 F. Supp. 685, 698 (S.D.N.Y. 1988) (in defamation action transferred from California, court performing governmental interest analysis concluded that New York law would apply on litigation privilege to defamation because "New York has a compelling interest in policing tortious conduct committed in New York, by a New York attorney, with reference to future or pending litigation in New York."); <u>Reich v. Purcell</u>, 67 Cal. 2d 551, 556 (1967) ("A defendant cannot reasonably complain when compensatory damages are assessed in accordance with the law of his domicile. . .").  Accordingly, California has no interest in applying its anti-SLAPP statute to protect Mr. Cohen, a nonresident, while New York has an interest in

applying its defamation law because he resides there and uttered the defamatory statement there.

In sum, California's interest in this action is nonexistent, while New York's interest is strong. Therefore, California anti-SLAPP law cannot be applied.

### 3. Even if Texas Law Applied, the Motion Should Still be Denied.

As the Court will likely recall, this Court previously determined that because Plaintiff is a citizen of the state of Texas, Texas law governed Plaintiff's defamation claim against Mr. Trump. Even if this was the case here as well,[1] and Texas law were to apply, California law would not govern. Accordingly, because Mr. Cohen has failed to invoke Texas law or brief substantive Texas law, the Motion should still be denied.

### B. Alternately, the Motion Should Be Denied as Moot Because Plaintiff Intends to Seek Leave to Amend the Complaint.

In the alternative, and regardless of the foregoing, Mr. Cohen's Motion should be denied as moot. Pursuant to Federal Rule of Civil Procedure 15, Plaintiff intends to seek leave to file a Second Amended Complaint that does not include the defamation claim against Mr. Cohen. Accordingly, there is no reason to address the Motion on the merits.

In <u>Verizon Delaware, Inc. v. Covad Communications</u>, the Ninth Circuit affirmed the district court's denial of a California anti-SLAPP motion after the plaintiff in that action sought leave to amend the complaint. 377 F.3d 1081, 1091 (9th Cir. 2004). The Ninth Circuit acknowledged that California's anti-SLAPP statute does not govern when its application would conflict with the application of the Federal Rules of Civil Procedure. <u>Id.</u> The Court held that to deny leave to amend under Rule 15 in the face of a California anti-SLAPP motion would present "a direct collision with a federal procedural rule." <u>Id.</u> Accordingly, the district court did not err when it refused to consider the anti-SLAPP motion. <u>Id.</u>

---

[1] The same result should not be reached here because in that instance the case originated in New York before it was transferred to California. As a result, the Court was applying New York's choice of law analysis, not California's. Here, California's choice of law analysis dictates that New York law governs.

1  The same result should be reached here.  Plaintiff will seek leave to amend to omit

2  the defamation claim and Mr. Cohen's Motion is therefore moot and should be denied as

3  such.[2]

4  **III.    CONCLUSION**

5  For the reasons stated above, Plaintiff respectfully requests that Mr. Cohen's

6  Motion be denied because California's anti-SLAPP statute does not govern.

7  Alternatively, the Motion should be denied as moot because Plaintiff intends to seek

8  leave to amend to omit the defamation claim against Mr. Cohen.

9

10  Dated:  October 26, 2018              AVENATTI & ASSOCIATES, APC

11                                       By:      /s/ Michael J. Avenatti

12                                           Michael J. Avenatti
                                             Ahmed Ibrahim
13                                           Attorneys for Plaintiff Stephanie Clifford
                                             a.k.a. Stormy Daniels a.k.a. Peggy Peterson

14

15

16

17

18

19

20

21

22

23

24

25

26

27  [2] Should the Court reach the merits of the Motion for any reason, Plaintiff reserves all
rights to oppose any subsequent request for attorneys' fees filed by Mr. Cohen.

28

**PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL COHEN'S SPECIAL MOTION TO STRIKE**