AVENATTI & ASSOCIATES, APC
Michael J. Avenatti, State Bar No. 206929
Ahmed Ibrahim, State Bar No. 238739
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for Plaintiff Stephanie Clifford
a.k.a. Stormy Daniels a.k.a. Peggy Peterson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, and individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-02217-SJO-FFM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND TO FILE SECOND AMENDED COMPLAINT**<br><br>**Hearing Date:** December 3, 2018<br>**Hearing Time:** 10:00 a.m.<br>**Location:** Courtroom 10C |

Plaintiff Stephanie Clifford ("Plaintiff") files this Motion for Leave to Amend to File a Second Amended Complaint ("Motion"). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, once a party has amended a complaint by right, leave to amend must be obtained prior to any additional amendment. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff seeks leave to amend in order to omit the defamation claim against Mr. Cohen. The proposed Second Amended Complaint leaves the remaining balance of the allegations and claims in the First Amended Complaint unchanged.

A redline of the First Amended Complaint including the proposed changes for the Second Amended Complaint is attached as Exhibit A to the Appendix in Support of this Motion. A copy of the proposed Second Amended Complaint is attached as Exhibit B to the Appendix in Support of this Motion. Substantively the redline evidences that Plaintiff seeks to make the following substantive changes to the First Amended Complaint in the Second Amended Complaint:

- Delete paragraph 4 of the First Amended Complaint naming Michael Cohen as a Defendant and modify paragraph 5 to reflect this deletion.
- Delete the following sentence from paragraph 27 of the First Amended Complaint: "Just because something isn't true doesn't mean that it can't cause you harm or damage. *I will always protect Mr. Trump.*" (emphasis added)."
- Delete the following sentence from paragraph 28 of the First Amended Complaint: "Mr. Cohen's statement was not a mere statement of opinion, but rather has been reasonably understood to be a factual statement implying or insinuating that Ms. Clifford was not being truthful in claiming that she had an intimate relationship with Mr. Trump."
- Delete paragraphs 64-71 of the First Amended Complaint setting forth the defamation cause of action against Mr. Cohen.
- Delete the Prayer for Relief for the defamation cause of action on page 17 of the First Amended Complaint.

[See Appendix Exhs. A-B.]  Thus, aside from omitting the defamation claim, Plaintiff does not seek to add any other claims or allegations.  See Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims. . .'").

As is well established, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  In the Ninth Circuit, this "policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation).  In the absence of factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Id. at 1052 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Within the Ninth Circuit, "the consideration of prejudice to the opposing party that carries the greatest weight." Eminence, 316 F.3d at 1052.  Thus, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

Here, Plaintiff does not seek to add any claims or causes of action, but rather only to omit the defamation claim against Mr. Cohen.  Accordingly, none of the factors such as futility or undue delay that may permit a court to deny leave to amend apply here.  Further, there can be no possible prejudice to Mr. Cohen.  To the contrary, Mr. Cohen will no longer have to defend the defamation cause of action.  The absence of prejudice is underscored by the fact that no discovery has taken place and the Court has not even set a schedule for the case.  Insofar as Mr. Cohen contends that his pending Motion to Strike requires the Court to deny this Motion, the Ninth Circuit has determined that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." Verizon Delaware, Inc. v. Covad Commc'ns Co., 377 F.3d

1081, 1091 (9th Cir. 2004). As such, the provisions of Rule 15 must control and Plaintiff should be permitted leave to amend even if a motion to strike is pending at the time amendment is sought. See id. (affirming district court's grant of leave to amend despite the fact that a motion to strike was pending.).

Accordingly, Plaintiff respectfully requests that the Court grant this Motion for Leave to Amend and accept the proposed Second Amended Complaint for filing.

Dated: November 5, 2018                          AVENATTI & ASSOCIATES, APC

                                                 By:    /s/ Michael J. Avenatti
                                                 Michael J. Avenatti
                                                 Ahmed Ibrahim
                                                 Attorneys for Plaintiff Stephanie Clifford
                                                 a.k.a. Stormy Daniels a.k.a. Peggy Peterson