AVENATTI & ASSOCIATES, APC
Michael J. Avenatti, State Bar No. 206929
Ahmed Ibrahim, State Bar No. 238739
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone:  949.706.7000
Facsimile:   949.706.7050

Attorneys for Plaintiff Stephanie Clifford
a.k.a. Stormy Daniels a.k.a. Peggy Peterson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:  2:18-cv-02217-SJO-FFM<br><br>**DECLARATION OF AHMED IBRAHIM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO FILE SECOND AMENDED COMPLAINT** |

# DECLARATION OF AHMED IBRAHIM

I, AHMED IBRAHIM, declare as follows:

1. I am an attorney duly admitted to practice before this Court and am one of the attorneys representing Plaintiff Stephanie Clifford. I am submitting this declaration in support of Plaintiff's Motion for Leave to Amend to File Second Amended Complaint. I have personal knowledge of the information stated herein and if called to testify to the same would and could do so

2. On October 26, 2018, Plaintiff filed her Response to Defendant Michael Cohen's Special Motion to Strike in which Plaintiff notified Defendant Michael Cohen that she would be filing this Motion. [Dkt. 90 at 1, 6-7.]

3. On October 29, I spoke with Mr. Cohen's attorney, Brent Blakely, on the phone and advised Mr. Blakely of the relief sought in this Motion in an effort to meet and confer pursuant to Local Rule 7-3. The same day, I sent a follow up e-mail relating to the meet and confer in which I stated, among other things, that "I am happy to drive up to your office in Manhattan Beach this afternoon to confer in person." Mr. Blakely advised that he would not be available to meet and confer in person until Thursday, November 1. In the meantime, the parties continued to have meet and confer communications by e-mail. Attached hereto as Exhibit C is a true and correct copy of the meet and confer e-mail thread between Mr. Blakely and I.

4. Mr. Blakely and I then met and conferred in person on November 1. However, we were unable to reach a resolution and Mr. Blakely confirmed that Mr. Cohen would oppose Plaintiff's motion.

I declare, under penalty of perjury and under the laws of the United States of America, that the foregoing is true and correct. Executed this 5th day of November, 2018.

                                        /s/ Ahmed Ibrahim
                                        Ahmed Ibrahim

# Exhibit C

| | |
|---|---|
| **From:** | Ahmed Ibrahim |
| **Sent:** | Wednesday, October 31, 2018 3:33 PM |
| **To:** | Brent |
| **Cc:** | Michael J. Avenatti |
| **Subject:** | RE: Clifford v. Trump, et al. - Motion for Leave to Amend |

Brent,

We'll make ourselves available at 2 pm tomorrow. See you then.

Ahmed

---

**From:** Brent [mailto:bblakely@blakelylawgroup.com]
**Sent:** Wednesday, October 31, 2018 3:15 PM
**To:** Ahmed Ibrahim
**Subject:** Re: Clifford v. Trump, et al. - Motion for Leave to Amend

Dear Ahmed:

I'm available between 10am and 2pm tomorrow.

I'm not in the office but here's the gist. The public policy behind California's anti-SLAPP statute is to deter lawsuits, like the one Clifford filed against Cohen, designed to attack free speech rights. The statute itself forbids any amendment. While federal courts are not bound by the procedural provisions of anti-SLAPP, the District Court has broad discretion whether too allow Clifford to amend her complaint to remove the defamation claim. Particularly since it was meant to harass, Cohen's anti-SLAPP motion has been pending since April, and you only suggested this only after losing on Trumps's motion, which was not as strong as Cohen's.

I might consider some resolution where you dismiss the defamation claim with prejudice and reimburse Cohen for his fees. We can discuss tomorrow should your schedule permit.

Regards, Brent


Sent from my iPhone

On Oct 31, 2018, at 1:55 PM, Ahmed Ibrahim <aibrahim@eaganavenatti.com> wrote:

> Brent,
>
> We're available at 4 in our office.
>
> The motion to amend is based on Rule 15, Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) ("we agree with those courts that have held a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint"), and Verizon Delaware, Inc. v. Covad Communications, 377 F.3d 1081, 1091 (9th Cir. 2004) (affirming denial of anti-SLAPP motion after the

plaintiff sought leave to amend; denial of leave to amend under Rule 15 would present "a direct collision with a federal procedural rule.").

Let me ask you a third time. Why do you oppose the defamation count against your client being removed from the case? Please provide us with the basis for your opposition.

Ahmed

**From:** Brent Blakely [mailto:bblakely@blakelylawgroup.com]
**Sent:** Wednesday, October 31, 2018 1:09 PM
**To:** Ahmed Ibrahim
**Subject:** RE: Clifford v. Trump, et al. - Motion for Leave to Amend

Dear Ahmed:

Please let me know if you still want to meet tomorrow. I need to firm up my plans.

Regards, Brent


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:    310.546.7401
www.blakelylawgroup.com

**From:** Brent Blakely <bblakely@blakelylawgroup.com>
**Sent:** Tuesday, October 30, 2018 12:23 PM
**To:** 'Ahmed Ibrahim' <aibrahim@eaganavenatti.com>
**Subject:** RE: Clifford v. Trump, et al. - Motion for Leave to Amend

Dear Ahmed:

I'm making arrangements to have lunch with my father in Newport on Thursday. I can come to your office in Fashion Island either before or after. Also, can you please provide the basis upon which you will be bringing a proposed motion to amend, which would dismiss the defamation claim against Mr. Cohen. Is it simply to avoid an adverse ruling on Mr. Cohen's anti-SLAPP motion? If so, it would seem that your proposed motion is contrary to the public policy behind California's anti-SLAPP statute.

Please let me know what time works best.

Regards, Brent


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:    310.546.7401

www.blakelylawgroup.com

**From:** Ahmed Ibrahim <aibrahim@eaganavenatti.com>
**Sent:** Monday, October 29, 2018 4:35 PM
**To:** Brent <bblakely@blakelylawgroup.com>
**Subject:** RE: Clifford v. Trump, et al. - Motion for Leave to Amend

Brent,

Thanks for your e-mail.  The issue is very straightforward.  Do you consent to Plaintiff filing an amended complaint that does not have the defamation claim against your client?  I don't see why you would oppose such a request.  Or how under Rule 15 any such request could possibly be objectionable.  What am I missing?

I otherwise have no problem meeting with you on Thursday.  We can meet at the Starbucks in Signal Hill, which is a mid-point between our offices, at 10 a.m. on Thursday.  Address is 1788 E. Willow St., Signal Hill, CA.

Regards,

Ahmed

**From:** Brent [mailto:bblakely@blakelylawgroup.com]
**Sent:** Monday, October 29, 2018 4:01 PM
**To:** Ahmed Ibrahim
**Subject:** Re: Clifford v. Trump, et al. - Motion for Leave to Amend

Dear Ahmed:

My initial reaction is that we would oppose such a motion.  However, a dialogue pursuant to lr 7-3 may lead to a resolution.  I'm available this Thursday.  I can come down to your office in the morning if that works.

Regards, Brent

Sent from my iPhone

On Oct 29, 2018, at 1:53 PM, Ahmed Ibrahim <aibrahim@eaganavenatti.com> wrote:

> Brent,
>
> Just following up on our discussion this morning.  As we indicated in our filing on Friday, we intend to file a motion for leave to file a Second Amended Complaint to omit the defamation count.  I called you to meet and confer.  I think your initial inclination was to oppose the motion, but that you would check with your client and get back with me today.  I am happy to drive up to your office in Manhattan Beach this afternoon to confer in person.  Please let me know your position.  Thank you.
>
> Ahmed Ibrahim, Esq.
> 520 Newport Center Drive, Suite 1400
> Newport Beach, CA 92660

3

(949) 706-7000
(949) 706-7050 (Fax)

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.