1  BLAKELY LAW GROUP
2  BRENT H. BLAKELY (CA Bar No. 157292)
3  1334 Parkview Avenue, Suite 280
   Manhattan Beach, California 90266
4  Telephone:   (310) 546-7400
   Facsimile:    (310) 546-7401
5  Email:        BBlakely@BlakelyLawGroup.com

6
   Attorneys for Defendants
7  ESSENTIAL CONSULTANTS, LLC and
   MICHAEL COHEN
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  STEPHANIE CLIFFORD a.k.a.              Case No. 2:18-CV-02217-SJO-FFM
    STORMY DANIELS a.k.a. PEGGY
13  PETERSON, an individual,               **DEFENDANTS ESSENTIAL
                                           CONSULTANTS LLC AND
14                                         MICHAEL COHEN'S OBJECTION
                  Plaintiff,               TO PLAINTIFF'S MOTION FOR
15                                         LEAVE TO AMEND TO FILE
                                           SECOND AMENDED COMPLAINT
16        v.                               (DKT.#91) ON THE BASIS OF
                                           PLAINTIFF'S NON-COMPLIANCE
17  DONALD J. TRUMP a.k.a. DAVID           WITH LOCAL RULE 7-3 AND THIS
    DENNISON, an individual,               COURT'S STANDING ORDER**
18  ESSENTIAL CONSULTANTS, LLC, a
    Delaware Limited Liability Company,    Assigned for All Purposes to the
19  MICHAEL COHEN, an individual, and      Hon. S. James Otero
    DOES 1 through 10, inclusive,
20                                         **Date:       December 3, 2018
21                Defendants.              Time:        10:00 a.m.
                                           Location:    350 West 1st Street
22                                                       Courtroom 10C, 10th Floor
                                                         Los Angeles, CA 90012**
23
                                           Action Filed: March 6, 2018
24

25

26

27

28

1

2      Defendants Essential Consultants LLC ("EC") and Michael Cohen

3  (collectively, "Cohen") hereby respectfully object to Plaintiff's Motion For Leave to

4  Amend to File Second Amended Complaint (ECF No. #91).  Specifically, Plaintiff's

5  counsel has yet again refused to abide by Local Rule 7-3[1] and this Court's Standing

6  Order (ECF No. #11)[2].   (Blakely Dec. ¶3) This is not the first time Plaintiff's counsel

7  _____

8  [1] **L.R. 7-3  Conference of Counsel Prior to Filing of Motions.**

9  In all cases not listed as exempt in L.R. 16-12, and except in

10  connection with discovery motions (which are governed by L.R.

11  37-1 through 37-4) and applications for temporary restraining

12  orders or preliminary injunctions, counsel contemplating the filing

13  of any motion shall first contact opposing counsel to discuss

14  thoroughly, preferably in person, the substance of the contemplated

15  motion and any potential resolution.  The conference shall take

16  place at least seven (7) days prior to the filing of the motion.  If the

17  parties are unable to reach a resolution which eliminates the

18  necessity for a hearing, counsel for the moving party shall include

    in the notice of motion a statement to the following effect: "This

    motion is made following the conference of counsel pursuant to

    L.R. 7-3 which took place on (date).

18

19  [2] **Meet and Confer Requirement**: For all cases not exempt

20  under L.R. 16-12, and except in connection with discovery motions,

    applications for temporary restraining orders, or preliminary

21  injunctions, counsel contemplating filing of any motion shall first

    contact opposing  counsel *to "discuss thoroughly,  referably in*

22  *person, the substance of the contemplated motion and any*

    *potential resolution.*"   L.R. 7-3.   The Court construes this

23  requirement strictly.  Half-hearted attempts at compliance with this

24  rule will not satisfy counsel's obligation.  The parties must discuss

    the substantive grounds for the motion and attempt to reach an

25  accord  that would eliminate the need for the motion.  The Court

26  strongly emphasizes that under L.R. 7-3, discussions of the

    substance of contemplated motions are to take place, if at all

27  possible, in person. Only in exceptional cases will a telephonic

28  conference be allowed.  All motions must include a declaration by

(footnote continued)

OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

has filed documents in violation of the Local Rules and this Court's Standing Order. (See ECF Nos. 32 & 34) Indeed, this Court has admonished Plaintiff's counsel on two separate occasions regarding their failure to abide by same.  (ECF Nos. 35 & 63)

This Court has Ordered that:

> As this is the second time in this one month old action a failure to meet and confer has been brought before the Court, every further motion presented to the Court must include either (1) a stipulation signed by both parties that confirms a meet and confer has occurred, or (2) a declaration from the moving party explaining the exhaustive efforts undertaken to conduct a meet and confer and the exact reasons why the parties have failed to do so.

(ECF No. 35)

On October 29, 2018 Plaintiff's counsel called Mr. Cohen's counsel without warning and simply asked if he would agree to stipulate to allow Plaintiff to file a Second Amended Complaint to remove the action for defamation.  (Blakely Decl. ¶3) Plaintiff's counsel did not offer or otherwise provide any basis for such a motion or legal authority supporting same.  (id.)

On October 31, 2018, at Mr. Cohen's counsel's urging, Plaintiff finally provided some legal authority, albeit generic, concerning Plaintiff's proposed motion. (Blakely Decl. ¶4)

After exchanging emails, Plaintiff and Mr. Cohen's counsel met in person in Newport Beach on November 1, 2018 and had a discussion regarding Plaintiff's proposed motion pursuant to Local Rule 7-3 and this Court's Standing Order.  Mr. Cohen's counsel indicated he would oppose such a motion, which was clearly

---

counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with L.R. 7-3 will be denied.

(footnote continued)

OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

designed to avoid Mr. Cohen's Anti-SLAPP motion which is very likely to be granted.  (Blakely Decl. ¶5)  When Mr. Cohen's counsel observed that pursuant to the Local Rules and Standing Order that Plaintiff would not be able to have this motion heard prior to the December 3, 2018 hearing on the Anti-SLAPP Motion[3] and asked whether Plaintiff would be seeking *ex parte* relief to shorten time, Plaintiff's counsel coyly responded – "you let us worry about that." (Blakely Decl. ¶5)

Mr. Trump is a co-Defendant in this case.  I have confirmed with Mr. Trump's counsel that Plaintiff has not met and conferred them concerning their proposed Motion.  (Blakely Decl. ¶6)

This Court has made it very clear that Local Rule 7-3 meetings should be held in person.  (ECF No. 11) Pursuant to LR 7-3, this conference shall take place at least seven (7) days prior to the filing of any motion.  The parties met on November 1, 2018, making November 8, 2018 the first date Plaintiff could file the motion under the Local Rules and Standing Order, and November 10, 2018 the first date the Motion could be scheduled to be heard.  Mr. Cohen filed his Anti-SLAPP motion on April 9, 2018.  Consequently, Plaintiff's counsel has had almost seven months to meet and confer with Cohen's counsel in compliance with the Local Rules and Standing Order – yet they have chosen not to do so.  Furthermore, despite having been reminded of the Local Rules and Standing Order by Mr. Cohen's counsel, and having been previously warned by this Court, Plaintiff's Counsel have once again chosen to deliberately violate same.  Plaintiff's counsel did not file a stipulation between the parties that a meet and confer has occurred, failed to provide a declaration explaining the exhaustive efforts purportedly undertaken to conduct a meet and confer, and have filed a Motion in violation of Local Rule 7-3.  The clear message being sent is that Plaintiff's counsel doesn't have to abide by the same rules as other attorneys or

---

[3] A date and briefing schedule to which Plaintiff had previously stipulated. ECF No. 83

1   otherwise heed this Court's Orders.

2        Based on the foregoing, Defendants Essential Consultant's LLC and Michael

3   Cohen hereby respectfully request that Plaintiff's Motion for Leave to Amend to File

4   Second Amended Complaint (Dkt. #91) be denied.  Furthermore, Cohen requests that

5   Plaintiff's counsel be sanctioned for their continued violation of the Local Rules and

6   this Court's Orders.

7   Dated: November 5, 2018              BLAKELY LAW GROUP

8

9                                        By:  */s/ Brent H. Blakely*
                                             _____
10                                           BRENT H. BLAKELY
                                             ***Attorneys for Defendants***
11                                           ***ESSENTIAL CONSULTANTS, LLC and***
                                             ***MICHAEL COHEN***
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

## DECLARATION OF BRENT H. BLAKELY

I, Brent H. Blakely, declare:

1.     I am an attorney duly licensed to practice before all courts of the State of California and in the U.S. District Court for the Central District of California, among other courts.  I make this declaration based on my own personal knowledge and, if called and sworn as a witness, I could and would competently testify hereto.

2.     I am a partner of the law firm of Blakely Law Group, counsel of record for Defendant Essential Consultants, LLC ("EC") and Defendant Michael D. Cohen (collectively, "Defendants").

3.     On October 29, 2018 Plaintiff's counsel, Ahmed Ibrahim, called me without warning and simply asked if I would agree to stipulate to allow Plaintiff to file a Second Amended Complaint to remove the action for defamation.  Mr. Ibrahim did not offer or otherwise provide any basis for such a motion or legal authority supporting same.

4.     On October 31, 2018, at my urging, Mr. Ibrahim finally provided some legal authority, albeit generic, concerning the proposed motion.

5.     After exchanging emails, I met with Mr. Ibrahim in Newport Beach on November 1, 2018 and had a discussion regarding Plaintiff's proposed motion.  I indicated that Mr. Cohen would oppose such a motion, which was clearly designed to avoid Mr. Cohen's Anti-SLAPP motion which now seemed very likely would be granted.  When I observed that pursuant to the Local Rules and Standing Order that Plaintiff would not be able to have this motion heard prior to the December 3, 2018 hearing on the Anti-SLAPP Motion and asked Mr. Ibrahim whether Plaintiff would be seeking ex parte relief to shorten time, Mr. Ibrahim coyly responded – "you let us worry about that." (Blakely Decl. ¶ )

6.     I have confirmed with Mr. Trump's counsel that Plaintiff has not met and conferred them concerning their proposed Motion.

1

2          I declare under penalty of perjury under the laws of the United States of

3   America that the foregoing is true and correct.

4          Executed on November 5, 2018, at Los Angeles, California.

5                                          /s/ *Brent H. Blakely*

6                                          BRENT H. BLAKELY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT