FILED

APR 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHANIE CLIFFORD, AKA Stormy Daniels, | No. 20-55880 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-06893-JLS-FFM Central District of California, Los Angeles |
| v. | |
| DONALD J. TRUMP, | ORDER |
| Defendant-Appellee. | |

Before: Lisa B. Fitzgerald, Appellate Commissioner.

I. Introduction

The court awarded attorneys' fees to appellee Donald J. Trump under the Texas Citizens Participation Act (TCPA), Tex. Civ. Prac. & Rem. Code § 27.009(a)(1). The court referred to the appellate commissioner the determination of an appropriate amount. *See* 9th Cir. R. 39-1.9.

Trump requests $121,972.56 in fees for 183.35 hours of work defending against the appeal and preparing the fee application:

| Timekeeper | Position | Admit | Hours | Rate | Fees |
|---|---|---|---|---|---|
| **Harder LLP** | | | | | |
| Ryan Stonerock | Partner | 2006 | 0.50 | $ 756.49 | $ 378.24 |
| Henry Self | Sr. Att'y | 2002 | 1.00 | $ 775.00 | $ 775.00 |
| Dilan Esper | Sr. Att'y | 1995 | 6.00 | $ 691.48 | $ 4,148.88 |
| Steven Frackman | Attorney | 2009 | 0.75 | $ 606.58 | $ 454.94 |

| Dhillon Law Group | | | | | |
|---|---|---|---|---|---|
| Harmeet K. Dhillon | Sr. Partner | 1995 | 24.60 | $1,300.00 | $ 31,980.00 |
| Ronald D. Coleman | Partner | 1989 | 5.90 | $ 845.00 | $ 4,985.50 |
| Mark Meuser | Of Couns. | 2004 | 35.90 | $ 700.00 | $ 25,130.00 |
| Karin Sweigart | Counsel | 2006 | 3.80 | $ 600.00 | $ 2,280.00 |
| Stuart McCommas | Associate | 2013 | 56.20 | $ 600.00 | $ 33,720.00 |
| Joseph Hawkins | Associate | 2018 | 21.50 | $ 400.00 | $ 8,600.00 |
| Hwui Lee | Associate | 2020 | 27.20 | $ 350.00 | $ 9,520.00 |
| Total | | | 183.35 | | $121,972.56 |

Trump additionally requests $5,150.00 in fees for 10 hours of work preparing the fee reply.

II. Discussion

A. Reasonably Expended Hours

Clifford's argument that the fee request is unreasonable and excessive is not well-founded.

1. Staffing

Clifford argues that Dhillon Law Group overstaffed the appeal but does not point to any attorney work that was unnecessary.[1] *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("Participation of more than one attorney does not necessarily amount to unnecessary duplication of effort."). Clifford argues that several tasks the attorneys performed were duplicative, but

---

[1] After Clifford's opening brief was filed, Dhillon Law Group attorneys substituted their appearances in place of Harder LLP attorneys.

cites only the attorneys' time records generally, without identifying any duplicative entries. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) (the burden is on the losing party to point out persuasive, specific reasons, such as duplicative billing, for reducing the fee request). Rather than speculate about how a case could have been staffed, the court must limit its inquiry to whether the fees requested by a legal team are justified. *See id.* at 1114-15.

2. Hours

With respect to Clifford's objection to 9.7 hours requested for a motion for extension of time, Trump has already deducted 3 hours from one entry and attributed 4.1 hours to other work, and the fee request reflects these adjustments. The resulting time for the extension motion is reasonable. Also, contrary to Clifford's contention, Dhillon and McCommas reasonably billed the resulting time for the extension motion, conferences, and record review before Dhillon filed an appearance in the appeal.

Clifford argues that 122.4 hours[2] requested for preparing the answering brief should be reduced by nearly 50 percent, because the issues were straightforward and addressed below. However, the appeal presented questions of appellate jurisdiction that were not addressed in the district court. Also, this court awarded

---

[2] 118.2 + 4.1 = 122.4 hours. *See* Trump Appl., Docket Entry No. 51-2, at 4-5; Trump Reply, Docket Entry No. 55-1, at 10.

168 hours for record review, legal research, and brief preparation in an earlier appeal in this case. See Clifford v. Trump, No. 18-56351, Docket Entry No. 69, at 5-7, 9 (9th Cir. Mar. 30, 2022) (Order). Trump's attorneys reasonably spent the fewer hours requested for preparing the brief in this appeal.

Clifford argues that 50.2 hours requested for the fee application should be substantially reduced. However, this court awarded a comparable 47 hours for Trump's fee application in the earlier appeal. See Clifford, No. 18-56351, Docket Entry No. 69, at 8, 9. The requested hours for the fee application in this appeal are reasonable.

Trump's attorneys reasonably spent the requested 183.35 hours preparing a motion to dismiss, a reply to the opposition to the motion, two extension motions, the answering brief, and the fee application. Dhillon eliminated all paralegal time and 30 hours that were arguably duplicative. See Trump Appl., Dhillon Decl. ¶ 8, Docket Entry No. 51-3, at 4-5. The requested hours are awarded.

3. Fee Reply

Trump's request for $5,150.00 in fees for preparing the fee reply is denied because it is not accompanied by a detailed itemization of the tasks performed each date and the amount of time spent on each task. See 9th Cir. R. 39-1.6(b). Trump does not identify the attorneys who worked on the fee reply or the hourly rates that

were billed. Without this supporting evidence, the court cannot evaluate the reasonableness of the request.

B. Reasonable Hourly Rates

Clifford's argument that rates should be no higher than $500 for partners and senior attorneys and $350 for associates is not well-founded. Clifford relies on an award for work performed from 2010-14 in an anti-SLAPP case. *See Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017) (affirming award of $101,702.38 in fees and costs, including rates of $550 for partners and senior associates and $352 for junior associates); *Red. v. Kraft Foods Inc.*, No. CV 10-1028-GW(AGRx), 2015 WL 12670201, at *1 (C.D. Cal. April 29, 2015) (awarding $101,702.38 in fees for work performed up to April 8, 2013). But increased rates for the 2020-22 work here are appropriate to account for inflation and increases in the attorneys' experience. *See Bell v. Clackamas Cty.*, 341 F.3d 858, 869 (9th Cir. 2003) (holding that "it was an abuse of discretion . . . to apply market rates in effect more than two years *before* the work was performed") (emphasis in original).

Trump's requested rates are reasonable and they are awarded. The requested rates for the Harder LLP attorneys were previously awarded by the district court or by this court in this case. *See Clifford*, No. 18-56351, Docket Entry No. 69, at 2-3. The requested rates for the Dhillon Law Group attorneys are in line with those

previously awarded rates or prevailing market rates. *See id.*; Trump Appl., Dhillon Decl. ¶¶ 13-16, Docket Entry No. 51-3, at 6-7, Exh. C; *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (rate is reasonable if in line with prevailing market rates).

## III. Conclusion

Under the Texas Citizens Participation Act (TCPA), Tex. Civ. Prac. & Rem. Code § 27.009(a)(1), attorneys' fees in the amount of $121,972.56 are awarded in favor of appellee Donald J. Trump and against appellant Stephanie Clifford. *See* 9th Cir. R. 39-1.9. This order amends the court's mandate.