Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Defendants*
*Essential Consultants, LLC and Michael Cohen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217-SJO-FFM<br><br>**DEFENDANT ESSENTIAL CONSULTANTS LLC AND MICHAEL COHEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO FILE SECOND AMENDED COMPLAINT**<br><br>[Declaration of Brent H. Blakely Filed Concurrently Herewith]<br><br>Assigned to the Hon. S. James Otero<br>Action Filed: March 6, 2018<br><br>Date:     December 3, 2018<br>Time:     10:00 a.m.<br>Location: 350 West 1st Street<br>                Courtroom 10C, 10th Floor<br>                Los Angeles, CA 90012 |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................. 2

III.  ARGUMENT .......................................................................................... 4

    A.    Plaintiff's Motion to Amend Was Filed in Violation of the Local Rules and this Court's Orders ................................................. 4

    B.    Plaintiff's Undue Delay and Bad Faith, along With the Prejudice to Mr. Cohen, Warrant the Denial of Plaintiff's Motion to Amend ...... 4

    C.    Even If This Court Allows Plaintiff to Dismiss Her Defamation Claim Against Cohen, It Should Exercise its Discretion to Award Mr. Cohen His Fees Pursuant to Civil Code Section 425.16(c) ............. 9

    D.    This Court Should Place Conditions on Any Amendment ................... 12

    E.    This Court Should Exercise its Inherent Powers and Sanction Plaintiff's Counsel Pursuant to FRCP Rule 11 ....................................... 13

IV.  CONCLUSION ..................................................................................... 14

# TABLE OF AUTHORITIES

Cases

*Ascon Properties, Inc. v. Mobil Oil Co.*,
  866 F.2d 1149 (9th Cir. 1989) ................................................................... 5

*Carvalho v. Equifax Info. Servs., LLC*,
  629 F.3d 876 (9th Cir. 2010) ..................................................................... 5

*Chambers v. NASCO, Inc.*
  501 U.S. 32 (1991) ............................................................................ 13, 14

*Coltrain v. Shewalter*
  (1998) 66 Cal. App. 4th 94 .................................................................. 9, 10

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384, 392-393 ............................................................................... 8

*Eminence Capital, LLC. v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ................................................................... 5

*Firchau v. Diamond Nat'l Corp.*,
  345 F.2d 269 (9th Cir. 1965) ................................................................... 13

*Fleming v. Coverstone*,
  2009 U.S. Dist. LEXIS 22083 (N.D. Cal. March 18, 2009) ..................... 9

*Foman v. Davis*,
  371 U.S. 178 (1962) ................................................................................... 5

*General Signal Corp. v. MCI Telecommunications Corp.*,
  66 F.3d 1500 (9th Cir. 1995) ................................................................... 13

*Gertz v. Robert Welch, Inc.*
  418 U.S. 323 (1974) ................................................................................... 7

*Ghazali v. Moran*,
  46 Fed. 3d 52 (9th Cir. 1995) .................................................................. 12

*Golden Eagle Distributing Corp. v. Burroughs Corp.*,
  801 F. 2d 1531 (9th Cir. 1986) .................................................................. 8

*Gottesman v. Santana*,
  263 F. Supp. 3d 1034 (N.D. Cal. 2017) .................................... 9, 10, 11, 12

*Itel Secur. Litig.*,
  791 F. 2d 672 (9th Cir. 1986) .................................................................. 14

*Jackson v. Bank of Hawaii*,
  902 F.2d 1385 (9th Cir. 1990) ................................................................... 8

*Ketchum v. Moses*
  (2001) 24 Cal. 4th 1122 ........................................................................... 12

*Liu v. Moore*
(1999) 69 Cal. App. 4th 745 ................................................................................. 12

*McGarry v. University of San Diego*
(2007) 154 Cal.App.4th 97 ..................................................................................... 7

*Mireskandari v. Associated Newspapers, Ltd.*,
665 F. App'x 570 (9th Cir. 2016) ......................................................................... 10

*Mireskandari v. Mail*,
2014 U.S. Dist. LEXIS 199028 (C.D. Cal. Aug. 4, 2014) .................................. 10

*Nguyen-Lam v. Cao*
(2009) 171 Cal. App. 4th 858 ................................................................................. 5

*Paris Hilton v. Hallmark Cards et al.*,
580 F.3d 874 (9th Cir. 2009) ................................................................................. 6

*Reyes v. Wells Fargo Bank, N.A.*,
2017 U.S. Dist. LEXIS 198129 (CD Cal. Aug. 7, 2017) .................................... 12

*Roadway Express, Inc. v. Piper*,
447 U.S. 752 (1980) ............................................................................................. 13

*Rogers v. Home Shopping Network, Inc.*,
57 F. Supp. 2d 973 (C.D. Cal. 1999) ..................................................................... 5

*Roth v. First in Awareness, LLC*,
2011 U.S. Dist. LEXIS 103053 (N.D. Cal. Sept. 13, 2011) ............................... 13

*Swanson v. United States Forest Serv.*,
87 F.3d 339 (9th Cir. 1996) ................................................................................... 5

*Uecker v. A Very Nice Pool Co.* (In re Mortgage Fund '08 LLC),
2015 U.S. Dist. LEXIS 129548 (C.D. Cal. Sept. 2015) ..................................... 13

*Verizon Delaware, Inc. v. Covad Commc'ns Co.*,
377 F. 3d 1081 (9th Cir. 2004) .............................................................................. 5

*Washer v. Bank of America*
(1948) 87 Cal. App. 2d. 501 .............................................................................. 6, 7

*Wilbanks v. Wolk*
(2004) 121 Cal.App.4th 883 .................................................................................. 6

Rules

Fed. R. Civ. P. 15(a)(1) ............................................................................................. 4

Fed. R. Civ. P. 15(a)(2) ............................................................................................. 5

FRCP 11(b)(1) ......................................................................................................... 14

FRCP 11(b)(2) ......................................................................................................... 14

FRCP 15(a)(1)(B) ...................................................................................................... 5

-iv-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

## I. INTRODUCTION

On March 26, 2018 Plaintiff amended her complaint to add a defamation claim against Mr. Cohen targeting his truthful opinion contained in a press release that "[j]ust because something isn't true doesn't mean that it can't cause you harm or damage." Because this claim arose from acts in furtherance of Mr. Cohen's right of free speech, on April 9, 2018 Mr. Cohen filed an Anti-SLAPP Motion pursuant to California Code of Civil Procedure Section 425.16. (hereinafter "Civil Code §425.16") While Plaintiff has failed to articulate the reason why she now seeks (after seven months) to drop her defamation claim, there is only one logical conclusion – Plaintiff just lost a similar motion brought by Donald Trump and now seeks to escape the same result in connection her claim against Mr. Cohen. Not only is there no merit for Plaintiff's Motion to Amend, it makes no difference to the outcome Plaintiff seeks to avoid. In fact, it makes it worse.

In Federal Court, when a plaintiff amends the pleadings to remove a defamation claim while an Anti-SLAPP motion is pending, it will be construed as a voluntary dismissal. Notwithstanding such a dismissal, Federal Courts retain jurisdiction over the motion to determine whether the defendant is a "prevailing defendant" under the Anti-SLAPP statute for purposes of attorneys' fees and costs. Finally, a plaintiff's voluntary dismissal raises the presumption that the defendant is the prevailing party.

Rather than allowing Plaintiff to evade responsibility for the meritless claim she filed against Mr. Cohen, by filing this Motion to Amend Plaintiff's counsel has shot himself in the foot. If this Court denies Plaintiff's Motion to Amend, Mr. Cohen should prevail on his unopposed Anti-SLAPP motion, and be awarded his fees in connection therewith. If Plaintiff gets what she seeks, the dismissal of her defamation claim thru an amended complaint, Mr. Cohen will still be deemed the prevailing party for the purpose of attorneys' fees and costs.

## II. FACTUAL BACKGROUND

Plaintiff Stephanie Clifford is an adult-film actress and exotic dancer. Ms. Clifford alleges that she had "an intimate relationship with Mr. Trump" in 2006-2007. (ECF No. 14, First Amended Complaint ("FAC"), ¶ 10) In October 2016, according to an exclusive news report, Ms. Clifford unsuccessfully attempted to sell a story about an alleged one-night-stand with Mr. Trump to tabloid magazines and related outlets for $200,000. (ECF No. 31-1, Blakely Decl., ¶ 4, Ex. D, 3/29/18 Daily Mail Article.)

Instead, Plaintiff admittedly signed a written Settlement Agreement and Mutual Release dated October 28, 2016. (ECF No. 14, FAC ¶¶ 17-23 and Exs. 1-2; ECF No. 31-2; Cohen Decl., ¶¶ 2-3.) In the Settlement Agreement, Ms. Clifford promised to arbitrate any dispute that might later arise between her and Mr. Trump. (ECF No. 14; FAC Ex. 1 [p. 10].) Plaintiff also promised not to publicly disclose any Confidential Information (as defined in the Settlement Agreement), including any of Mr. Trump's "alleged sexual partners, alleged sexual actions or alleged sexual conduct." (Id. pp. 4-8.)

As consideration for Ms. Clifford's promises to arbitrate and to maintain confidentiality, EC paid and Ms. Clifford admittedly accepted, the sum of $130,000. (*See* ECF No. 14; FAC ¶ 24 and Ex. 1 [p. 4, ¶23]) For the next sixteen months, Ms. Clifford did not reject the Settlement Agreement or make any attempt to return the $130,000 that she was paid by EC. (ECF No. 31-2; Cohen Decl., ¶¶ 2-3.)

On or about February 22, 2018, EC filed an arbitration proceeding with ADR Services, Inc. ("ADRS") in Los Angeles (the "Arbitration"), pursuant to the arbitration provision in the Settlement Agreement. (ECF No. 31-2; Cohen Decl., ¶ 8) Upon EC's emergency application for a Temporary Restraining Order, the arbitrator (a retired California Superior Court judge) issued an order prohibiting Clifford from violating the Settlement Agreement by, among other things, disclosing any Confidential Information to the media or in court filings. (Id. at ¶ 9)

In response, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Los Angeles on March 6, 2018, seeking a declaratory judgment that the Agreement is void, invalid, or unenforceable. (See ECF No. 1-1; *generally*, Notice of Removal, Ex. 1)

On March 26, 2018, pursuant to FRCP 15(a)(1)(A), Plaintiff filed the FAC adding several new purported defenses to the arbitration provision and the Second Claim for Defamation against Mr. Cohen. (ECF No. 14)   Plaintiff's FAC asserts two causes of action: (1) a claim for declaratory relief to invalidate the Settlement Agreement, dated October 28, 2016, by and between EC and Plaintiff; and (2) a claim for defamation against Mr. Cohen.

On March 27, 2018 Mr. Cohen's counsel sent Plaintiff's counsel a detailed meet and confer letter setting forth the basis for Mr. Cohen's Anti-SLAPP Motion and requesting that Plaintiff voluntarily dismiss her defamation claim.  (ECF No. 31-1, Ex. H)

On April 2, 2018 the parties held a meet and confer discussion regarding Mr. Cohen's anticipated Anti-SLAPP motion.  (ECF No. 31-1, pg. 3) During this discussion Mr. Cohen's counsel explained in detail why Plaintiff's defamation claim was subject to California's Anti-SLAPP statute, and urged Plaintiff's counsel to dismiss same, which they refused to do.  (Id)

On April 9, 2018 Mr. Cohen filed his Anti-SLAPP Motion.  (ECF No. 31) That same day the FBI raided Mr. Cohen's residence and office.  (ECF No. 50)

Since March of 2018 Plaintiff and her attorney have used this litigation as a platform to malign others to advance their own selfish interests.  Mr. Cohen, who was largely unable to defend himself due to the criminal investigation, has been the primary target of Plaintiff's counsel.  As described in detail in Mr. Cohen's Motion for a Restraining Order (ECF No. 60), Plaintiff's counsel maligned Mr. Cohen in hundreds of television appearances and tweets, which have been heard by millions of listeners, heedless of the impact that this would have on Mr. Cohen and his family.

On September 24, 2018 the Parties stipulated to hearing dates on Defendants' Motions to Dismiss for Subject Matter Jurisdiction and Mr. Cohen's Anti-SLAPP Motion, and this Court issued an Order in connection with same. (ECF No. 83) On October 15, 2018 this Court granted Donald Trump's Motion to Strike in *Clifford v. Trump*, USDC Cent. Dist. California, case no. 18-06893. (Blakely Decl. Exh. #1; ECF No. 96, Exh. A)  On November 5, 2018, seven (7) months after Mr. Cohen's counsel urged Plaintiff's counsel to dismiss the defamation claim and was forced to file an Anti-SLAPP motion, Plaintiff has now filed this present Motion to Amend which seeks to dismiss her defamation claim. (ECF No. 91)

## III. ARGUMENT

### A. Plaintiff's Motion to Amend Was Filed in Violation of the Local Rules and this Court's Orders

As discussed in Mr. Cohen's Objection (ECF No. 92), Plaintiff's counsel did not follow Local Rule 7-3 and this Court's Orders when they filed Plaintiff's Motion to Amend. (ECF No. 91).

### B. Plaintiff's Undue Delay and Bad Faith, along With the Prejudice to Mr. Cohen, Warrant the Denial of Plaintiff's Motion to Amend

Motions to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure. A party may amend their pleading once as a matter of course within twenty-one days of service, or, if the pleading is one which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). After that period, the decision to grant or deny leave to amend lies within the discretion of the court or the opposing party. See *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Rule 15(a) provides the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, a court "may exercise its discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))  Prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989).

  *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F. 3d 1081 (9th Cir. 2004) stands for the general proposition that federal courts sitting in diversity are bound by federal, not state, pleading standards where an Anti-SLAPP motion challenges the legal sufficiency of a complaint.[1]  *See also Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982-983 (C.D. Cal. 1999).  Nothing in *Verizon* requires courts to automatically grant a motion to amend.  Rather, as with any other motion to amend, courts retain their discretion under FRCP 15(a)(1)(B) to grant or deny same.

  Plaintiff amended her complaint on March 26, 2018 to add a claim for defamation against Mr. Cohen.  (ECF No. 14) Shortly thereafter, the parties respective counsel engaged in detailed meet and confer discussions in an attempt to avoid unnecessary law and motion.  In fact, on March 27, 2018 Mr. Cohen's counsel sent the following letter to Mr. Avenatti:

> *I am writing to request an in-person meet and confer conference pursuant to*

---

[1] In *Verizon* the District Court granted defendant's motion to dismiss Verizon's initial complaint and deferred ruling on defendant's Anti-SLAPP motion pending Verizon's amendment of the pleading.  The district court observed that it was unclear, based on the current record, whether Verizon's claims were in fact based upon acts in furtherance of the defendant's rights of free speech and petition.  Accordingly, the district court granted leave to amend in order to resolve the ambiguities as to the basis for its claim. See *Nguyen-Lam v. Cao* (2009) 171 Cal. App. 4th 858 (order granting leave to amend to show probability of prevailing on merits). (Blakely Decl. Ex. #3)

*Local Rule 7-3 regarding the First Amended Complaint you recently filed. Defendant Michael Cohen is considering filing an anti-SLAPP motion pursuant to California Code of Civil Procedure §425.16 in connection to Clifford's Second Cause of Action for Defamation.  Under the statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."*

*Here, Cohen's alleged statement arose in connection with a public issue.  See e.g., Paris Hilton v. Hallmark Cards et al., 580 F.3d 874 (9th Cir. 2009).  Ms. Clifford will have the burden of establishing that there is a probability of her prevailing on her defamation claim.*

*As set forth in the First Amended Complaint, Clifford's defamation claim is premised on the following statement by Mr. Cohen:*

*"Just because something isn't true doesn't mean that it can't cause you harm or damage.  I will always protect Mr. Trump."*

*"Defamation consists of, among other things, a false and unprivileged publication, which has a tendency to injure a party in its occupation." Wilbanks v. Wolk (2004) 121 Cal.App.4th 883, 901.  Washer v. Bank of America (1948) 87 Cal. App. 2d. 501, 509.  The sine qua non of recovery for defamation … is the existence of falsehood.'  Because the statement must contain a provable falsehood, courts distinguish between statements of fact and statements of opinion for purposes of defamation liability.  Although statements of fact may be actionable as libel, statements of opinion are constitutionally protected." McGarry v. University of San Diego (2007) 154 Cal.App.4th 97, 112.*

*Truth is an absolute defense to defamation.  Washer v. Bank of America (1948) 87 Cal. App. 2d. 501, 509.  Nothing about the aforementioned statement, which is not directed at anyone in particular, is untrue.  Indeed, as of this date, Ms.*

-6-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

*Clifford had stated on at least three different occasions, including in a letter that she signed one month before Mr. Cohen's alleged statement, that she did **not** have an intimate relationship with Mr. Trump. Thus, her statements which are completely contradictory—that she did **not**, and that she did, have an intimate relationship—cannot both be true.*

*Ms. Clifford's defamation claim also will fail because when Mr. Cohen made the alleged statement, he was engaging in his constitutionally protected right to express his opinion. "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." Gertz v. Robert Welch, Inc. 418 U.S. 323, 339-340 (1974).*

*Finally, Ms. Clifford will be required to establish a prima facie claim that she suffered actual damages. Because the purported libelous statement would require further consideration of extrinsic facts, it is not libel per se. Cal. Civil Code §45a. Thus, Ms. Clifford would have to prove that she suffered special damages as a proximate result thereof. Again, as of the time Mr. Cohen made this statement, Ms. Daniels had stated on at least three different occasions that she did **not** have an intimate relationship with Mr. Trump. Even if one were to distort Mr. Cohen's statement to the length that you attempt in the First Amended Complaint, it can hardly be said that Mr. Cohen's statement, which nowhere contradicts Ms. Clifford's stated position at this time, somehow damaged Ms. Clifford.*

*Should Ms. Clifford's defamation claim fail to survive an anti-SLAPP challenge, she would be held responsible for Mr. Cohen's legal fees.*

*Moreover, you have exposed yourself personally to potential sanctions for filing a frivolous pleading in violation of Federal Rule of Civil Procedure, Rule 11, which was enacted to deter abusive pretrial tactics and to streamline litigation by excluding baseless filings. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 392-393; Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F. 2d 1531, 1542 (9th Cir. 1986).*

*We therefore ask that you reconsider Ms. Clifford's Second Cause of Action for*

-7-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

> *Defamation against Mr. Cohen, and stipulate to the voluntary dismissal of same.*
>
> *I have a trial beginning on April 3, 2018 in another matter and therefore request that we hold the meet and confer conference regarding Mr. Cohen's anti-SLAPP motion **this week**. As the prior meet and confer conference was held at my office, I'll be happy to travel to Newport Beach for this one.*
>
> *Naturally, all of my client's claims are expressly reserved and none are waived.*

(ECF No. 31-1, Ex. #H)

Consequently, as of March 27, 2018, the day after Plaintiff sued Mr. Cohen for defamation, Plaintiff knew or should have known the facts underlying his Motion to Amend, but Plaintiff chose not to file a Motion to Amend for over seven months. That is undue delay. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)(holding that it was unreasonable to delay filing an amended complaint eight months after obtaining the pertinent facts). During this time Plaintiff and her counsel have used this frivolous lawsuit as a platform to further their own notoriety at the expense of Mr. Cohen. Not only was Mr. Cohen required to remain silent in the face of their relentless attacks, which included numerous instances of slander and the unlawful release of Mr. Cohen's confidential bank records (ECF No. 60), Mr. Cohen has gone to considerable expense to defend himself against Plaintiff's allegations. Now, on the eve of this Court deciding Mr. Cohen's Anti-SLAPP Motion, Plaintiff seeks dismiss her defamation claim thru an amended complaint.

Plaintiff's delay amending the complaint to dismiss her defamation claim for the purpose of prolonging this litigation and forcing Mr. Cohen to incur unnecessary expenses demonstrates bad faith. The grant of leave to amend in this situation will cause substantial prejudice to Mr. Cohen. Instead of prevailing on his Anti-SLAPP Motion and having Plaintiff's SLAPP claim dismissed with prejudice, Mr. Cohen may have to defend against a similar lawsuit in another jurisdiction – something

California's Anti-SLAPP statute was specifically designed to prevent. Under these circumstances it is appropriate for this Court to deny Plaintiff's Motion to Amend.

### C. Even If This Court Allows Plaintiff to Dismiss Her Defamation Claim, It Should Exercise its Discretion to Award Mr. Cohen His Fees Pursuant to Civil Code Section 425.16(c)

It is well established that Plaintiff cannot avoid an award of attorneys' fees and costs under CCP section 425.16(c) by dismissing her defamation claim. "Plaintiff's amendment of the first amended complaint to remove the defamation claim is tantamount to a voluntary dismissal of his defamation claim which was the subject of a pending anti-SLAPP motion." *Fleming v. Coverstone*, 2009 U.S. Dist. LEXIS 22083 *15 (N.D. Cal. March 18, 2009). "Where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under section 425.16(c). *Fleming* at *13, *citing Coltrain v. Shewalter* (1998) 66 Cal. App. 4th 94, 107.

As the district court in *Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1040 (N.D. Cal. 2017) aptly observed when it retained jurisdiction to award fees pursuant to §426.16(c):

> *The anti-SLAPP statute . . . anticipates circumstances in which parties dismiss their cases while motions to strike are pending. In such circumstances, the trial court is given the limited jurisdiction to rule on the merits of the motion in order to decide if it should award attorney fees and costs to the defendants."*
> *The reasoning for this retention of limited jurisdiction makes intuitive sense. As the court in Coltrain v. Shewalter explained, a voluntary dismissal should not automatically preclude an award of attorneys' fees to a defendant because '[o]therwise, SLAPP plaintiffs could achieve most of their objective with little risk—by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a special motion to strike, then dismissing the action*

> *without prejudice. The specter of the action being refiled (at least until the statute of limitations had run) would continue to have a significant chilling effect on the defendant's exercise of its First Amendment rights. At that point, the plaintiff would have accomplished all the wrongdoing that triggers the defendant's eligibility for attorney's fees, but the defendant would be cheated of redress.'*
>
> *Thus, consistent with the courts of the Ninth Circuit and of this state, the Court will consider the merits of Attorney Defendants' anti-SLAPP motion, in spite of Plaintiff's voluntary dismissal, for the limited purpose of determining whether Attorney Defendants are 'prevailing defendants' under the statute.*

*See also Mireskandari v. Mail*, 2014 U.S. Dist. LEXIS 199028, **11-13 (C.D. Cal. Aug. 4, 2014), aff'd in part, appeal dismissed in part sub nom. *Mireskandari v. Associated Newspapers, Ltd.*, 665 F. App'x 570 (9th Cir. 2016) (finding same and collecting authority).

Federal courts applying California's anti-SLAPP statute have generally followed the *Coltrain* approach, which states that a plaintiff's voluntary dismissal raises a presumption that the defendant is the prevailing party that the plaintiff can rebut by explaining its reason for dismissal. *Gottesman* at 1042; *Coltrain*, 66 Cal. App. 4th at 107; *Mireskandari* at **15-16 (concluding same and collecting authority); *see also Associated Newspapers* at 572 (affirming court's grant of attorneys' fees under the *Coltrain* approach)

Like the plaintiff in *Gottesman*, Ms. Clifford has not opposed the merits of Mr. Cohen's Anti-SLAPP Motion nor explained in her Motion to Amend why she seeks to dismiss her defamation claim while Mr. Cohen's Anti-SLAPP motion is still pending. *Gottesman* at 1043. In fact, other than citing authority for the undisputed proposition that this Court has discretion to grant a motion to amend pursuant to FRCP 15(a), Plaintiff gives no explanation whatsoever as to why, after seven months, she now seeks to abandon her defamation claim. As the court in *Gottesman* held, "[w]ithout

more, the Court finds that Plaintiff has not rebutted the presumption that Attorney Defendants are the prevailing party for purposes of attorneys' fees and costs under the ant-SLAPP statute." *Gottesman* at 1043; *See also Fleming* at **14-15 (finding that a defendant was a prevailing party within the meaning of California's anti-SLAPP statute where the plaintiff "did not assert that he dismissed the defamation claim because Plaintiff has substantially achieved his goals through settlement, because Defendant was insolvent, or for other reasons unrelated to the probability of success on the merits.")

Even if Plaintiff's counsel attempts to offer some belated explanation in a reply brief, doing so would be futile. While Plaintiff's counsel has failed to give any motive for the dismissal, the only reasonable conclusion is that it is directly related to the probability of success on the merits. In a ten (10) day period preceding the filing of Plaintiff's Motion to Amend, Plaintiff's counsel was:

- -defeated in connection with Mr. Trump's Anti-SLAPP Motion;
- -hit with a personal judgment of $4.85 million;
- -evicted from his law office; and
- -referred to the FBI by the Chairman of the Senate Judiciary Committee in connection with the false claims made concerning Justice Brett Kavanaugh.[2]

Plaintiff's counsel (who portrays himself *ad nauseum* as winner, has political aspirations, and is keenly aware of the media) seeks to avoid further losses and the imposition of fees against his client. Correctly perceiving that his chances of prevailing against Mr. Cohen's Anti-SLAPP motion as hopeless, Plaintiff's counsel has opted for the legal equivalent of running away – dismissing Plaintiff's defamation claim through a motion to amend. As the district courts in *Gottesman* and *Fleming* both concluded when confronted with this same issue, under these circumstances Mr. Cohen is the prevailing party for purposes of attorneys' fees and costs under

---

[2] Blakely Decl. Exs. ##1,2 & 4.

California's Anti-SLAPP statute.

This conclusion would be the same even if this Court were to rule on Mr. Cohen's Anti-SLAPP Motion.  Plaintiff did not oppose Mr. Cohen's Anti-SLAPP motion on the merits, but instead only argued that New York law, rather than California law, applies.  Thus, Plaintiff conceded that: a) her claim arose from acts "in the furtherance of Mr. Cohen's right of petition or free speech, and b) she cannot prevail on her defamation claim. *Reyes v. Wells Fargo Bank, N.A*., 2017 U.S. Dist. LEXIS 198129 *8 (CD Cal. Aug. 7, 2017); Local Rule 7-12; *Ghazali v. Moran*, 46 Fed. 3d 52, 53 (9th Cir. 1995).   As discussed in Mr. Cohen's Anti-SLAPP Motion (ECF No. 31 pp. 15-17) and Reply Brief (ECF NO. 95), California law governs the application of California's Anti-SLAPP statute.

However, this Court doesn't need to cross that bridge. As discussed above, federal courts have generally adopted the *Coltrain* approach over the reasoning set forth in *Liu v. Moore* (1999) 69 Cal. App. 4th 745.  *See Mireskandari* at **12-14; *Gottesman* at 18; *Fleming* at **14-15.  Even if Plaintiff cobbles together some reason for the dismissal of the defamation claim unrelated to the probability of success on the merits, no amount of spin will change the fact that Mr. Cohen is the prevailing party. Plaintiff brought one claim against Mr. Cohen, her Second Cause of Action for defamation, which will have been dismissed.  Civil Code §425.16(c); *Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1131("any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees"); *Mireskandari* at **17-18.

Accordingly, if this Court decides to grant Plaintiff's Motion to Amend, Mr. Cohen respectfully requests that Mr. Cohen be deemed the prevailing party for the purpose of awarding fees pursuant to California's Anti-SLAPP statute.

### D. This Court Should Place Conditions on Any Amendment

A district court, in its discretion, may impose attorneys' fees and costs as a condition of granting leave to amend in order to compensate the opposing party for expenses incurred because the original pleading was faulty. *See General Signal*

*Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995)("we find no abuse of discretion arising from the court's justifiable attempt to compensate GSX for MCI's backpedaling on its counterclaims."); *Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 275 (9th Cir. 1965); *Uecker v. A Very Nice Pool Co.* (In re Mortgage Fund '08 LLC), 2015 U.S. Dist. LEXIS 129548 **25-26 (C.D. Cal. Sept. 2015); *Roth v. First in Awareness, LLC*, 2011 U.S. Dist. LEXIS 103053 **5-6 (N.D. Cal. Sept. 13, 2011)(original pleading meritless, defendant pointed this out to Plaintiff, but Plaintiff refused to amend the complaint to state valid claim against her in order avoid the need of a motion).  If this Court allows Plaintiff to amend yet decides not to exercise its discretion to determine whether Mr. Cohen is the prevailing party for purposes of attorney's fees under section 425.16(c), it should make any amendment conditioned upon the payment of Mr. Cohen's fees and costs.  Like *Roth*, Ms. Clifford's defamation claim against Mr. Cohen is meritless, Mr. Cohen's counsel pointed this out to Plaintiff's counsel on March 27, 2018, yet Plaintiff refused to amend at that time thus forcing Mr. Cohen to incur the expense of filing an Anti-SLAPP Motion.

### E. This Court Should Exercise its Inherent Powers and Sanction Plaintiff's Counsel Pursuant to FRCP Rule 11

This Court has the inherent power to impose attorneys' fees for bad faith conduct in litigation.  *Chambers v. NASCO, Inc.* 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-766 (1980).  The court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs os as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43.   Additionally, this Court has the power to impose sanctions Pursuant to Federal Rule of Civil Procedure, Rule 11 *sua sponte*.   FRCP 11(c)(3); *In re Itel Secur. Litig.*, 791 F. 2d 672, 675 (9th Cir. 1986).  Plaintiff's defamation claim against Mr. Cohen was meritless from the start.  Far from being a developing area of the law, any attorney with a basic understanding of First

Amendment jurisprudence would have recognized that Plaintiff's claim, which attacks Mr. Cohen's Constitutionally protected speech, was untenable. FRCP 11(b)(2). Nonetheless, even after having been warned, Plaintiff's counsel maintained this cause of action for the improper purpose of harassing Mr. Cohen. FRCP 11(b)(1). Plaintiff's attempt to dismiss her defamation claim thru a motion to amend is a tacit acknowledgment that this claim is frivolous. This Court should hold Plaintiff's counsel, Michael Avenatti, personally responsible for his actions and order that he and Plaintiff be jointly responsible for Mr. Cohen's fees in connection with the Anti-SLAPP motion.

## IV. CONCLUSION

For the foregoing reasons, Mr. Cohen respectfully requests that the Court deny Plaintiff's Motion to Amend her complaint to dismiss her Second Cause of Action for defamation. Alternatively, that this Court deem Mr. Cohen the "prevailing party" for the purpose of awarding fees pursuant to California's Anti-SLAPP statute, and that Plaintiff and her counsel be held jointly responsible for the payment of same.

Dated: November 13, 2018  BLAKELY LAW GROUP

By: */s/ Brent H. Blakely*
Brent H. Blakely
Jessica C. Covington
**Attorneys for Defendants**
**Essential Consultants, LLC and Michael Cohen**