JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** CV 18-02217-SJO (FFMx) | **DATE:** March 7, 2019 |
| **TITLE:** Stephanie Clifford v. Donald J. Trump et al. | |

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz | Terri Hourigan |
| Courtroom Clerk | Court Reporter |

| | |
|---|---|
| **COUNSEL PRESENT FOR PLAINTIFF(S):** | **COUNSEL PRESENT FOR DEFENDANT(S):** |
| Present | Present |

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REMANDING CASE TO LOS ANGELES SUPERIOR COURT** [Docket Nos. 87, 88.]

These matters are before the Court on Defendants Donald J. Trump ("DJT") and Defendant Essential Consultants, LLC's ("EC") (collectively, "Defendants") respective Motions to Dismiss for Lack of Subject Matter Jurisdiction (collectively, "Defendants' Motions"), filed on October 8, 2018. Plaintiff Stephanie Clifford opposed Defendants' Motions in a single filing ("Opposition") on October 26, 2018. Defendants filed replies (collectively, "Defendants' Replies") on November 7, 2018. Plaintiff filed a Supplementary Declaration on December 17, 2018. This Court held argument in this matter on January 22, 2019. For the following reasons, the Court **GRANTS** Defendants' Motions, holding that it lacks subject matter jurisdiction over Plaintiff's declaratory relief causes of action.

I.   FACTUAL AND PROCEDURAL BACKGROUND

   A.   Central Allegations In The Complaint

This case centers on the validity of a written agreement between Plaintiff and Defendants. Plaintiff alleges that she had an intimate relationship with Defendant DJT in 2006-2007. (First Am. Compl. ("FAC") ¶ 10, ECF No. 14.) Plaintiff signed a written agreement titled "Confidential Agreement and Mutual Release; Assignment of Copyright and Non-Disparagement Agreement," dated October 28, 2016 ("Agreement"). (FAC Ex. 1.) In the Agreement, Plaintiff promised: (1) to arbitrate any dispute that may arise later between her and Defendant DJT and (2) not to publicly disclose any confidential information as defined in the Agreement ("CI"). For these promises, Plaintiff received $130,000 dollars in consideration from Defendant EC. (FAC Ex. 1 at 10, 4-8; FAC ¶ 24.)

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   CV 18-02217-SJO (FFMx)          DATE:   March 7, 2019

B.  Procedural History

On or around February 22, 2018, Defendant EC filed an arbitration proceeding with ADR Services, Inc. ("ADRS") in Los Angeles pursuant to provisions in the Agreement.  (Declaration of Michael Cohen ("Cohen Decl.") ¶ 8, ECF No. 31-2.)  The arbitrator issued an order prohibiting Plaintiff from violating the Agreement by disclosing any CI to the media or in court filings (the "Arbitration Order").  (*Id.* ¶ 9.)

On March 6, 2018, Plaintiff filed a complaint in the Superior Court of the State of California for the County of Los Angeles against Defendants DJT, EC, and Does 1 through 10 inclusive, seeking declaratory judgment that the Agreement is void, invalid, or unenforceable.  (Compl., Notice of Removal, Ex. 1, ECF No. 1-1.)  Defendant EC removed this action to federal court on March 16, 2018 based on diversity jurisdiction.  (*See* Notice of Removal, ECF No. 1.)

On March 26, 2018, Plaintiff filed the FAC, asserting two causes of action against Defendants DJT, EC, and Does 1 through 10 inclusive: (1) a claim for declaratory relief to invalidate the Agreement; and (2) a claim for defamation against Michael Cohen.

C.  Stay Of This Action

On April 13, 2018, Defendants moved to stay this action, and on April 27, 2018, the Court ordered that this action be stayed for 90 days.  (*See* ECF No. 38; ECF No. 53).  On July 31, 2018, the Court ordered that this action be stayed for an additional 45 days and set a scheduling conference for September 24, 2018.  (*See* ECF No. 74.)

D.  The Covenants Not To Sue

On September 7, 2018, a few days before the 45-day stay was to be lifted, Defendant EC sent Plaintiff a signed Covenant Not to Sue[1] in which EC "covenant[ed] not to assert any rights and/or claims against [Plaintiff] with respect to the validity and/or enforcement of the Confidential Settlement Agreement, including but not limited to any claims against [Plaintiff] for breach thereof. [Defendant EC reserved] the right to seek reimbursement for the $130,000 in consideration paid to [Plaintiff] in connection therewith."  (ECF No. 79, Ex. A.)  This covenant was included as an exhibit in a supplement to the Rule 26(f) report filed by Defendant EC.

On September 8, 2018, Defendant DJT's counsel filed a similar covenant on behalf of DJT. Defendant's counsel wrote to Plaintiff's counsel and stated that Defendant DJT "[did] not, and w[ould] not, contest [Plaintiff]'s assertion that the [] Agreement was never formed, or in the

---

[1]  Defendants' respective letters on September 7, 2018 and September 8, 2018 were included in supplemental 26(f) reports.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  _____
Send      _____
Enter     _____
Closed    _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>CV 18-02217-SJO (FFMx)</u>          DATE: <u>March 7, 2019</u>

alternative, should be rescinded. Moreover, [Defendant DJT covenanted] that he [would] not bring any action, proceeding or claim against Plaintiff to enforce any of the terms of the [] Agreement." (ECF No. 80, Ex. A.)  The letter from Defendant DJT's counsel was included as an exhibit in a supplement to the Rule 26(f) report filed by Defendant DJT.

Defendants EC and DJT contend that their respective covenants not to assert any rights under the Agreement (collectively, "Defendants' Covenants") render the instant lawsuit moot. According to Defendants, there is no longer a "case or controversy" on which this Court can rule.  (ECF No. 87 at 2;  ECF No. 88 at 2.)  In the alternative, Defendants contend that Plaintiff's FAC operated as an offer of rescission, which Defendants accepted with the filing of their Covenants Not To Sue.  According to Defendants, because the contracting parties have rescinded the Agreement, this Court lacks subject matter jurisdiction over Plaintiff's declaratory relief causes of action.  (*See* Tr. Of January 22, 2019 Proceedings at 5:6-6:23.)

On September 10, 2018, Plaintiff responded to Defendants' supplementary 26(f) reports, arguing that Plaintiff's declaratory relief causes of action are not moot and that the Agreement has not been validly rescinded.  (*See* ECF No. 81.)  On September 14, 2018, Defendant DJT submitted a second supplementary report, responding to Plaintiff's arguments.  (*See* ECF No. 82.)

Based on the Rule 26(f) filings, this Court held a scheduling conference on September 24, 2018. At this conference, the Court ordered Defendants to file a motion to dismiss for lack of subject matter jurisdiction.  (*Id.*)  The Court informed the parties that Plaintiff's declaratory relief causes of action may be moot because Defendants had covenanted not to sue Plaintiff under the Agreement.  (*See* ECF No. 83.)

Defendants subsequently filed the instant Motions. The Court held argument on the Motions on January 22, 2019.  (*See* Tr. Of January 22, 2019 Proceedings.)

II.     DISCUSSION

   A.     Federal Standard For Mootness

"It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

A federal court's subject matter jurisdiction is limited to "cases" or "controversies."  As a threshold matter, this Court must determine whether a plaintiff's lawsuit is justiciable. The Court accomplishes this task by considering standing, mootness, and ripeness, three closely-related doctrines that underscore the principle that this Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: **CV 18-02217-SJO (FFMx)**               DATE: **March 7, 2019**

with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). At the outset of litigation, a plaintiff must establish standing to bring a cause of action under Article III of the Constitution. A plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

"Mootness can be characterized as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir.1999) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)). Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Id.* "If there is no longer a possibility that [a litigant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir.1999). *See also Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (summarizing federal mootness standard). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already LLC v. Nike*, 568 U.S. 85, 91 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)).

In the instant case, the Court must determine if Defendants' Covenants moot Plaintiff's declaratory relief cause of action, eliminating the case or controversy that exists before the Court.[2] To address this question, the Court is mindful of the fact that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued. Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends. Given this concern, [] cases have explained that 'a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id.* (internal citations omitted).

    B.    <u>Defendants Present A Factual Attack To Jurisdiction.</u>

The Court next determines the standard of review and the type of evidence that it may consider in adjudicating Defendants' Motions. During the pendency of litigation, a litigant can bring a

---

[2] The Court has dismissed with prejudice the only other cause of action in Plaintiff's FAC, an action for defamation against Defendant Michael Cohen. (*See* Order Granting Plaintiff Leave To Amend FAC and Voluntarily Dismissing the Defamation Action, ECF No. 108.) At the present time, the only live cause of action before this Court is Plaintiff's claim for declaratory relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 18-02217-SJO (FFMx)</u>　　　　DATE: <u>March 7, 2019</u>

Federal Rule of Civil Procedure 12(b)(1) motion on mootness grounds if events have taken place that eliminate the case or controversy that exists before a court. *See Winkal Holdings, LLC v. JPMorgan Chase Bank, Nat'l Ass'n*, No. CV 10-4267-VBF(FMOX), 2011 WL 13143713, at *1 (C.D. Cal. Apr. 20, 2011).

A challenge to this Court's jurisdiction on mootness grounds can be a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* at 1039. A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted). Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

In the instant case, Defendants bring a 12(b)(1) motion on mootness grounds, contending that Defendants' Covenants Not To Sue eliminate the need for Plaintiff to bring a declaratory relief claim to invalidate the Agreement. (DJT Mot. at 1; EC Mot. at 1-2.) Because Defendants' argument requires the Court to look beyond the four corners of the FAC and analyze the Covenants themselves, Defendants present a factual challenge to this Court's subject matter jurisdiction.

In resolving a factual attack on jurisdiction, this Court can review evidence beyond the FAC without converting the motion to dismiss into a motion for summary judgment. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (citing *White*, 227 F.3d at 1242). The Court need not presume the truthfulness of the plaintiff's allegations. *See White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 2. *See also Safe Air for Everyone*, 373 F.3d at 1039 (summarizing the standard to be applied to a factual attack on subject matter jurisdiction.)

　　　　C.　　<u>Plaintiff's Claims For Declaratory Relief Are Moot.</u>

Having set out the federal standard on mootness and established that Defendants bring a factual challenge to this Court's subject matter jurisdiction, the Court next turns to the substance of whether Plaintiff's claims for declaratory relief are moot. To address this question, the Court notes that in the FAC, Plaintiff pleads a claim for declaratory relief under both California law and federal law. (FAC ¶¶ 38-39.) In doing so, Plaintiff essentially brings two separate claims for declaratory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:   **CV 18-02217-SJO (FFMx)**            DATE:   **March 7, 2019**

relief, one under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the other under California Code of Civil Procedure § 1060.

The Court first analyzes the justiciability of the federal declaratory relief claim and then analyzes the California declaratory relief claim.  Irrespective of the standard applied, Defendants' Covenants eliminate this Court's subject matter jurisdiction over Plaintiff's causes of action for declaratory relief.

       1.      <u>Federal Declaratory Relief Claim</u>

Plaintiff's claim under the Federal Declaratory Judgment Act is moot.  The Federal Declaratory Judgment Act provides that "**in a case of actual controversy** within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a) (emphasis added).

Defendants' Covenants make it impossible for Defendants to sue Plaintiff based on the Agreement.  EC "covenant[ed] not to assert any rights and/or claims against [Plaintiff] with respect to the validity and/or enforcement of the Confidential Settlement Agreement, including but not limited to any claims against [Plaintiff ] for breach thereof. [Defendant EC reserved] the right to seek reimbursement for the $130,000 in consideration paid to [Plaintiff] in connection therewith." (ECF No. 79, Ex. A.)  Similarly, Defendant DJT stated that he "[did] not, and w[ould] not, contest [Plaintiff]'s assertion that the [] Agreement was never formed, or in the alternative, should be rescinded.  Moreover, [he covenanted] that he [would] not bring any action, proceeding or claim against Plaintiff to enforce any of the terms of the [] Agreement."  Based on Defendants' Covenants, Defendants' purportedly  wrongful behavior, suing Plaintiff under the Agreement, could not reasonably be expected to recur.  *See U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, No. CV-09-09516-SJO-OPX, 2011 WL 311014 at * 5 (C.D. Cal. Jan. 7, 2011) (holding that the court lacked jurisdiction based on a defendant's multiple covenants not to sue as well as counsel's statement on the record that "we are not going to sue them on the [patent], period, ever. That's it.")

*U.S. Rubber Recycling* and *Paramount Pictures Corp. v. Replay TV* are almost directly on point. 298 F. Supp. 2d 921 (C.D. Cal. 2004).  In the latter case, a litigant filed a unilateral covenant not to sue in the context of a Federal Declaratory Judgment Act claim.  *Id.* at 926.  A group of copyright owners sued SONICblue TV and its wholly owned subsidiary, RePlay TV, on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 18-02217-SJO (FFMx)</u>          DATE: <u>March 7, 2019</u>

grounds that SONICblue had infringed on the owners' copyrights. *Id.* at 923. Subsequent to the filing of this claim, RePlayTV[3] brought a declaratory judgment action, seeking a court order holding that it could continue to use certain digital video recorders ("DVRs"). *Id.* RePlayTV argued that the DVRs were not subject to the underlying copyright action. *Id.* The copyright owners also covenanted not to sue RePlay TV with respect to these DVRs and stipulated to a dismissal of all claims against SONICblue. *Id.* However, RePlayTV tried to maintain its declaratory judgment action, seeking a court order stating the same thing as the covenant. *Id.*

The district court dismissed RePlayTV's declaratory judgment action on jurisdictional grounds, holding that RePlayTV had no "reasonable apprehension" of being sued under the contract at issue. *Id.* at 924-25. The court noted that "in the absence of viable claims against [defendants], any reasonable apprehension of facing suit based on the facts before the court [without more] were insufficient." *Id.*

As in *Paramount Pictures*, Defendants' Covenants prevent them from suing Plaintiff based on the Agreement. There is no "case or controversy" because Plaintiff has received exactly what she wanted–proof that the Agreement is not enforceable. The Court finds an "absence of viable claims against [Defendants]," and therefore, concludes that it lacks jurisdiction over Plaintiff's federal declaratory relief cause of action. *Id.* at 925.

        2.      <u>The California Declaratory Relief Claim</u>

No active case or controversy exists before the Court under California Law, either. Pursuant to California Code of Civil Procedure Section 1060, to qualify for declaratory relief, Plaintiff must establish that: (1) the instant dispute is a proper subject of declaratory relief, and (2) an actual controversy exists involving justiciable questions related to her rights and obligations. *See Wilson & Wilson v. City Council of Redwood City*, 191 Cal. App. 4th 1559, 1582 (2011). *See also* Cal. Cod of Civ. Proc. § 1060. "The actual controversy language in Code of Civil Procedure section 1060 encompasses a probable future controversy relating to the legal rights and duties of the parties." *Wilson*, 191 Cal. App. 4th at 1582 (quoting *Envtl. Defense Project of Sierra Cty. v. Cty. of Sierra*, 158 Cal. App. 4th 877, 885 (2008)). California's declaratory relief statute does not embrace controversies that are "conjectural, anticipated to occur in the future, or an attempt to obtain an advisory opinion from the court." *Id.* (quoting *Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal. App. 3d 405, 410 (1989)).

As with the federal declaratory relief claim, there is no longer an active case or controversy before this Court because of Defendants' Covenants. The instant case closely resembles *Merkley v. Merkley et al.*, in which a plaintiff brought a California declaratory relief action against her ex-

---

[3] Replay TV encompasses five owners of the RePlayTV DVR's, referenced in *Paramount* as the "*Newmark Plaintiffs.*" *Paramount*, 298 F. Supp.2d at 923.

| MINUTES FORM 11 | | :     |
|---|---|---|
| CIVIL GEN | Page 7 of 14 | Initials of Preparer _____ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  CV 18-02217-SJO (FFMx)            DATE:  March 7, 2019

husband, Alan Merkley, seeking a declaration that he owned a 1/3 interest in a piece of property. *See* 12 Cal. 2d 543, 544-46 (1939). Plaintiff sought declaratory relief to "protect her rights...in the event [] Alan Merkley should at some future time default in payments of alimony or support, whereupon by virtue of the declaratory relief, any money judgment which she would recover against Alan Merkley would become a lien upon such property to the extent of his interest therein." *Id.* at 546.

In *Merkley*, the California Supreme Court held that there was no justiciable controversy because (1) Alan Merkley had taken no action with respect to contesting his ownership of the property or his ex-wife's interest in the property, and (2) he had complied with the terms of the divorce agreement. *Id.* at 544-546. Moreover, Alan Merkley's ownership of the property itself was governed by a deed of trust stating that he would receive a 1/3 interest in the property in the future in the event that certain conditions had been met. *Id.* at 545. Accordingly, at the time of the lawsuit, Alan Merkley did not even have a present interest in the property at issue. *Id.*

In dismissing the action for lack of subject matter jurisdiction, the *Merkley* Court emphasized the following:

> The plaintiff must show that the conditions exist which will justify the court in exercising its discretion to grant the relief sought. That she has not done so is obvious...there is no more than a conjecture or supposition on her part that at some time in the future a controversy **may** arise wherein she might become interested in having adjudicated the defendant Alan Merkley's interest under those documents...the courts will not exercise the discretionary power to declare rights which do not give rise to a present controversy.
>
> *Id.* at 546-47.

Here, much like in *Merkley*, Plaintiff's belief that Defendants will sue her based on the Agreement is conjecture and supposition in light of Defendants' Covenants. Because of the Covenants, there is no chance that Defendants will sue Plaintiff based on the Agreement because Defendants expressly waive this right.

Other case law in California supports the Court's conclusion. In *Pittenger v. Home Savings & Loan Association of Los Angeles*, the California Court of Appeal held that a declaratory relief action was moot because a defendant "sold the loan [at issue] to [a third party] and thereby divested itself of all further power to continue or repeat its questioned conduct" under a contract. 166 Cal. App. 2d 32, 36-37 (Ct. App.1958). As in *Pittenger*, Defendants cannot engage in any conduct under the terms of the Agreement because they have agreed, in a binding fashion, not to sue or take any action with respect to the Agreement. "Although a controversy may not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: **CV 18-02217-SJO (FFMx)**          DATE: **March 7, 2019**

deemed moot where there is a reasonable expectation that the wrong will be repeated," this is not the case here because there is no chance that Defendants will enforce the Agreement against Plaintiff in the future. *See Pittenger*, 166 Cal. App. 2d at 37 (citing *United States v. W.T. Grant Co.*, 345 U.S. 629 (1953)). As such, any "expectation that the wrong will be repeated" is unreasonable. *Id.* Plaintiff has not shown that "conditions exist which [] justify the [C]ourt in exercising its discretion to grant the relief sought." *Merkley*, 12 Cal. 2d at 547.

The Court holds that it lacks jurisdiction over Plaintiff's California declaratory relief claim because this claim is nothing more than "conjecture or supposition...that at some time in the future a controversy may arise." *Merkley*, 12 Cal. 2d at 546-7.

    D.    Rescission

Defendant EC contends that this Court lacks jurisdiction over Plaintiff's declaratory relief causes of action not because of the Covenants Not To Sue but because the parties have rescinded the Agreement. According to EC, when Plaintiff initiated this lawsuit, the filing of the FAC acted as an offer of rescission. Defendants accepted this offer by filing their respective Covenants Not To Sue. As soon as Defendants filed their Covenants, EC argues, a rescission of the Agreement occurred, divesting this Court of jurisdiction. (*See* Tr. Of January 22, 2019 Proceedings at 6:6-7:23.) To support this argument, EC points to California Civil Code Section 1688 and 1691, which permit rescission to take place in this fashion. (Tr. Of January 22, 2019 Proceedings at 8:7-9:19.) Section 1691 provides that "[w]hen notice of rescission has not otherwise been given or an offer to restore the benefits received under the contract has not otherwise been made, the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both."

The Court is unpersuaded by EC's argument because Plaintiff never sought rescission in the first place. (*See* FAC at 17.) By contrast, in each of the cases cited by Defendant EC, a plaintiff sought rescission in a complaint, which a defendant subsequently accepted. *See Paularena v. Superior Court of San Diego Cty.*, 231 Cal. App. 2d 906, 909, 913 (Ct. App. 1965).

EC remains undeterred by this distinction, citing to *Pearson v. Brown* for the proposition that a party does not need to say the "magic words" of rescission to offer a rescission in a complaint. 27 Cal. App. 125 (Ct. App. 1915). EC's Reply Brief cites to the following language in *Pearson*:

> It is not necessary for such a party to use the word "rescind" in order to accomplish what the cases intend by the use of that term. Any appropriate words, or any definite acts, by which the vendor indicated that he would not proceed further with the fulfillment of the contract, and that he would not permit the plaintiffs to proceed further with the performance of its obligations on their part to be performed, will be taken to amount to a rescission or an abandonment of the contract so far as the vendor is concerned, and will be held to entitle the vendees

MINUTES FORM 11
CIVIL GEN          Page 9 of 14          Initials of Preparer _____
                                                                                                                            __ : __

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| CASE NO.: <u>CV 18-02217-SJO (FFMx)</u> | DATE: <u>March 7, 2019</u> |

> not in default to their choice of remedies for the breach of the contract on the vendor's part, in the exercise of which they could either stand upon their contracts and insist in a court of equity upon their specific performance, or, they could accept the defendant's attempted repudiation and abandonment of the contracts, and, treating them as thus rescinded, sue for the return of the money already paid on them.
>
> *Id*. at 131–32.

On its face, this language is incredibly compelling. However, a careful reading of the *Pearson* decision makes clear that the *Pearson* court was referring to "rescission" in the real estate context, not in the contractual context, the latter of which is the type of "rescission" at issue in the instant case. The Court cautions EC to carefully read the cases it cites in its pleadings. The full quote from the *Pearson* decision, which EC excerpted, is as follows:

> **The word "rescind," when used with reference to the refusal of a party to a contract for the sale of real estate, to further proceed with the fulfillment, is not employed in the sense in which it is used in the code sections which refer to the termination of contracts by the technical process of rescission; but it is rather employed in the sense and as the synonym of an abandonment of the contract by the party refusing to longer be bound by its terms**. It is not necessary for such a party to use the word "rescind" in order to accomplish what the cases intend by the use of that term. Any appropriate words, or any definite acts, by which the vendor indicated that he would not proceed further with the fulfillment of the contract, and that he would not permit the plaintiffs to proceed further with the performance of its obligations on their part to be performed, will be taken to amount to a rescission or an abandonment of the contract so far as the vendor is concerned, and will be held to entitle the vendees not in default to their choice of remedies for the breach of the contract on the vendor's part, in the exercise of which they could either stand upon their contracts and insist in a court of equity upon their specific performance, or, they could accept the defendant's attempted repudiation and abandonment of the contracts, and, treating them as thus rescinded, sue for the return of the money already paid on them.
>
> *Id*. at 131-32 (emphasis added).

Accordingly, the Court declines to grant a rescission that Plaintiff never asked for, even if Defendants consent to accept a rescission. The Court lacks subject matter jurisdiction over Plaintiff's declaratory relief causes of action because of the Covenants Not To Sue, not because a rescission has taken place.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| CASE NO.: **CV 18-02217-SJO (FFMx)** | DATE: **March 7, 2019** |

### E. Plaintiff's Counter-Arguments

Defendants have given Plaintiff exactly what she asked for in the FAC. Defendants agree not to enforce or attempt to enforce the Agreement against Plaintiff. Instead of accepting victory, Plaintiff makes several arguments against this Court's holding that there is no case or controversy before it. For almost all of these arguments, Plaintiff focuses on the remedy of "rescission," as Defendant EC does. (Opp'n. 13-16.) A rescission remedy, however, is irrelevant to the Court's holding here because the Court lacks jurisdiction over Plaintiff's declaratory judgment actions based on the Covenants Not To Sue. Without subject matter jurisdiction, the Court cannot provide Plaintiff a specific remedy, whether it is rescission of the Agreement or anything else.

For purposes of thoroughness, the Court addresses each of Plaintiff's counter-arguments in turn.

#### 1. The $130,000 Payment To Plaintiff Is Not Properly Before The Court.

Plaintiff argues that an active case or controversy remains before this Court because she received $130,000 from Defendant EC pursuant to the Agreement and is entitled to keep this amount. In its Covenant, Defendant EC agrees not to sue under the Agreement and consents to a "rescission" of the Agreement, which would require Plaintiff to pay $130,000 to EC to place all of the parties in the same position that they would have been in before the Agreement took place. (ECF No. 79 Ex. A at 1.)

Although EC may have a right to the $130,000, this money is irrelevant to this Court's holding. As Plaintiff correctly points out, she has not brought a cause of action for rescission. (FAC at 17; Opp'n. at 2.) Instead, Plaintiff requests declaratory relief under California law and federal law. These claims are now moot. Without a live case or controversy, the Court lacks subject matter jurisdiction and cannot order the rescission of the Agreement nor can it order the repayment of the $130,000.

#### 2. Plaintiff's Request For Attorneys' Fees Is Insufficient to Sustain This Court's Jurisdiction.

Plaintiff next contends that the Court retains jurisdiction over this dispute because she is entitled to attorneys' fees as a prevailing party under the Agreement. (Opp'n. 19-20.) This argument fails. An "'interest in attorney's fees is ... insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990)). Because Plaintiff's underlying claims for declaratory relief are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 18-02217-SJO (FFMx)          DATE: March 7, 2019

moot, a dispute over attorneys' fees is insufficient to sustain the Court's subject matter jurisdiction.[4]

### 3. Relief Sought By Plaintiff

Plaintiff's subsequent argument is that she has the right to choose her own remedy. According to Plaintiff, she is entitled to a declaratory judgment specifically stating that the Agreement is void, illegal, unconscionable, and contrary to public policy. (Opp'n. 12-13.) Even if Plaintiff desires this remedy, she has no right to force the Court to grant her the precise remedy that she seeks or to use specific language of Plaintiff's choosing in its judgment. Plaintiff's FAC primarily sought declaratory relief stating that the Agreement should be declared unenforceable against her. (FAC 8-9.) Because Plaintiff received this relief through Defendants' Covenants, there is no further controversy for the Court to address.

### 4. Defendant's Covenant Not To Sue Is Not A Settlement Offer.

Plaintiff next attacks the content of Defendants' Covenants themselves, arguing that they are not a serious concession of responsibility but rather a "settlement offer." (Opp'n. 8-10, ECF No. 89.) If this were the case, the instant dispute would not be moot because the Covenants would constitute part of settlement negotiations. (*Id.*)

To support this argument, Plaintiff cites to *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016). In *Campbell*, the defendant attempted to moot the plaintiff's claims by offering to pay all of his damages and proposing a stipulated injunction. *Id.* at 668. The United States Supreme Court held that the defendant's settlement bid and offer of judgment "once rejected, had no continuing efficacy...remained a proposal, binding neither [the defendant] nor [the plaintiff]." *Id.*

The Court holds that Defendants' Covenants are not settlement offers but rather covenants not to sue, which resemble the agreement at issue in *Paramount Pictures Corp. v. Replay TV*, analyzed above. In *Campbell*, as opposed to *Paramount Pictures* and the instant case, the settlement offer specifically asked for a response, stating, "please advise whether [plaintiff] will accept [defendant]'s offer." *Id.* at 670. Here, Defendants' Covenants did not

---

[4] Although Plaintiff may be entitled to attorneys' fees based on this Court remanding this dispute to Los Angeles Superior Court, that attorneys' fees issue is not before the Court at the present time. *See* 28 U.S.C. § 1447(c) ("An order remanding the case **may** require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added)); *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:   <u>CV 18-02217-SJO (FFMx)</u>                    DATE:   <u>March 7, 2019</u>

request an acceptance or use the word "offer" at all.  (ECF No. 79 Ex. A;  ECF No. 80 Ex. A.)  Instead, Defendants expressly stated that they will not sue to enforce the Agreement. Moreover, in *Campbell*, the defendant denied liability for allegations made in the complaint and sought to challenge the imposition of an injunction.  *Id.* at 668.   By contrast, Defendants do not deny liability nor do they challenge any of the allegations in the FAC. Rather, they covenant not to assert any rights and/or claims against Plaintiff under the Agreement, which is exactly the remedy sought by Plaintiff.  (ECF No. 79 Ex. A; ECF No. 80 Ex. A.)

Plaintiff remains undeterred by the differences between *Campbell* and the instant case. Plaintiff cites to six different cases in which a court held that a case was not moot because a litigant's offer of judgment and payment of damages, attorneys' fees, and costs did not eliminate a case or controversy.  *See Cortes v. Mako Security, Inc.*, 253 F. Supp. 3d 511, 512 (E.D.N.Y. 2017); *BCL-Equip. Leasing LLC v. Tom Spensley Trucking, Inc.*, No. 16-CV-007-JDP, 2016 WL 1064660, at *2 (W.D. Wis. 2016); *Harry & Jeanette Weinberg Found., Inc. v. St. Marks Ave.*, No. *LLC*, GLR-15-3525, 2016 WL 2865363, at *3 (D. Md. 2016); *Evey v. Creative Door & Millwork, LLC*, No. 2:15-CV-441-FTM-29MRM, 2016 WL 1321597, at *6 (M.D. Fla. 2016); *Martelack v. Toys R US*, No. 13-7098-RBK-KMW, 2016 WL 762656, at *3 (D.N.J. 2016).

The Court is unpersuaded by Plaintiff's reasoning because each of these cases involves an offer of judgment or settlement, not a covenant not to sue.  As opposed to the offers at issue in *Campbell* and its progeny, Defendants' Covenants did not offer Plaintiff money, did not request a response, nor did they request any action on behalf of Plaintiff.  Instead, Defendants contracted not to sue Plaintiff under the Agreement.  Defendants' Covenants are binding agreements that eliminate the case or controversy before the Court.

        5.     <u>It Is Not Necessary For Defendant DJT To Sign The Covenant Not To Sue.</u>

Plaintiff's last-ditch argument to keep the declaratory relief causes of action alive is that DJT never signed a Covenant Not To Sue, only his attorney did.  According to Plaintiff, the President's attorney cannot bind him to a covenant not to sue.

Plaintiff's argument is incorrect.  As a threshold matter, a question exists as to whether DJT signed the Agreement in the first instance and was therefore, a party to the Agreement. In other words, a Covenant Not To Sue from DJT may not even be  necessary because he was not a party to the Agreement.  Assuming *arguendo* that DJT was a party to the Agreement, this Court has held that an attorney's statements on the record, confirming a client's written promise not to sue, are sufficient to legally bind the client to a covenant not to sue.  *See U.S. Rubber Recycling, Inc.*, 2011 WL 311014 at * 5. Here, DJT's attorney clearly and unequivocally stated on the record that his client has covenanted not to sue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  CV 18-02217-SJO (FFMx)            DATE: March 7, 2019

Plaintiff based on the Agreement. (Tr. of Proceedings at 5: 2-12 ("THE COURT: You have received the express authority from the President to enter into the covenant that is referenced in the letter here? MR. [HARDER]: Yes, Your Honor.")) Mr. Harder's statement legally binds DJT.

General agency principles support this Court's holding that the letter from DJT's counsel legally binds DJT to the Covenant Not To Sue. DJT's attorney, as an agent for DJT, possesses the actual authority to bind him to such a covenant.  Mr. Harder's statement on the record confirms that he is an agent of the President, acting with the express authority of his principal to enter the Covenant Not To Sue. (Tr. of Proceedings at 5: 2-12.)  It is blackletter law that an agent may enter a contract within the scope of his actual express authority.  *See Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 939-40 (9th Cir. 2017).

III.    RULING

The Court **GRANTS** Defendants' Motions and holds that it lacks subject matter jurisdiction over the only remaining cause of action in Plaintiff's First Amended Complaint, the cause of action for declaratory relief.  The Court therefore **REMANDS** this case to Los Angeles Superior Court.[5]

IT IS SO ORDERED.

---

[5]  In this context, "remand" means that this Court divests itself of jurisdiction and returns this case to the Los Angeles Superior Court, where Plaintiff first filed the lawsuit. (*See* ECF No. 1.) This does not mean that the litigation continues in state court.  The procedural step of "remand" is necessary because Defendants removed this case to this Court from the Los Angeles Superior Court.    *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).